Nathan J. Arnold, WSBA No. 45356
R. Bruce Johnston, WSBA No. 4646
Arnold & Jacobowitz PLLC
2701 First Avenue, Suite 200
Seattle, WA 98121
(206) 799-4221, Fax (206) 866-3234
nathan@CAJlawyers.com

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Firefighters MICHAEL BACON, ANDREA KERNKAMP, JOE HOWARTH, BRENNAN COOKE, TIM WHEELER, TOM HARVEY, JOEL BROSE, TANNER TOWNSEND, CURTIS SMITH, ISAIAH DEAN, NICHOLAS HOLMES, MATTHEW NORTON, JHAR FULLER, STEVEN HOWIE, JEFFREY BAXTER, ARIC PISA, DUANE WILCOX, DAVID HEIZER, JAMES BILLMAN, MARLIN THORMAN, JASON WEBSTER, TIMOTHY ARCHER, COREY BARKER, SCOTT MCCANN, and CONNOR FOXWORTH<br>Plaintiffs,<br><br>v.<br><br>NADINE WOODWARD, the Mayor of the City of Spokane, Fire Chief BRIAN SCHAEFFER, and the CITY OF SPOKANE.<br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**JURY DEMANDED** |

COMPLAINT - 1

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

## INTRODUCTION

1. Without legal authority, without Due Process, and contrary to protections provided by the United State Constitution and Federal law, the Mayor of the City of Spokane and the City's Fire Chief intend to terminate over twenty Spokane City Firefighters, violating their Civil Rights while simultaneously depriving the city of critical emergency services. The Firefighters come to this Court seeking emergency relief from the Mayor and Fire Chief's pending, arbitrary, deadline.

2. The City, the Mayor, and the Fire Chief are on notice from the so-called *Loudermill* process of the issues in this suit, they have further been put on notice orally and in writing that the Plaintiffs intend to seek a TRO.

3. The City, the Mayor, and the Fire Chief are further on notice that the City will have insufficient fire services on October 19, 2021, absent a change in position.

## VENUE AND JURISDICTION

4. This Court has jurisdiction pursuant to 28 USC §§ 1331 & 1343.

5. Venue is proper in this Court where the Defendants reside in and purport to act in their official capacities within this District, and the City of Spokane is located in the Eastern District, pursuant to 28 USC § 1391.

COMPLAINT - 2

ARNOLD & JACOBOWITZ PLLC
2701 First Avenue, Suite 200
Seattle, WA 98121
113 East Woodin Avenue, Suite 200
Chelan, WA 98816 (this address does not accept service of process)

## PARTIES

6. Defendant Nadine Woodward (the "Mayor") is the Mayor Spokane.

7. Defendant Brian Schaeffer (the "Fire Chief") is the Fire Chief for the City of Spokane.

8. Defendant The City of Spokane (the "City") is a political entity situated in the Eastern District of Washington.

9. Plaintiff Michael Bacon is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation.

10. Plaintiff Andrea Kernkamp is a city firefighter, she has submitted a medical exemption, accepted by the city, but has been provided no accommodation.

11. Plaintiff Joe Howarth is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation, he possesses natural immunity to COVID-19.

12. Plaintiff Brennan Cooke is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation.

13. Plaintiff Tim Wheeler is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation.

14. Plaintiff Tom Harvey is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation.

COMPLAINT - 3

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

15. Plaintiff Joel Brose is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation.

16. Plaintiff Tanner Townsend is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation.

17. Plaintiff Curtis Smith is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation, he possesses natural immunity to COVID-19.

18. Plaintiff Isaiah Dean is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation, he possesses natural immunity to COVID-19.

19. Plaintiff Nicholas Holmes is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation, he possesses natural immunity to COVID-19.

20. Plaintiff Matthew Norton is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation, he possesses natural immunity to COVID-19.

21. Plaintiff Jhar Fuller is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation.

22. Plaintiff Steven Howie is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation.

COMPLAINT - 4

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

23. Plaintiff Jeffrey Baxter is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation.

24. Plaintiff Aric Pisa is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation.

25. Plaintiff Duane Wilcox is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation, he possesses natural immunity to COVID-19.

26. Plaintiff David Heizer is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation, he possesses natural immunity to COVID-19.

27. Plaintiff James Billman is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation

28. Plaintiff Marlin Thorman is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation.

29. Plaintiff Jason Webster is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation, he possesses natural immunity to COVID-19.

30. Plaintiff Timothy Archer is city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation.

31. Plaintiff Corey Baker is a city firefighter who took the first shot, had a

COMPLAINT - 5

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

severe adverse reaction and has been advised by his doctor to not take the second shot, he has been provided no accommodation.

32. Plaintiff Scott McCann is a city firefighter, he has sought an accommodation due to serious hereditary medical issues, which has not been provided.

33. Plaintiff Connor Foxworth is a city firefighter, he has submitted a religious exemption, accepted by the city, but has been provided no accommodation.

## FACTS

34. The Mayor, the Fire Chief, and the City of Spokane refuse to provide religious or medical accommodations for the city's firefighters, despite accepting their exemptions, to the arbitrary demand that they become vaccinated by October 18, 2021.

35. While accepting every single exemption as sincere, they have not accommodated a single religiously objecting Firefighter.

36. Other surrounding Fire Departments are accommodating their firefighters' religious and medical exemptions to the same vaccination requirement.

37. The City of Spokane has a mutual assistance agreement with those surrounding Fire Departments.

COMPLAINT - 6

38. Those Fire Departments, which are accommodating their objecting Firefighters and other staff, enter the City of Spokane on a daily basis to provide emergency services.

39. Other large Fire Departments, such as the City of Tacoma, have provided accommodations for similarly situated Firefighters.

40. American Medical Response ("AMR") is a private medical transportation service which provides emergency transport services within Spokane, including in conjunction with the Spokane Fire Department.

41. AMR has no strict requirement that all ambulance operators be vaccinated.

42. AMR responds to tens of thousands of calls per year in the City of Spokane.

43. The Mayor, the Fire Chief, and the City's decision is arbitrary and capricious where other Emergency Medical Services ("EMS") providers in Spokane are not subject to the same requirements.

44. The Mayor, the Fire Chief, and the City's decision is arbitrary and capricious where it fails to account for natural immunity.

45. The Mayor, the Fire Chief, and the City's decision is arbitrary and capricious where it will unnecessarily endanger the lives of the citizens of the City of Spokane by unnecessarily reducing the City's ability to provide

COMPLAINT - 7

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

emergency medical services.

46. The Mayor, Fire Chief, and City's actions are further demonstrated to be arbitrary, capricious, and intended to be discriminatory against protected classes, where Battalion Chief Bacon works in a solo-office and does not provide emergency medical services.

47. Not a single Battalion Chief has had to take time off due to a COVID-19 infection; they simply do not have exposure to patients or the public.

48. Two Battalion Chiefs have had to take time off due to *adverse reactions* to the COVID-19 vaccines.

49. All Plaintiffs, like all City Firefighters, are protected by RCW 41.08.

50. Pursuant to RCW 41.08.050, City Firefighters can only be terminated for specific cause articulated under the law.

51. The Mayor, the Fire Chief, and the City have failed to state which section of RCW 41.08.050 the Plaintiffs have allegedly violated.

52. The Plaintiffs have not violated any subsection thereof.

53. The Plaintiffs have offered to pay for their own PPE and testing.

54. In addition to risking the City of Spokane's safety, wrongful termination of these Firefighters exposes the city to fifty-million dollars ($50,000,000.00) in liability for lost wages and pensions, in addition to other damages, including loss of benefits, as more thoroughly detailed

COMPLAINT - 8

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

below.

## FIRST CAUSE OF ACTION

Due Process

55. Plaintiffs reallege the above facts as if fully set forth herein.

56. The Plaintiffs are each protected by RCW 41.08.090.

57. The requirements of RCW 41.08.090 have not been complied with.

58. The *Loudermill* process was a sham; the Fire Chief and the City refused to provide reasonable accommodations, including for trained dispatchers in non-public facing roles.

59. At the so-called *Loudermill* hearings, the City and Fire Chief further refused to even articulate why individuals are being terminated.

60. Without being told why they are being terminated it is impossible for employees to provide meaningful responses to how they could be accommodated.

61. As indicated above, some of the Plaintiffs have had COVID-19 and possess natural immunity, such natural immunity should be considered – those Plaintiffs could be accommodated by the City doing <u>nothing</u> and still achieve their purported compelling purpose.

COMPLAINT - 9

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

## SECOND CAUSE OF ACTION

Free Exercise of Religion

62. Plaintiffs reallege the above facts as if fully set forth herein.

63. The Plaintiffs with sincere religious beliefs, which prohibit their taking the vaccination, have had those belief accepted as sincere by the City.

64. The Mayor, the Fire Chief, and the City's decision is effectively religious gerrymandering by refusing to accommodate any religious objector.

65. The Mayor, the Fire Chief, and the City could accomplish its same compelling purpose by merely doing what all surrounding fire departments are doing – testing and masking for COVID-19.

66. The City of Spokane Fire Department could also take temperatures and continue to social distance; Battalion Chiefs need not <u>additionally</u> socially distance, they already are.

67. As indicated above, some of the Plaintiffs have had COVID-19 and possess natural immunity, such natural immunity should be considered – those Plaintiffs could be accommodated by the City doing <u>nothing</u> and still achieve their purported compelling purpose.

## THIRD CAUSE OF ACTION

Equal Protection

68. Plaintiffs reallege the above facts as if fully set forth herein.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

69. The equal protection clause of the Fourteenth Amendment to the U.S. Constitution requires the government to treat an individual in the same manner as others in similar conditions and circumstances.

70. The Fourteenth Amendment further recognizes and guarantees fundamental rights and liberty interests of personal autonomy and bodily integrity.

71. Fire District 9, Spokane Valley Fire, and private ambulance services, all operating within the City of Spokane pursuant to private contract and/or mutual assistance agreements, are allowing extensive accommodations.

72. The Mayor, the Fire Chief, and the City's is allowing other firefighters, and other EMS workers, in and out of the City of Spokane, to work unvaccinated; but these Plaintiffs are nonetheless not being accommodated.

73. As indicated above, some of the Plaintiffs have had COVID-19 and possess natural immunity, such natural immunity should be considered – those Plaintiffs could be accommodated by the City doing <u>nothing</u> and still achieve their purported compelling purpose.

74. The Plaintiffs are entitled to equal protection under the law; they are not receiving it.

COMPLAINT - 11

# FOURTH CAUSE OF ACTION

Violation of the Americans with Disabilities Act

75. Plaintiffs reallege the above facts as if fully set forth herein.

76. Plaintiff Andrea Kernkamp has thirty-two years of service with the City.

77. Mrs. Kernkamp is a trained dispatcher.

78. She has offered to work in dispatch to avoid being forward facing; this offer has been denied by the City.

79. Mrs. Kernkamp's disability, an aneurysm and heart condition, make it medically unreasonable, and possibility fatal, for her to take the vaccine.

80. Mrs. Kernkamp's medical history constitutes a disability under the Americans with Disabilities Act ("ADA").

81. Mrs. Kernkamp is being terminated despite her known disability which could be accommodated without undue hardship if she were merely reassigned to dispatch.

82. Mrs. Kernkamp is entitled to reasonable accommodation under the ADA.

83. Plaintiff Sean McCann is eligible to serve as a dispatcher.

84. Mr. McCann has offered to work in dispatch to avoid being forward facing; this offer has been denied by the City.

85. Mr. McCann's disability, a rare bleeding disorder, makes it medically unreasonable, and possibility fatal, for him to take the vaccine.

COMPLAINT - 12

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

86. Mr. McCann's medical history constitutes a disability under the ADA.

87. Mr. McCann is being terminated despite his known disability which could be accommodated without undue hardship if he were merely reassigned to dispatch.

88. Mr. McCann is entitled to reasonable accommodation under the ADA.

89. Plaintiff Corey Barker has had an adverse reaction to the first dose of the vaccine.

90. Mr. Barker's doctor has advised him against the second dose.

91. Mr. Barker is entitled to an accommodation under the ADA.

## FIFTH CAUSE OF ACTION

Due Process

92. Plaintiffs reallege the above facts as if fully set forth herein.

93. The City of Spokane exclusively relies upon Governor Jay Inslee's August 9, 2021 Proclamation by the Governor Amending Proclamation 20-05, et seq. 21-14 – COVID-19 Vaccination Requirement ("Governor's Mandate") and August 20, 2021 Amended Proclamation by the Governor Amending Proclamations 20-05 And 20-14 21-14.1 Covid-19 Vaccination Requirement ("Mandate Amendment") requiring state workers to be fully vaccinated against COVID-19 by October 18, 2021.

94. As a necessary result of the Mayor and the Fire Chief hiding behind the

COMPLAINT - 13

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Governor's Mandate and Mandate Amendment, the Plaintiffs can never have Due Process of law.

### SIXTH CAUSE OF ACTION

Wrongful Termination

95. Plaintiffs reallege the above facts as if fully set forth herein.

96. Absent declaratory and injunctive relief, the Plaintiffs will be wrongfully terminated and shall seek damages in this Court, after a brief stay to carry out the statutory torts claims process.

### SEVENTH CAUSE OF ACTION

Breach of Contract

97. Plaintiffs reallege the above facts as if fully set forth herein.

98. There exists a binding contractual relationship between each Plaintiff and the City.

99. Each Plaintiff has an independent property right in their pension.

100. The City has made it clear they intend to breach each of Plaintiffs' contract with the City.

101. The City's actions also violate the Contracts Clause of the Constitution of the United States of America.

COMPLAINT - 14

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

## EIGHTH CAUSE OF ACTION

Intentional or Negligent Infliction of Emotional Distress

102. Plaintiffs re-allege all allegations of this Complaint as if fully set forth herein.

103. Defendants engaged in extreme and outrageous conduct toward Plaintiffs.

104. The complained of conduct was intentional and/or reckless.

105. The complained of conduct actually resulted in severe emotional distress to Plaintiffs.

106. Plaintiffs have been damaged in an amount to be determined at trial, after a stay and the statutory tort claims process.

## NINTH CAUSE OF ACTION

Infringement of Privacy Rights

107. Plaintiffs re-allege all allegations of this Complaint as if fully set forth herein.

108. Plaintiffs have a privacy right in their religious practice.

109. Plaintiffs have a privacy right in their bodily integrity.

110. Both rights have been violated in the way that Plaintiffs' sincere religious beliefs and medical concerns have been challenged and disparaged by the Mayor, the Fire Chief, and the City.

COMPLAINT - 15

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

## RELIEF REQUESTED

A. A Declaration that the Defendant Mayor, Fire Chief, and City's actions are unlawful.

B. A Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction restraining Defendants from taking adverse employment action against the Plaintiff Firefighters for not being vaccinated.

C. Attorney fees as authorized by statute.

D. Punitive damages authorized under statute for the City's callous disregard and/or reckless actions.

E. A stay after the entry of an injunction for the Plaintiffs to engage in the Washington State torts claims process and money damages, if necessary, after the tort claims process, to be determined by a jury of twelve.

**ARNOLD & JACOBOWITZ PLLC**

/s/ Nathan J. Arnold
Nathan J. Arnold, WSBA No. 45356
R. Bruce Johnston, WSBA No. 4646
2701 First Ave., Ste. 200
Seattle, WA 98121
(206) 799-4221
Nathan@CAJLawyers.com
*Counsel for Plaintiffs*

COMPLAINT - 16