UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Firefighters MICHAEL BACON, ANDREA KERNKAMP, JOE HOWARTH, BRENNAN COOKE, TIM WHEELER, TOM HARVEY, JOEL BROSE, TANNER TOWNSEND, CURTIS SMITH, ISAIAH DEAN, NICHOLAS HOLMES, MATTHEW NORTON, JHAR FULLER, STEVEN HOWIE, JEFFREY BAXTER, ARIC PISA, DUANE WILCOX, DAVID HEIZER, JAMES BILLMAN, MARLIN THORMAN, JASON WEBSTER, TIMOTHY ARCHER, COREY BARKER, SCOTT MCCANN, and CONNOR FOXWORTH,<br>                      Plaintiffs,<br><br>   v.<br><br>NADINE WOODWARD, the Mayor of the City of Spokane, Fire Chief BRIAN SCHAEFFER, and the CITY OF SPOKANE,<br><br>                      Defendants. | NO. 2:21-CV-0296-TOR<br><br>ORDER GRANTING GOVERNOR JAY INSLEE AND ATTORNEY GENERAL ROBERT W. FERGUSON'S MOTION TO INTERVENE |

ORDER GRANTING GOVERNOR JAY INSLEE AND ATTORNEY GENERAL ROBERT W. FERGUSON'S MOTION TO INTERVENE ~ 1

1   BEFORE THE COURT is Intervenor-Defendant Governor Jay Inslee and
2   Attorney General Robert W. Ferguson's Motion to Intervene (ECF No. 28).  This
3   matter was submitted for consideration without oral argument.  The Court has
4   reviewed the record and files herein and is fully informed.  Finding no reason to
5   delay, the Court hereby **GRANTS** Intervenor-Defendants' Motion.

6   Motions to intervene are governed by Federal Rule of Civil Procedure 24.
7   Rule 24(a) governs intervention as a matter of right.  It provides, in relevant part,
8   that "[o]n timely motion, the court must permit anyone to intervene who . . . claims
9   an interest relating to the property or transaction that is the subject of the action,
10  and is so situated that disposing of the action may as a practical matter impair or
11  impede the movant's ability to protect its interest, unless existing parties
12  adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  Rule 24(b), by
13  contrast, governs permissive intervention.  It provides, in relevant part, that "[o]n
14  timely motion, the court may permit anyone to intervene who . . . is given a
15  conditional right to intervene by a federal statute[.]"  Fed. R. Civ. P. 24(b)(1)(A).
16  It also provides, in relevant part, that "[o]n timely motion, the court may permit a .
17  . . state governmental officer or agency to intervene if a party's claim or defense is
18  based on . . . any regulation, order, requirement, or agreement issued or made
19  under the statute or executive order."  Fed. R. Civ. P. 24(b)(2).  In deciding
20  whether to allow a party to intervene under Rule 24(b), a court "must consider

whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Court finds that the Intervenors' motion is timely. The Plaintiffs' Complaint was filed on October 14, 2021, and the instant motion was filed the next day. The Court also finds that neither Plaintiffs nor Defendants will be prejudiced if the motion is granted.

At issue in this lawsuit is Governor Inslee's Proclamation 21-14. He has a vested interest in defending his Proclamation. Additionally, federal law grants to state Attorneys General the right to receive notice of any challenge to the constitutionality of state law and the right to intervene to defend the state law from challenge. 28 U.S.C. § 2403(b). Thus, Attorney General Ferguson has a statutory right to intervene.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Governor Jay Inslee and Attorney General Robert W. Ferguson's Motion to Intervene, ECF No. 28, is **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED October 18, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING GOVERNOR JAY INSLEE AND ATTORNEY GENERAL ROBERT W. FERGUSON'S MOTION TO INTERVENE ~ 3