1 ROBERT W. FERGUSON
  *Attorney General*
2
  ANDREW R.W. HUGHES, WSBA #49515
3 SPENCER W. COATES, WSBA #49683
  BRIAN H. ROWE, WSBA #56817
4 *Assistant Attorneys General*
  800 Fifth Avenue, Suite 2000
5 Seattle, WA 98104-3188
  (206) 464-7744
6
  ZACHARY PEKELIS JONES, WSBA #44557
7 Special Assistant Attorney General
  PACIFICA LAW GROUP LLP
8 1191 2nd Ave. Suite 2000
  Seattle, WA 98101
9 (206) 245-1700

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE**

| | |
|---|---|
| MICHAEL BACON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NADINE WOODWARD, et al., <br><br> Defendants, <br><br> JAY INSLEE, et al., <br><br> Intervenor-Defendants. | NO. 2:21-cv-00296-TOR <br><br> INTERVENOR–DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, A PRELIMINARY AND/OR FINAL INJUNCTION PURSUANT TO CR 65(a)(2) <br><br> 11/4/2021 <br> With Oral Argument: 2:00 PM <br> 1-888-273-3658 |

INTERVENOR–DEFS.' OPP'N TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................1

II. FACTUAL BACKGROUND .................................................................1

    A. Plaintiffs' Lawsuit and Motion ........................................................2

    B. Other Challenges to the Proclamation ............................................2

III. ARGUMENT ...........................................................................................4

    A. Temporary Restraining Order and Preliminary Injunction Standard ............................................................................................4

    B. Plaintiffs' Legal Claims Lack Merit ................................................4

        1. The Proclamation is a valid exercise of the Governor's emergency powers ....................................................................5

        2. The Proclamation respects workers' privacy rights and does not batter anyone ................................................................9

    C. Plaintiffs Have Failed to Establish a Likelihood of Irreparable Harm .............................................................................................12

    D. The Equities and Public Interest Weigh Against Injunctive Relief .............................................................................................13

IV. CONCLUSION .....................................................................................13

INTERVENOR–DEFS.' OPP. TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

i

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## I. INTRODUCTION

Plaintiffs' *Motion for Declaratory Relief, Temporary Restraining Order, a Preliminary and/or Final Injunction Pursuant to CR 65(a)(2)* [sic] (Motion) is brought by City of Spokane firefighters who object to local government officials' implementation of Governor Inslee's Proclamation 21-14, which prohibits health care workers (among others) from working after October 18 if not "fully vaccinated against COVID-19." In this opposition brief, Intervenor–Defendants Governor Inslee and Attorney General Ferguson address issues related to the Proclamation's validity and the Governor's authority to issue it.

The Court is already familiar with these issues. In *Wise v. Inslee*, No. 2:21-CV-00288-TOR, this Court denied a preliminary injunction and a temporary restraining order sought by plaintiffs who challenged the Proclamation under many of the same statutory and constitutional theories raised in the instant Motion. For the same reasons this Court denied a preliminary injunction and a TRO in *Wise*, it should deny the relief sought here.

## II. FACTUAL BACKGROUND

The Intervenor–Defendants assume the Court's familiarity with the factual background of the COVID-19 pandemic and the Governor's Proclamation. Rather than burden the Court with duplicative briefing, the Intervenor–Defendants incorporate by reference the Factual Background from the State Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order/Preliminary Injunction in *Wise*, No. 2:21-CV-00288-TOR (ECF No. 38),

INTERVENOR–DEFS.' OPP'N TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

and supplement with additional facts necessary to respond to Plaintiffs' Motion.

A.  **Plaintiffs' Lawsuit and Motion**

Plaintiffs are 25 Spokane firefighters who object to being vaccinated against COVID-19. Spokane firefighters, who are required to be licensed emergency medical technicians (EMTs) or paramedics,[1] are covered health care workers as defined by the Proclamation. Plaintiffs filed their lawsuit on October 14, 2021—more than two months after the Proclamation was issued, and ten days *after* all covered workers must have received their final dose to be fully vaccinated by the October 18 deadline. *See* ECF No. 1. By the time their Motion seeking emergency relief is heard, the October 18 deadline will have long passed.

B.  **Other Challenges to the Proclamation**

There are several pending cases challenging the Proclamation, including, most notably, the related case of *Wise*, currently pending before this Court. In *Wise*, two members of the Spokane Fire Department, as well as multiple State agency employee plaintiffs, challenge the Proclamation on essentially the same grounds as Plaintiffs here. The Court denied the *Wise* plaintiffs' motion for a TRO and preliminary injunction in an oral ruling on October 22, and followed with a detailed written order, finding the plaintiffs had failed to meet the requirements for emergency or preliminary injunctive relief. *Wise*, No. 2:21-CV-0288-TOR, 2021 WL 4951571 (E.D. Wash. Oct. 25, 2021).

---

[1] Decl. of Brian Shaeffer, *Wise*, ECF No. 48, ¶ 3.

INTERVENOR–DEFS.' OPP'N TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1     That same conclusion has been reached by the other state and federal courts in Washington who have considered emergency motions to enjoin the Proclamation. In *Cleary v. Inslee*, No. 21-2-01674-34 (Thurston Cnty. Super. Ct.), a state trial court denied the plaintiffs' motion for injunction or writ of prohibition on October 18, 2021, finding no likelihood of success on the merits and no demonstration of irreparable harm.[2] Judge Rothstein reached the same conclusion in *Pilz v. Inslee*, No. 3:21-cv-05735-BJR (W.D. Wash.), which challenges the Proclamation on largely the same theories as Plaintiffs here.[3] In an October 15, 2021 hearing, Judge Rothstein denied the plaintiffs' request for a TRO, concluding that the plaintiffs were unlikely to succeed on the merits of their claims, did not establish irreparable harm, and did not show that the balance of equities and public interest supported the TRO.[4] *Johnson v. Inslee*, No. 21-2-01827-34 (Thurston Cnty. Super. Ct.), also challenges the Proclamation on state and federal constitutional grounds. That case has a pending motion for preliminary injunction, but no hearing date is currently set.[5] Plaintiffs in *Cleary*, *Pilz*, *Johnson*, and this case are all represented by the same counsel.

---

[2] The *Cleary* Amended Complaint and Order Denying Plaintiffs' Motion for Injunction or Writ of Prohibition were filed in *Wise*, ECF Nos. 45-5, 45-6.

[3] *See Wise*, ECF No. 45-9.

[4] *Id.*, ECF No. 45-10.

[5] *Id.*, ECF No. 45-7, 45-8.

INTERVENOR–DEFS.' OPP'N TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## III. ARGUMENT

### A. Temporary Restraining Order and Preliminary Injunction Standard

A temporary restraining order or preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *see also* Fed. R. Civ. P. 65; *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A party seeking either form of relief must establish: "[1] that [they are] likely to succeed on the merits, [2] that [they are] likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [their] favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

### B. Plaintiffs' Legal Claims Lack Merit

Plaintiffs challenge the City of Spokane's implementation of the Governor's Proclamation under a grab bag of statutory and constitutional theories that have been routinely rejected by courts around the country and in Washington. Indeed, most of their theories were already squarely rejected by this Court in *Wise*, including their free exercise, procedural due process, ADA, and Contract Clause claims. For the reasons explained in the *Wise* order, Plaintiffs have failed to show a likelihood of success on any of these claims.[6] Nor do Plaintiffs' other

---

[6] The Court's reasoning in *Wise* also disposes of Plaintiffs' perfunctory Title VII claim. Even assuming Plaintiffs could show a disparate impact on

INTERVENOR–DEFS.' OPP'N TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

claims—substantive due process and "Privacy, Bodily Autonomy, and Battery"—meet the threshold for the extraordinary relief of a temporary restraining order or preliminary injunction.

### 1. The Proclamation is a valid exercise of the Governor's emergency powers

Plaintiffs suggest the Spokane Defendants are somehow improperly "hid[ing] behind" the Governor's Proclamation, and assert that Spokane Defendants' reliance on the Proclamation means "the Plaintiffs can never receive Due Process of law." Mot. at 13 (emphasis removed). It is not at all clear what Plaintiffs mean by this, nor do they cite *any* authority for the proposition that implementation by a city of a gubernatorial proclamation with statewide effect is itself a due process violation.

To the extent Plaintiffs are suggesting that the Proclamation, itself, is

---

religious firefighters, this Court's conclusion that the Proclamation satisfies even strict scrutiny under the Free Exercise Clause necessarily means the Proclamation is supported by "a legitimate nondiscriminatory reason" that Plaintiffs cannot establish "was a pretext." *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 656 (9th Cir. 2006). Further, just as the *Wise* Plaintiffs' failure to exhaust administrative remedies was fatal to their ADA claims, so too is Plaintiffs' failure here fatal to both their ADA claim and their Title VII claim. *Norris v. Foxx*, No. C13-5928 BHS, 2014 WL 935304, at *3 (W.D. Wash. Mar. 10, 2014); *Wise*, 2021 WL 49515, at *4.

INTERVENOR–DEFS.' OPP'N TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

invalid, and that the Spokane Defendants' implementation thereof violates due process, this argument fails for two reasons.

*First*, the Supreme Court and the Ninth Circuit have squarely rejected the proposition that a gubernatorial executive order would violate the Fourteenth Amendment's Due Process Clause if inconsistent with *state* law. *See, e.g.*, *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 584 F.3d 1232, 1236–37 (9th Cir. 2009) (rejecting plaintiff's claim that its "due process rights were violated *solely* by virtue of the City's acting under an ordinance that is invalid under state law" and noting that "[i]t is a tenet of our federal system that state constitutions are 'not taken up into the 14th Amendment' such that federal courts may strike down a statute as invalid under state law") (quoting *Pullman Co. v. Knott*, 235 U.S. 23, 25 (1914)).

*Second*, the Proclamation is well within the Governor's legislatively-granted emergency powers under state law. The Governor is authorized to "proclaim a state of emergency" if he "find[s] that a public disorder" or "disaster . . . exists within this state . . . which affects life, health, property, or the public peace[.]" Wash. Rev. Code § 43.06.010(12). The Governor did so with respect to COVID-19—an action plainly justified under the statute. *See Slidewaters LLC v. Wash. Dep't of Lab. & Indus.*, 4 F.4th 747, 755 (9th Cir. 2021).

Once he declared an emergency, the Governor had access to an array of "broad" powers, *Colvin v. Inslee*, 467 P.3d 953, 962 (Wash. 2020), including the authority to "prohibit[] . . . [s]uch . . . activities as he . . . reasonably believes

INTERVENOR–DEFS.' OPP'N TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1 should be prohibited to help preserve and maintain life, health, property or the
2 public peace." Wash. Rev. Code § 43.06.220(1)(h). That is precisely what the
3 Proclamation does, prohibiting unvaccinated individuals from engaging in
4 certain types of work. Accordingly, two courts have already concluded the
5 Proclamation was within the Governor's prohibitory powers under Wash. Rev.
6 Code § 43.06.220(1)(h). *See Cleary v. Inslee*, No. 21-2-01674-34 (Thurston
7 Cnty. Super. Ct. Oct. 18, 2021); *Pilz v. Inslee*, No. 3:21-cv-05735-BJR (W.D.
8 Wash. Oct. 15, 2021); *supra* nn.2, 4.

It would be equally untenable for Plaintiffs to claim that the Governor's Proclamation violated their substantive due process rights—an argument the Motion does not articulate. Under a long and unbroken line of cases, public health measures like the Proclamation satisfy substantive due process. *E.g.*, *Zucht v. King*, 260 U.S. 174, 176 (1922) (holding that it is "settled that it is within the police power of a state to provide for compulsory vaccination"); *Jacobson v. Massachusetts*, 197 U.S. 11, 21 (1905) (rejecting due process challenge to requirement that all persons be vaccinated); *Slidewaters*, 4 F.4th at 759 (rejecting substantive due process challenge to Governor's COVID-19 business closure orders); *Klaassen v. Trs. of Indiana Univ.*, 7 F.4th 592, 593 (7th Cir. 2021) (rejecting substantive due process claim because "vaccination requirements, like other public-health measures, have been common in this nation"); *accord Kheriaty v. Regents of the Univ. of Cal.*, No. SACV 21-01367 JVS (KESx), 2021 WL 4714664, at *9 (C.D. Cal. Sept. 29, 2021); *Maniscalco v. New York*

INTERVENOR–DEFS.' OPP'N TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

*City Dep't of Educ.*, No. 21-cv-5055 (BMC), 2021 WL 4344267, at *3 (E.D.N.Y. Sept. 23, 2021); *Harris v. Univ. of Mass., Lowell*, No. 21-cv-11244-DJC, 2021 WL 3848012, at *6 (D. Mass. Aug. 27, 2021). Claims like this are reviewed under the rational basis standard—a test the Proclamation easily meets. *See Wise*, 2021 WL 4951571, at *3; *contra* Mot. at 11–12 (discussing the "least restrictive means," a strict scrutiny concept that is not relevant to rational basis review).

Finally, Plaintiffs' fleeting suggestion that the Emergency Management Act and the Pandemic Influenza Preparedness Act somehow constrain the Governor's emergency powers to "local" emergencies likewise fails because these statutes do nothing to limit the Governor's broad emergency powers under Chapter 43.06 of the Revised Code of Washington for responding to a pandemic. Mot. at 13. As this Court concluded in *Slidewaters*, "[b]ecause the governor may lawfully proclaim a public emergency related to disease outbreak, authority to enforce public health rules related to a pandemic is not vested 'exclusively' in local health officers." *Slidewaters LLC v. Wash. Dep't of Labor and Indus.*, No. 2:20-CV-0210-TOR, 2020 WL 3130295, at *3 (E.D. Wash. June 12, 2020) (rejecting argument that the Pandemic Influenza Preparedness Act permits only local health officers to issue COVID-19 directives). Additionally, as is evident from its title, the Pandemic Influenza Preparedness Act section cited applies to *preparing* for an *influenza* pandemic, not responding to an active coronavirus pandemic.

INTERVENOR–DEFS.' OPP'N TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## 2. The Proclamation respects workers' privacy rights and does not batter anyone

Plaintiffs' brief argument that the Proclamation violates their "right to body autonomy" appears to be based on an asserted right "to refuse treatment." Mot. at 19. "Plaintiffs' argument was foreclosed more than a century ago by *Jacobson v. Massachusetts* ... in which the Supreme Court sustained a criminal conviction for refusing to be vaccinated." *Williams v. Brown*, 6:21-CV-01332-AA, 2021 WL 4894264, at *7 (D. Or. Oct. 19, 2021). Following *Jacobson*, "courts across the country have concluded … that there is no fundamental right to refuse vaccination" based on claims of bodily autonomy or privacy. *Id.* at *8 (collecting cases).

Moreover, the Proclamation does not compel *anyone* to be vaccinated without their consent or knowledge of the material risks; it merely makes vaccination a condition of employment in certain fields. This does not implicate any federal privacy right to refuse treatment. *See, e.g.*, *Bridges v. Houston Methodist Hosp.*, No. H-21-1774, 2021 WL 2399994, at *2 (S.D. Tex. June 12, 2021) (rejecting plaintiff's argument that she was being "coerced" by "being forced to be injected with a vaccine or be fired"; she "can freely choose to accept or refuse a COVID-19 vaccine; however, if she refuses, she will simply need to work somewhere else"); *Beckerich v. St. Elizabeth Med. Ctr.*, No. 21-105-DLB-EBA, --- F.Supp.3d ---, 2021 WL 4398027, at *7 (E.D. Ky. Sept. 24, 2021) (rejecting the plaintiffs' "right to bodily integrity" argument because "no Plaintiff

INTERVENOR–DEFS.' OPP'N TO PLS.' MOT. FOR DECLARATORY AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

in th[e] case is being forcibly vaccinated"; "Here, no Plaintiff is being imprisoned and vaccinated against his or her will. . . . Rather, these Plaintiffs are choosing whether to comply with a condition of employment, or to deal with the potential consequences of that choice."); *Klaassen*, 7 F.4th at 593 ("Vaccination is . . . a condition of attending Indiana University. People who do not want to be vaccinated may go elsewhere."); *Norris v. Stanley*, No. 1:21-cv-756, 2021 WL 3891615, at *1 (W.D. Mich. Aug. 31, 2021) (rejecting student's privacy challenge to university vaccination policy under "directly contradictory Supreme Court precedent") (citing *Jacobson*, 197 U.S. at 38). Covered workers have meaningful choices: become vaccinated, seek an accommodation, or obtain other employment during the pandemic. No one is being "battered" or vaccinated against their will, and Plaintiffs have not adduced evidence to the contrary.

To the extent Plaintiffs' argument is based on "common law," Mot. at 19, it is undeveloped and defies a clear line of Washington cases upholding public health measures requiring individuals to submit to medical testing and vaccination. *See, e.g.*, *State ex rel. McFadden v. Shorrock*, 104 P. 214 (Wash. 1909) (upholding vaccination as condition precedent to attending schools); *State ex rel. Holcomb v. Armstrong*, 239 P.2d 545 (Wash. 1952) (chest x-ray as condition of attending university); *see also State ex rel. McBride v. Super. Ct. for King Cnty.*, 174 P. 973 (Wash. 1918) (approving examination and months-long quarantine of person with infectious disease); *In re Juveniles A, B, C, D, E*, 847 P.2d 455 (Wash. 1993) (upholding HIV testing requirement against privacy

INTERVENOR–DEFS.' OPP'N TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1 claims). Those requirements were upheld in far lesser emergencies than the present one. The x-ray screen in *Holcomb* addressed a sufficiently "present, grave and immediate" danger based on between 9 and 23 cases of tuberculosis per year at the university. *Holcomb*, 239 P.2d at 548. By contrast, over the past 16 months, there have been over 680,000 confirmed cases of COVID-19 in Washington State.

The only two cases Plaintiffs cite in support of their privacy claim are far afield. *See* Mot. at 19 (citing *Cruzan by Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 270 (1990), and *Union Pac. Ry. Co. v. Botsford*, 141 U.S. 250, 251 (1891)). In *Cruzan*, the Court considered whether an individual in a vegetative state "has a right under the United States Constitution which would require [a] hospital to withdraw life-sustaining treatment" as requested by her parents. 497 U.S. at 267–69. Similarly, *Union Pacific* held that a defendant cannot force a plaintiff in a personal injury action to undergo a surgical examination. *Union Pac. Ry. Co.*, 141 U.S. at 251. Neither case lends any support to Plaintiffs' claims here, which do not involve coerced medical care. Plaintiffs have failed to show a likelihood of success on their right-to-privacy claim.[7]

---

[7] Although Plaintiffs do not raise a racial discrimination claim in their Motion, they nonetheless point to six- and eight-month-old data to suggest the Proclamation has a racially disparate impact. Mot. at 4–5. But "generalized statistics . . . at the . . . state level" are "not sufficient to … rais[e] an inference of

INTERVENOR–DEFS.' OPP'N TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**C. Plaintiffs Have Failed to Establish a Likelihood of Irreparable Harm**

Plaintiffs' Motion must also be denied because they are not "likely to suffer irreparable harm" absent "preliminary relief[.]" *Winter*, 555 U.S. at 20. Plaintiffs here raise the same arguments as the *Wise* plaintiffs, namely, that alleged violations of constitutional rights and temporary loss of employment are irreparable harms. Mot. at 8–9. This Court already considered and properly rejected each of these arguments in *Wise*, however, and nothing in Plaintiffs' cursory argument merits a different outcome here. *Wise*, 2021 WL 4951571, at *5–6. Further, as in *Wise*, Plaintiffs' delay in filing their suit—which they did not file until more than two months after the Governor issued the Proclamation, when it was already too late for covered workers to receive their vaccination in time to meet the deadline—and their failure to seek an emergency hearing on this Motion prior to the October 18th deadline strongly "implies a lack of urgency discrimination on a disparate impact claim." *Lyons v. Wash. State Dep't of Soc. & Health Servs.*, No. 3:18-cv-05874-RBL, 2020 WL 816017, at *4 (W.D. Wash. Feb. 19, 2020) (quoting *Stout v. Potter*, 276 F.3d 1118, 1122 (9th Cir. 2002)) Moreover, *current* data shows that that percentage of Hispanic and Black Washingtonians who have initiated vaccination—11% and 4%—matches each group's share of the eligible state population, conclusively rebutting Plaintiffs' argument. *COVID-19 Data Dashboard, Vaccinations, Who is getting vaccinated? Race/Ethnicity*, https://bit.ly/3BFHBPI (updated Oct. 20, 2021).

INTERVENOR–DEFS.' OPP'N TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

and irreparable harm." *Id.* at *6 (quoting *Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985)).

### D. The Equities and Public Interest Weigh Against Injunctive Relief

Finally, as this Court has already recognized in *Wise*, the equities and public interest would both be strongly *disserved* by enjoining the Proclamation (or its implementation) and letting unvaccinated individuals return to working with the public. *Id.* The balancing of harm and equities weighs in favor of Defendants because there is a "legitimate and critical public interest in preventing the spread of COVID-19 by increasing the vaccination rate[.]" *Mass. Corr. Officers Federated Union v. Baker*, No. 21-11599-TSH, 2021 WL 4822154, at *8 (D. Mass. Oct. 15, 2021). As such, "the public interest in reducing the dangers and spread of COVID-19 would not be served by enjoining the Proclamation." *Wise*, 2021 WL 4951571, at *6.

## IV. CONCLUSION

The State Intervenor–Defendants respectfully ask the Court to deny Plaintiffs' Motion.

DATED this 2nd day of November 2021.

        ROBERT W. FERGUSON
        Attorney General

        */s/Andrew R.W. Hughes*
        ANDREW R.W. HUGHES, WSBA #49515
        BRIAN ROWE, WSBA #56817
        SPENCER COATES, WSBA #49683
        Assistant Attorneys General
        Complex Litigation Division

INTERVENOR–DEFS.' OPP'N TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
andrew.hughes@atg.wa.gov
brian.rowe@atg.wa.gov
spencer.coates@atg.wa.gov

ZACHARY PEKELIS JONES, WSBA #44557
Special Assistant Attorney General
PACIFICA LAW GROUP LLP
1191 2nd Ave. Suite 2000
Seattle, WA 98101
(206) 245-1700
zach.pekelis.jones@pacificalawgroup.com

*Attorneys for Intervenor–Defendants Jay Inslee and Robert W. Ferguson*

INTERVENOR–DEFS.' OPP'N TO
PLS.' MOT. FOR DECLARATORY
AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**DECLARATION OF SERVICE**

I hereby certify that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients for electronic notice.

DATED this 2nd day of November 2021 at Seattle, Washington.

*/s/ Andrew R.W. Hughes*
ANDREW R.W. HUGHES, WSBA #49515
Assistant Attorney General

INTERVENOR–DEFS.' OPP'N TO PLS.' MOT. FOR DECLARATORY AND INJUNCTIVE RELIEF
No. 2:21-cv-00296-TOR

15

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744