Elizabeth R. Kennar, WSBA #25432
J. Chad Mitchell, WSBA #39689
David H. Smith, WSBA #10721
Summit Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA  98104-2682
(206) 676-7000
*bethk@summitlaw.com*
*chadm@summitlaw.com*
*davids@summitlaw.com*

The Honorable Thomas O. Rice

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

MICHAEL BACON, et al.,

    Plaintiffs,

    v.

NADINE WOODWARD, et al.,

    Defendants,

JAY INSLEE, et al.,

    Intervenor-Defendants.

CASE NO. 2:21-cv-00296 TOR

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION

11/04/2021
With Oral Argument: 2:00 p.m.
Ph: 888-273-3658

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

# TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................1

II.    FACTS ..........................................................................................2

       A.    The City is Following the Law, Including Governor Inslee's
             Proclamation during a Worldwide Pandemic. .......................2

       B.    The Exemption and Accommodation Framework for the City's
             EMTs and Paramedics...........................................................4

       C.    The City's Analysis to Determine Whether It Could Reasonably
             Accommodate Unvaccinated EMTs and Paramedics in Their
             Jobs of Hire Taking into Account Health, Safety and Undue
             Hardship. ............................................................................5

             1.    The City evaluates the essential functions of EMTs and
                   Paramedics. .................................................................5

             2.    The City considers requirements for workplace safety. ............7

             3.    The City looks at the latest information on COVID
                   (including the Delta variant) and vaccine effectiveness. ...........8

             4.    The City considers the financial costs of COVID and
                   related legal risk.........................................................12

       D.    The City Provides Accommodations to Its EMTs and
             Paramedics Who Choose Not to Be Vaccinated. ...............14

       E.    Plaintiffs' *Loudermill* Hearings...........................................16

       F.    The Plaintiffs Selected One of the Options Negotiated with the
             Union. ................................................................................18

             1.    Four Plaintiffs seeking a medical accommodation have
                   chosen to become vaccinated or failed to provide medical
                   documentation..............................................................18

             2.    Twenty-one Plaintiffs seeking religious accommodation
                   have chosen one of the options negotiated with the
                   Union..........................................................................20

                   a.    Plaintiffs selecting essential function layoffs.................20

                   b.    Plaintiffs selecting paid leave.........................................20

                   c.    Plaintiffs selecting resignation.......................................21

                   d.    Plaintiffs selecting retirement........................................21

                   e.    Plaintiff selecting leave of absence without pay ...........21

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - ii
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:   (206) 676-7001

III.   ARGUMENT & AUTHORITY ...................................................................21

    A.   TRO and Preliminary Injunction Standard. .........................................22

    B.   Similar Efforts to Enjoin Vaccination Requirements Have Failed. ....................................................................................................23

    C.   Plaintiffs Are Not Likely to Succeed on The Merits. .........................25

        1.   Plaintiffs' Free Exercise Clause, Contract Clause, Due Process Clause and ADA Claims fail for the same reasons as in *Wise*. ......................................................................25

            a.   Free Exercise Clause. ...................................................25

            b.   Contract Clause claims. ................................................29

            c.   Due Process ...................................................................31

            d.   ADA ................................................................................33

        2.   Plaintiffs' claims under Title VII, and state law privacy, bodily autonomy and battery are equally devoid of merit......34

            a.   Title VII .........................................................................34

            b.   Privacy, Bodily Autonomy, Battery ..............................36

    D.   Plaintiffs Have Not Established Irreparable Harm. .............................37

    E.   Equities and Public Interest Weigh Against Injunctive Relief. ..........38

IV.   CONCLUSION..........................................................................................40

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - iii
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:   (206) 676-7001

# I.    INTRODUCTION

This case is similar to *Wise v. Inslee*, No. 2:21-CV-00288-TOR.  There, this Court denied a TRO and preliminary injunction challenging the Governor's Proclamation under many of the same statutory and constitutional theories raised in the instant Motion. This Motion involves 25 of the City of Spokane's firefighters. Six of the Plaintiffs chose paid leave through November 30 to become fully vaccinated or have already become vaccinated and returned to work. The remaining 19 chose one of the other offered accommodations, including assistance by the City with job reassignment, leave without pay, an essential function layoff or retirement/resignation.  All of the Plaintiffs were given opportunities to provide information to the City for it to consider in making its decision.

Like the two City of Spokane firefighter plaintiffs in *Wise*, the Plaintiffs in this case challenge the Governor's Proclamation because they disagree with the availability of accommodations that will allow them to remain as Firefighters/Paramedics for the City.  As the Court found in *Wise*, such disagreement does not demonstrate a discriminatory application or infringe on constitutional or state law rights. *Wise, et al. v. Inslee, et al.*, 2:21-cv-00288-TOR, Order Denying Motion for Temporary Restraining Order/Preliminary Injunction (E.D. Wash. October 25, 2021), ECF No. 55 (hereafter "*Wise*") at 8–9.  As noted in *Wise*, the City followed the law at each step in this process in complying with

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 1
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

the Proclamation and Plaintiffs' federal and state rights.  Plaintiffs have not made the required "clear showing" of entitlement to the "drastic and extraordinary" injunctive relief they seek.  The Court's holding in *Wise* applies here: "the balancing of equities tips heavily in favor of the evidenced-backed decisions of the government regarding public health and safety measures, as compared to Plaintiffs' personal beliefs and accommodation preferences … balancing of harm and equities weighs in favor of Defendants because there is a 'legitimate and critical public interest in preventing the spread of COVID by increasing the vaccination rate.'" *Wise* at 17 (internal citations omitted).

For these same reasons, Plaintiffs' requested TRO/PI should be denied.[1]

## II.    FACTS

### A.    The City is Following the Law, Including Governor Inslee's Proclamation during a Worldwide Pandemic.

Governor Inslee's August 9, 2021 proclamation prohibits, *inter alia*, health care workers from "engaging in work" after October 18 if not "fully vaccinated against COVID-19."  Schaeffer Decl. ¶ 2 and Ex. 1.  The Proclamation imposed a new workplace requirement for the City's Emergency Medical Technicians

---

[1] To minimize duplicity/burden, we would like to point out the specific parts of declarations that are new (*i.e.*, not previously submitted in *Wise*): Schaeffer Decl., ¶¶ 11, 12, and 17, Exs. 9 and 12; Williams Decl., ¶¶ 7 and 24, Exs. 3-4; Steinolfson Decl., ¶¶ 6 and 13-44, Exs. 8-72.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 2
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax:  (206) 676-7001

(EMTs) and Paramedics. *Id.* ¶ 3. The operational roles in the Fire Department (*e.g.*, Dispatchers, Firefighters, Paramedics, Fire Equipment Operators, Lieutenants, Captains, Battalion Chiefs) require EMT or Paramedic licenses. *Id.* Each of the Department's EMTs and Paramedics are charged with protecting the life and safety of Spokane residents, which frequently involves the most vulnerable and sick. *Id.*

The Governor's Proclamation provides for exemptions from vaccination and says accommodations are not required "if they would cause undue hardship." Schaeffer Decl. Ex. 1 at 2(a).

On August 20, 2021, Fire Chief Schaeffer emailed all personnel in the department informing them of the Proclamation. *Id.* ¶ 5 and Ex. 2. Chief Schaeffer explained by when employees need to be fully vaccinated; explained that employees could request an exemption or accommodation by September 3 based on a deeply held religious belief or disability; included forms employees could submit to request these exemptions or accommodations; explained the process for evaluating substantiated exemption requests, to include a job-specific analysis of whether the City can provide an accommodation that would be reasonable, and not impose an undue hardship or compromise health or safety. *Id.* Governor Inslee subsequently amended the Proclamation. *Id.* ¶ 6. The amendment prohibited the City from "'rubberstamping' accommodation requests." *Id.* and Ex. 3.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 3
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax: (206) 676-7001

1

2

**B.     The Exemption and Accommodation Framework for the City's EMTs and Paramedics.**

By September 2, 2021, out of roughly 300 EMTs/Paramedics, 52 requested accommodations (roughly 16% of the department).  Declaration of Meghann R. Steinolfson Decl. (hereafter "Steinolfson Decl.) ¶ 4.  After verifying the accommodation requests, the City conducted an individualized analysis based upon the essential functions of the position and work environment, as to whether there is a reasonable accommodation for an unvaccinated EMT/paramedic in his or her job of hire that will not impose an undue hardship or burden and does not impose a threat to the health or safety of others.  *Id.* ¶¶ 4–12 and Ex. 6.  The Chief explained the legal standard to the department: the City is not required to accommodate an employee's religious beliefs and practices if doing so would impose an "undue hardship" on the employer's business, which has been defined as "more than a de minimis cost." (quoting *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84 (1977)).  *Id.* Ex. 6; Schaeffer Decl. Ex. 10.  Quoting *Robinson v. Children's Hospital Boston*, it was further explained that "undue hardship" "can exist if the proposed accommodation would 'either cause or increase safety risks or risk the legal liability for the employer' and that '[t]he mere possibility of an adverse impact on co-workers is sufficient to constitute an undue hardship.'"  *Id.*

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 4
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax:  (206) 676-7001

1

**C.    The City's Analysis to Determine Whether It Could Reasonably Accommodate Unvaccinated EMTs and Paramedics in Their Jobs of Hire Taking into Account Health, Safety and Undue Hardship.**

2

3

In conducting its analysis for accommodation under the Proclamation the

4

City consults with, among others, the Fire Department, Human Resources,

5

Dr. Edminster, and legal counsel.  *See, e.g.*, Declarations of Michael Ormsby,

6

Chief Brian Schaeffer, Assistant Chief Tom Williams, Deputy Chief Jay Atwood,

7

Human Resources Director Meghann Steinolfson, and Dr. Joel Edminster.

8

**1.    The City evaluates the essential functions of EMTs and Paramedics.**

9

The City conducts a job-specific individualized analysis of whether it could

10

accommodate unvaccinated EMTs and Paramedics in their jobs of hire.

11

Steinolfson Decl. ¶¶ 5–12.  The essential functions of the City's firefighters

12

include: respond to fires; lay hose; direct water streams; climb ladders; remove

13

persons from danger; drive firefighting vehicles; and respond to medical

14

emergencies, operate emergency medical equipment, and exercise clinical

15

judgment within the scope of license (*e.g.*, EMT or Paramedic).  Declaration of

16

Tom Williams (hereafter "Williams Decl.") ¶ 14 and Ex. 5.  The City's EMTs and

17

Paramedics are addressing emergent situations, which are unexpected, unplanned,

18

developing, dangerous and call for prompt response and action.  Declaration of Jay

19

Atwood (hereafter "Atwood Decl.") ¶ 4.  This includes face-to-face patient care

20

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 5
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:   (206) 676-7001

1    with the public, which requires them to work together closely and interact with

2    victims and injured members of the public.  This also includes face-to-face contact

3    during their 24-hour shifts, including with colleagues in the fire stations,

4    supervisors, those they supervise, and health care workers at other health facilities

5    (*e.g.*, hospitals).  *Id.*  Similarly, the essential functions of the Battalion Chief, also a

6    Firefighter and Paramedic, include supervising and inspecting the stations, using

7    an automatic vehicle to respond to emergencies, and providing on-site incident

8    command.  Williams Decl. ¶¶ 16–19 and Ex. 6; Decl. of Plaintiff Matthew Norton

9    (ECF No. 4) ¶ 3 ("The Department depends on Battalion Chiefs to make crucial

10   strategic and tactical decisions in emergent conditions.").

11        Accommodating unvaccinated EMTs and Paramedics in their jobs of hire,

12   such as by limiting the job functions they may perform or removing essential

13   functions, would significantly impact the response time and logistics of who

14   responds to any emergent situation.  Williams Decl. ¶ 15.  It could also delay

15   appropriate care on an emergency medical call.  For example, if an unvaccinated

16   EMT or Paramedic was dispatched to an emergency call and only upon arriving

17   determined that the patient required CPR or other hands-on care that cannot safely

18   be provided by an unvaccinated individual, this would negatively impact response

19   time and likely require the City to dispatch additional resources.  *Id.*

20

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 6
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

2.    **The City considers requirements for workplace safety.**

The City considers workplace safety as part of the analysis as to whether it can accommodate unvaccinated EMTs and Paramedics in their jobs of hire. OSHA requires employees be provided a work environment "free from recognized hazards that are causing or likely to cause death or serious physical harm to employees." Atwood Decl. ¶ 5 and Ex. 1. The EEOC has acknowledged that COVID meets the "direct threat standard" that permits more extensive medical inquiries and controls in the workplace than typically allowed under the ADA. *Id.* ¶ 6 and Ex. 2.

The City considers the Fire Department's COVID-related policies, which are derived from the Washington Department of Health (DOH), CDC guidelines and the City's policies. *Id.* ¶ 7. For example, unvaccinated asymptomatic employees who have been in close contact with someone with or suspected of COVID <u>must self-quarantine for up to 14 days</u> and are not allowed in the workplace. *Id.* ¶ 8. Vaccinated asymptomatic employees, on the other hand, who have been in close contact with someone with or suspected of COVID are not required to quarantine. These vaccinated employees can remain in the workplace and work their own shift. *Id.* ¶ 7 and Ex. 3.

COVID quarantines have had a significant impact on the availability of the Department's workforce. *Id.* ¶ 10. The Department has had (on the high end) 28

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 7
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax: (206) 676-7001

to 37 employees in COVID quarantine and not available for work at a given time. *Id*.

### 3.    The City looks at the latest information on COVID (including the Delta variant) and vaccine effectiveness.

Dr. Edminster, who is the Medical Director for the City's Fire Department, advises the City on COVID. Declaration of Dr. Joel D. Edminster, MD, FACEP (hereafter "Edminster Decl.") ¶¶ 2–7. The City considers Dr. Edminster's medical opinion and recommendations regarding COVID and vaccinations, some of which are highlighted here:

- Vaccines will help control the spread of COVID; a recent study suggested that unvaccinated persons are 5x more likely to contract COVID-19 and 29x more likely to be hospitalized for COVID-19. *Id.* ¶ 8.

- Vaccination is the safest and best strategy for quelling the current surge, *id*.

- While there are a number of vaccine side effects that have gained some national media attention, they are exceedingly rare, *id*.

- The risk-to-benefit ratio based on the likelihood of harm from COVID vaccines heavily weighs in favor of vaccination given the much higher risks associated with routine medications and behaviors, *id*.

- As healthcare providers, a number of organizations including the IAFF have concluded firefighters have a duty and ethical obligation to participate in vaccination programs, *id*.

Dr. Edminster advises the City that vaccination is the most effective means of protecting public health and is superior to social distancing and masking

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 8
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax: (206) 676-7001

policies alone. *Id.* ¶ 12. Dr. Edminster advises further that the best medical evidence suggests that natural immunity is less robust than vaccine immunity and regular testing using antibody or serology tests is not a viable alternative until alternative technology is developed and is supported by good evidence. *Id.* ¶¶ 13–15 and Ex. 7.

In addition to Dr. Edminster's professional opinion, the City considers information from the CDC and WDOH, including WDOH's guidance titled "COVID-19 Cases, Hospitalizations, and Deaths by Vaccination Status," and guidance issued to Emergency Medical Service ("EMS") agencies in King County by Dr. Michael Sayre, Medical Director of the Seattle Fire Department, and Dr. Thomas Rea, Medical Program Director for the Emergency Medical Services Division of Public Health-Seattle & King County, both of whom noted the burden an unvaccinated EMT or health care provider places on their colleagues, patients and the larger public. Steinolfson Decl. ¶ 7 and Ex. 4.

The City considers masks, social distancing and testing but determined this to be impractical and inadequate for firefighters in their job of hire. Williams Decl. ¶ 8; Steinolfson Decl. ¶¶ 5–6. As noted above, such safety precautions do not reduce the risk of COVID to the same extent as vaccination. Moreover, these safety precautions are difficult to implement and enforce. The City's Firefighters work 24-hour shifts, which requires them to live and sleep in stations. Williams

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 9
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax:   (206) 676-7001

Decl. ¶ 9.  Thirteen of the sixteen stations have common sleeping spaces generally holding eight beds and common ventilation systems.  *Id*.  Daily occupancy in City fire stations can be as high as 10 but never less than 3.  *Id*.  The City considers different ways to sleep and house firefighters to reduce the risk of viral transmission, but none of the options identified are considered reasonable or without associated cost and risk.  *Id.* ¶ 10.  For example, the City considers requiring firefighters to sleep with a mask on, but that is not a feasible option as properly wearing a mask per CDC guidelines would be difficult.  It would also be difficult for supervisors to confirm compliance.  *Id*.  This is particularly the case given that several Paramedics requesting accommodations are themselves supervisors, some of whom chose not to wear a mask during their *Loudermill* hearings in violation of the Department's safety protocols.  Steinolfson Decl. ¶ 6. The City also finds it would be difficult to continually social distance while in the station, engaged in patient care, or fighting fires.  Williams Decl. ¶ 12.

The City also considers that masks and social distancing have not been effective at halting COVID exposure and spread in the Department.  As Chief Schaeffer recently shared with the Department:

> Unfortunately, the virus did not discriminate and had a significant impact on the department long before today. Through the end of August, nearly 24,000 hours were lost to quarantine and more than 4,000 hours lost to confirmed job-related positive cases. In addition, 434 workers'

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 10
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:   (206) 676-7001

1
2
3

> compensation claims have been filed during that same period, including 123 employees with multiple claims. That level of impact, while following all public health guidance, is concerning. However, with employee vaccinations, we are starting to see a downward trend.

4    Schaeffer Decl. ¶ 18 and Ex. 13.

5       The City also considers testing, to go along with masking and social

6    distancing, and does not find that to be a reasonable accommodation due to the cost

7    (discussed below), operational feasibility with PCR testing and the lack of

8    reliability with rapid tests.  The more reliable test, PCR, requires a 24-hour

9    turn-around time.  While the rapid test produces a result within 15 minutes it is not

10   as reliable and often produces a false negative.  Atwood Decl. ¶ 18.  While the

11   financial costs are significant, those costs do not consider how many PCR tests

12   would be necessary to confirm potential false negative results, the additional costs

13   and logistics associated with testing (cost of time off to test, added resources for

14   testing verification and oversight), availability of tests, and timeliness of testing

15   results, which could result in staffing delays.  *Id.*

16      The City determines that requiring masks, social distancing, and testing in

17   lieu of vaccination is not a reasonable accommodation as firefighters could not

18   effectively do their jobs, it would impact health and safety, and the cost and

19   operational burden is significant.  Williams Decl. ¶¶ 8–15, 24.

20

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 11
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax: (206) 676-7001

### 4.    The City considers the financial costs of COVID and related legal risk.

Deputy Fire Chief Atwood, who has been assigned as the Department's COVID coordinator, the Department's Medical Services Director Mike Lopez, and others review costs to determine whether a reasonable accommodation could be made to unvaccinated firefighters in their jobs of hire without imposing an undue hardship or more than minimal cost to the organization.  Atwood Decl. ¶ 18 and Ex. 6.  COVID costs to the department in 2020 were more than $2 million, including Workers Compensation claims related to COVID, quarantine payroll costs and overtime.  *Id.* ¶ 15 and Ex. 6.  COVID costs for 2021 are already more than $1 million.  *Id.*  The 85 COVID cases in the Fire Department since 2020 have resulted in significant leave being taken.  *Id.* ¶ 17 and Ex. 7.  The less COVID cases that members of the Fire Department have, the less costs the City will incur in terms of having to pay workers' compensation claims and paying people in quarantine but unable to perform their job of hire.  *Id.* ¶ 16; Steinolfson Decl. ¶¶ 9, 11.

The City also considers the risk of legal liability if it were to accommodate unvaccinated firefighters in their jobs of hire.  Declaration of Michael Ormsby (hereafter "Ormsby Declaration") ¶ 10 and Ex. 2.  The more COVID cases the City has among its firefighters, the greater the City's exposure is to workers'

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax:  (206) 676-7001

compensation claims. *Id.* ¶ 7. There is also an increased risk of liability to the City from non-employees who could assert negligence claims against the City. *Id.* ¶¶ 8–9; *see also* Steinolfson Decl. ¶ 12.

Plaintiffs dismiss these costs and the significant risk to public safety. Instead, they claim the cost of replacing them outweighs **all** the safety risks noted above and the costs of keeping unvaccinated Firefighters and Paramedics in patient care. The Department has, however, successfully managed vacancies in the past and is well equipped to do so today. Atwood Decl. ¶ 10; Schaffer Decl. Ex. 13; Williams Decl. ¶ 24.

Plaintiffs make much of the unsubstantiated assertion that unvaccinated EMS/Paramedics will continue to deliver patient care within the City even if they are not employees of the City. Plaintiffs' Motion for Declaratory Relief, Temporary Restraining Order, A Preliminary and/or Final Injunction Pursuant to CR 65(a)(2) (ECF No. 2) (hereafter "Motion") at 11–12. The City does not have the control over employees of other departments or contractors (nor does it carry the associated risk and cost). Regardless, the City makes every reasonable effort to ensure other fire departments and AMR only dispatch vaccinated members within the City limits. The Fire Department has sent letters/emails to its surrounding jurisdictions covered by the automatic aid agreements stating they are not allowed

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 13
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax: (206) 676-7001

to send unvaccinated EMS personnel into the City's jurisdiction.  Schaeffer Decl. ¶

12 and Exs. 6–8.  The City's automatic aid partners have either agreed to assign

only vaccinated firefighters to those stations that primarily handle City of Spokane

calls or have signed sworn certifications to state that they will "use reasonable

efforts" not to allow unvaccinated members to respond to City of Spokane.  *Id.*

Likewise, AMR certified it would "use reasonable efforts to not respond with

unvaccinated individuals to EMS calls for service in the City of Spokane." *Id.* and

Ex. 9.

**D.    The City Provides Accommodations to Its EMTs and Paramedics Who Choose Not to Be Vaccinated.**

For the above reasons, the City concludes that, due to transmissibility of the

Delta variant, high infection rates in City, the health and safety of its workforce,

commitment to the community and vulnerable populations served, and the cost and

risks associated with maintaining unvaccinated EMTs and Paramedics, the City is

not able to accommodate unvaccinated EMTs and Paramedics in their jobs of hire.

Schaeffer Decl. ¶ 14 and Ex. 10; Steinolfson Decl. ¶¶ 5–12 and Ex. 6.

While the City is unable to accommodate unvaccinated members in their job

of hire without imposing an undue hardship, it offers several accommodations for

members to maintain their employment with the City.  Steinolfson Decl. ¶ 13 and

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 14
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

Exs. 6–7; Schaeffer Decl. ¶¶ 8–9 and Ex. 4.  The accommodations being offered by

the City include:

- Apply for another job within the City for which the Proclamation does not apply.  The City committed to make a good-faith effort to find the exempt EMTs and Paramedics choosing not to get vaccinated a position through reassignment and actively worked with Civil Service for those interested in a reassignment.

- Paid leave for those who have chosen to become vaccinated but did not get vaccinated by the October 18, 2021 deadline.

- Leave without pay so members can maintain employment with the City, continue researching other available positions with the City, and avoid separation.

- Layoff so firefighters can cash out their leave banks and yet have recall rights to come back and retain their seniority.

- Retirement/Resignation.

Steinolfson Decl. Exs. 6–7.

The City also bargains with the Spokane Firefighters Union, IAFF Local 29

(Union) regarding the impacts of the Governor's Proclamation.  These negotiations

began on August 11, 2021 and resulted in a Memorandum of Understanding

capturing the above-offered accommodations.  *Id.* Ex. 6.

The City continues to negotiate with the Union to explore other

accommodations.  *Id.* ¶ 17.  For example, there are four open dispatcher positions

that unvaccinated Firefighters would be qualified to perform if they could be

reasonably accommodated in those positions.  *Id.*  There is also one unvaccinated

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 15
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

dispatcher.  The City proposed to the Union that the EMT certification requirement be temporarily removed from these five dispatcher positions and accommodations be offered to include masks, social distancing and regular testing.  *Id*.  Contrary to representations made by the Union and Plaintiffs in their *Loudermill* hearings and the declarations filed with the Court, the Union refused to agree, on behalf of its members, to assume the cost of testing and insisted the City pay 100% of the testing costs.  *Id.*; Williams Decl. ¶ 7.  After further negotiations, the Union and City agreed that the impacted employee pay no more than $30 per test and the City cover the rest of the costs.  Williams Decl. ¶ 7.  Per the Union's proposal, vacant dispatcher positions will be offered in order of seniority to unvaccinated Firefighters with an approved exemption subject to the agreed upon accommodations noted above.  *Id*.

## E.    Plaintiffs' *Loudermill* Hearings

The City notified the Plaintiffs on September 23, 2021 of the results of its reasonable accommodation analysis and invited them to provide any additional information they wanted the City to consider prior to October 4, 2021.  Steinolfson Decl. ¶ 14 and Ex. 7.  Very few of the Plaintiffs responded.  *Id*.  The City also scheduled *Loudermill* hearings to continue the accommodation dialogue and allow the Plaintiffs to provide any additional information they wanted the City to consider.  Steinolfson Decl. ¶ 15.  Represented by their Union and Counsel, the

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 16
CASE NO. 2:21-cv-00296 TOR

Summit Law Group, PLLC
1030 N. Center Parkway, Suite 308
Kennewick, Washington 99336
Telephone: (509) 735-5053
Fax:  (206) 676-7001

1  Plaintiffs largely responded with three arguments: those with immunity should be

2  allowed to continue patient care; there is no reason to do anything different than

3  what they have been doing as they believe the safety precautions used to date have

4  been effective; and if testing is required, they are willing to pay for the cost of

5  testing.  After carefully considering these arguments, the City continues to find that

6  maintaining unvaccinated Firefighters/Paramedics in their job of hire is

7  unreasonable.

8      Having antibodies that offer protection against COVID is not a basis for an

9  exemption from the State's vaccination mandate, nor is it an acceptable alternative

10  to vaccination according to Dr. Edminster and the King County and Seattle Fire

11  EMS Directors.  Current public health guidance indicates that vaccination offers

12  stronger protection than immunity that comes from having had COVID-19.

13  Steinolfson Decl. ¶ 14; Edminster Decl. ¶¶ 13–14 and Ex. 7.

14      Continuing with masking, health screening and testing is inadequate

15  protection for the City's employees and community.  As noted in the Proclamation,

16  medical evidence indicates that these measures have not been sufficient in slowing

17  the spread of COVID-19, and the City's workers compensation and leave numbers

18  substantiate this.  Steinolfson Decl. ¶ 10; Atwood Decl. ¶ 10, 15–17.

19      The fact Plaintiffs offered to pay for the cost of the PPE and testing (which

20  the Union outright rejected until recently), while mitigating some of the cost of the

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 17
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax:  (206) 676-7001

accommodation, does not change the City's health, safety and liability risk

analysis.  Steinolfson Decl. ¶¶ 15–16.  Moreover, the cost of maintaining an

unvaccinated health care provider in their role will continue to pose more than a

minimal cost to the organization, including costs necessarily associated with

COVID leave and quarantine requirements, which remain different for the

unvaccinated than vaccinated.

**F.      The Plaintiffs Selected One of the Options Negotiated with the Union.**

There are 25 Plaintiffs in this litigation: four requested medical exemptions;

twenty-one requested religious exemptions.  Each plaintiff was granted a

*Loudermill* hearing.  The City issued its decisions following the *Loudermill*

hearings and encouraged members to choose one of the offered accommodations.

All the Plaintiffs chose one of the negotiated options.  Steinolfson Decl. ¶¶ 17–43.

**1.      Four Plaintiffs seeking a medical accommodation have chosen to become vaccinated or failed to provide medical documentation.**

Plaintiff Corey Barker submitted a request for a medical accommodation due

to an apparent reaction to the first vaccine dosage.  Declaration of Corey Barker

(ECF No. 7).  Following his *Loudermill* hearing, he requested paid leave to

become fully vaccinated.  Steinolfson Decl. ¶ 18 and Ex. 62.

Plaintiff Jeff Baxter submitted a request for a medical exemption but never

provided the City with documentation from his medical provider in support of his

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 18
CASE NO. 2:21-cv-00296 TOR

Summit Law Group, PLLC
1030 N. Center Parkway, Suite 308
Kennewick, Washington 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

request.  Steinolfson Decl. ¶ 19 and Ex. 31.  When the City reached out to him to

find out the status of the necessary medical documentation, he responded in part

"The only issue I have with discussing anything further is I am leaving tomorrow

morning at 8 am and if nothing changes with the mandate I will not be returning."

*Id*. ¶ 19 and Ex. 29.

Plaintiff Andrea Kernkamp also requested a medical exemption but did not

provide documentation from her medical provider indicating that she had a medical

condition that precluded her from receiving the vaccination.  She is working with

her provider and selected paid leave through November 30, 2021 in order to

become fully vaccinated.  Steinolfson Decl. ¶ 20 and Ex. 33.

Plaintiff Scott McCann likewise requested a medical accommodation with a

note from his provider indicating adverse reactions to vaccines.  Following his

*Loudermill* hearing, the City contacted McCann to explore whether the Noravax

vaccine may be a viable option for him and if so to continue the accommodation

dialogue.  Steinolfson Decl. ¶ 21 and Ex. 34.  He did not respond to the question

but rather chose paid leave.  *Id*. Ex. 35.  On October 26, 2021, McCann provided

proof of his vaccination and will return to work in fourteen days.  *Id*. ¶ 21.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 19
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:   (206) 676-7001

### 2.    Twenty-one Plaintiffs seeking religious accommodation have chosen one of the options negotiated with the Union.

#### a.    Plaintiffs selecting essential function layoffs

Plaintiffs Joel Brose, Steve Howie, Marlin Thorman, Jason Webster, Timothy Wheeler, and Duane Eilcox did not pursue another position within the City or contact Civil Service.  Rather, the accommodation they chose is an essential function layoff, which allows the members to retain their seniority, leave-accrual rates, and recall to their job classification for up to 24 months should the law change or they choose to become vaccinated.  Steinolfson Decl. ¶¶ 24–25, 31–34, and Exs 42–45, 55–61.

Plaintiff Thomas Harvey, Matthew Norton, Brennan Cooke, Isaiah Dean, Jhareme Fuller, Nicholas Holmes, and Joseph Howarth initially contacted Civil Service to pursue another position within the City but did not follow through.  The accommodation they selected is an essential function layoff.  Steinolfson Decl. ¶¶ 22–23, 26–30 and Exs. 38–41, 54–54.

#### b.    Plaintiffs selecting paid leave

Plaintiffs Connor Foxworth, Curtis Smith, and Tanner Townsend chose paid leave up to November 30, 2021 to become fully vaccinated.  Steinolfson Decl. ¶¶ 35–37 and Exs. 63–67.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 20
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

### c.    Plaintiffs selecting resignation

Plaintiff David Heizer did not pursue another position within the City or contact Civil Service.  Rather, he selected resignation.  Steinolfson Decl. ¶ 38 and Ex. 68.

### d.    Plaintiffs selecting retirement

Plaintiffs Timothy Archer, Mike Bacon, and James Billman did not pursue another position within the City, contact Civil Service, or select one of the other offered accommodations.  Rather, they selected retirement.  Steinolfson Decl. ¶¶ 39–41 and Exs. 69–71.

### e.    Plaintiff selecting leave of absence without pay

Plaintiff Aric Pisa likewise did not pursue another position within the City or contact Civil Service.  Rather, the accommodation he chose is a 90-day leave of absence without pay.  Steinolfson Decl. ¶ 42 and Ex. 72.

## III.    ARGUMENT & AUTHORITY

Plaintiffs' Motion and Declarations attack the City's decision not to assume the significant safety risk and cost of maintaining unvaccinated Firefighters/Paramedics in their public health role during this global pandemic. They repeatedly assert that the City "discriminated" against their religious beliefs or "failed to accommodate them", claiming the cost of replacing them outweighs the risk of harm to others.  As this Court recently held, "plaintiffs cannot

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 21
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

demonstrate a discriminatory application solely because they disagree with the availability of accommodations." *Wise* at 8.  While Plaintiffs may believe previous safety precautions were sufficient, "the Supreme Court has long endorsed state and local government authority to impose compulsory vaccines."  *Wise* at 6.

Plaintiffs are not entitled to a TRO or preliminary injunction because they have failed to meet <u>any</u> of the elements required for such extraordinary and drastic relief.  As has been found by this Court and others, Governor Inslee's Proclamation is a constitutional and appropriate response to COVID.  The City's implementation of the Proclamation has been responsible, well thought out, and reasonable. Plaintiffs have failed to show otherwise.

## A.    TRO and Preliminary Injunction Standard.

A TRO or preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A party seeking either form of relief must establish: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter*, 555 U.S. at 20.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 22
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

**B.    Similar Efforts to Enjoin Vaccination Requirements Have Failed.**

Courts such as this one have rejected similar efforts to enjoin vaccination requirements established to address the COVID public health crisis – including, most recently, this Court's decision in *Wise v. Inslee*, No. 2:21-cv-00288 (E.D. Wash. October 25, 2021), ECF No. 55.  The reasoning of these cases and this Court in *Wise* is compelling and directly on point.

On October 25, 2021, this Court entered its Order Denying Motion for Temporary Restraining Order/Preliminary Injunction in the *Wise* case.  First, the Court determined that plaintiffs failed to show a likelihood that they would succeed on any of their constitutional claims (religious freedom, contract clause, and due process claims) or statutory claims (Americans with Disabilities Act or § 1983).  *Id.* at 5–13.  With respect to the religious freedom claims at the core of plaintiffs' motion, the Court found that the Vaccine Proclamation "survives both strict scrutiny and rational basis" review because it is both (a) neutral and generally applicable as well as (b) having been issued to address the "'compelling' interest in preventing the spread of COVID-19" and was "narrowly tailored" to apply to "specific sectors whose employees are essential to combatting COVID-19 and who come into regular contact with vulnerable segments of the public."  *Id.* at 8.  The Court also determined that the plaintiffs failed to establish irreparable harm because "loss of employment does not constitute irreparable harm."  *Id.* at 15.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 23
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

1  Finally, the Court found that "the balancing of equities tips heavily in favor of the

2  evidence-backed decisions of the government regarding public health and safety

3  measures, as compared to Plaintiffs' personal beliefs and accommodation

4  preferences." *Id*. at 17.

5       Additional cases argued by Defendants in the *Wise* briefing also support

6  denial of Plaintiffs' Motion.  *Pilz v. Inslee*, No. 21-CV-05735-BJR (W.D. Wash.

7  Oct. 15, 2021) ("[T]he loss of employment and employment benefits does not

8  constitute irreparable injury but rather constitutes something that can be remedied

9  by money damages.");[2] *Cleary v. Inslee*, No. 21-2-01674-34 (Thurston Cnty.

10  Super. Ct.) (Order Denying Plaintiffs' Motion for Injunction or Writ of

11  Prohibition);[3] *Jane Does 1-6 v. Mills*, No. 1:21-CV-00242-JDL, 2021 WL 4783626

12  (D. Me. Oct. 13, 2021), *aff'd*, No. 21-1826, 2021 WL 4860328 (1st Cir. Oct. 19,

13  2021) (holding that "the COVID-19 vaccine mandate is narrowly tailored to serve

14  the compelling interest of containing the spread of this serious communicable

15  disease"); *application for injunctive relief denied*, 595 U.S. __ (Oct. 29, 2021)

16  (leaving in place Maine's mandatory vaccination requirement for health care

17  workers, which contains no exemption for religious beliefs); *Harris v. Univ. of*

18  _____

19  [2] The transcript of the hearing is filed in *Wise* at ECF No. 45-10.

20  [3] Filed in *Wise* at ECF No. 45-6.

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

*Massachusetts*, *Lowell*, No. 21-CV-11244-DJC, 2021 WL 3848012 (D. Mass. Aug. 27, 2021) ("the balance of equities tips in Defendants' favor given the strong public interest here that they are promoting—preventing further spread of COVID 19[.]"); *Am.'s Frontline Drs. v. Wilcox*,  No. EDCV 21-1243 JGB (KKx), 2021 WL 4546923 (C.D. Cal. July 30, 2021) (holding none of the elements were met and denying plaintiffs' motion for preliminary injunction); *Klaassen v. Trs. of Ind. Univ.*, No. 1:21-CV-238 DRL, 2021 WL 3073926 (N.D. Ind. July 18, 2021), *den'g injunction pending appeal*, 7 F.4th 592 (7th Cir.) (denying motion for preliminary injunction).

Consistent with the above authority and this Court's *Wise* decision, Plaintiffs' Motion should be denied.

**C.    Plaintiffs Are Not Likely to Succeed on The Merits.**

Plaintiffs base their Motion on four of the same claims rejected in *Wise*: (1) Due Process; (2) Free Exercise Clause; (3) Contract Clause; and (4) Americans with Disabilities Act (ADA).  They raise two new claims: (5) Privacy, Bodily Autonomy, and Battery; and (6) Title VII, which are equally without merit.

**1.    Plaintiffs' Free Exercise Clause, Contract Clause, Due Process Clause and ADA Claims fail for the same reasons as in *Wise*.**

**a.    Free Exercise Clause.**

Plaintiffs assert that the Governor's Proclamation interfered with their religious freedom in violation of the Free Exercise Clause of the First Amendment

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 25
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

to the federal Constitution.  While the "rational basis" standard applies here because the Proclamation is a "neutral, generally applicable law," Plaintiffs argue that "strict scrutiny" applies.  Motion at 15–18.  This Court rejected the same argument in *Wise* and found that plaintiffs were not likely to succeed on the merits regardless of which test applies.

Rather than burden the Court with duplicative briefing, the City incorporates by reference its Opposition to Plaintiffs' Motion for Temporary Restraining Order (ECF No. 47) filed in the *Wise* matter.

As this Court found in *Wise*, the Proclamation is generally applicable.

> A law is not generally applicable if the record before the court "compels the conclusion" that suppression of religion or religious practice is the object of the law at issue.  Here, the object of the Proclamation is clear: the spread of COVID-19. There is no discriminatory animus or objective.  Moreover, the Proclamation applies with equal force to all educators, health care workers, and state employees and contractors, regardless of religious affiliation—or lack thereof.  Finally, the Proclamation recognizes exemptions for those who qualify for accommodations due to their sincerely held religious beliefs.
>
> As Defendants rightly indicate, because there are no exemptions for political, personal, or other objections, if any, the Proclamation encourages religious practice.

*Wise* at 7 (internal citations omitted).  Twenty-two of the 25 Plaintiffs applied for and received an exemption based upon their sincerely held religious beliefs.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION - 26
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

1 Steinolfson Decl. ¶¶ 18, 22–42. They simply disagree with the accommodations

2 offered by the City.

3       Because the Proclamation is neutral and generally applicable, it "must be

4 upheld if . . . rationally related to a legitimate governmental purpose." *Parents for*

5 *Privacy*, 949 F.3d at 1238.  The Proclamation easily meets this test. Because

6 vaccines are highly safe and effective, ensuring that those who work in health care

7 are vaccinated is rationally related to stemming the spread of the virus.  The

8 Proclamation complies with the Free Exercise Clause.

9       On October 19, 2021, the District Court of Oregon rejected plaintiffs'

10 constitutional challenge to the Oregon Governor's vaccine mandate, claiming the

11 mandate implicated a fundamental right to bodily integrity and privacy and

12 violated their constitutional rights.  Plaintiffs alleged, as in this case, that the

13 vaccine mandate should be struck down because it did not provide an exception for

14 individuals with infection-based immunity and so is not narrowly tailored to

15 achieve its purpose.  In dismissing the challenge, the Court had "no trouble

16 concluding that the vaccine mandates are rationally related to a legitimate state

17 interest." *Williams v. Brown*, 2021 WL 4894264 (D. Or. October 19, 2021).

18       Even if strict scrutiny applied—and it does not—the Proclamation is valid as

19 this Court held in *Wise*.  *Wise* at 5–6. Protecting the public from COVID-19 is a

20 compelling state interest.  *Wise* at 8.  *See also Roman Cath. Diocese*, 141 S. Ct. at

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 27
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax:  (206) 676-7001

67 ("[s]temming the spread of COVID-19 is unquestionably a compelling

interest"); *Workman v. Mingo Cnty. Bd. of Educ.*, 419 F. App'x 348, 353 (4th Cir.

2011) ("the state's wish to prevent the spread of communicable diseases clearly

constitutes a compelling interest."). Ensuring those who work in health care (*e.g.*,

firefighters) are vaccinated is a legitimate and science-based approach to stemming

the spread of the virus. Edminster Decl. ¶¶ 8–12.

Plaintiffs' insistence that they be allowed to continue as unvaccinated health

care providers does not adequately serve the "compelling interest" in preventing

the spread of COVID. Moreover, Plaintiffs' request to simply rely upon antibody

tests or rapid antigen testing as equally effective alternatives lacks merit. Antibody

tests and rapid antigen testing do not provide the same protection as vaccination

and are not recommended. Edminster Decl. ¶ 16; Steinolfson Decl. Exs 4–5.

Thus, even if strict scrutiny applied, Plaintiffs' free exercise challenge is unlikely

to prevail on the merits. *Mills II*, 2021 WL 4860328, at *7.[4] The Court conclusion

---

[4] Plaintiffs claim the City's accommodation decision is simply wrong because

AMR and other departments who may provide service within the City are allowing

their unvaccinated employees to provide patient care. The City cannot control the

terms and conditions of employees of other employers. For this reason, employees

of other employers are not the legal or financial responsibility of the City.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 28
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax: (206) 676-7001

in *Wise* is equally applicable here: "Plaintiffs' objections to the Proclamation relate primarily to their disagreement with Defendants' judgment regarding public health, which is insufficient to overcome the constitutionality of Defendants' actions in enacting and promulgating the Proclamation, regardless of which level of scrutiny is applied." *Wise* at 9.

Accordingly, Plaintiffs have not shown a likelihood of success on the merits of their Free Exercise Claims—just as in the recent COVID cases from earlier this month described above in Section III.B.

### b.    Contract Clause claims.

Plaintiffs' Contract Clause claims fail for the same reason noted by the Court in *Wise*.  As in *Wise*, Plaintiffs do not identify or submit to the court the contract they purportedly rely upon to support their claims.  *Wise* at 12.  Likewise, Plaintiffs failed to show how implementation of the Proclamation substantially impaired their employment contracts.  *See Apartment Ass'n of Los Angeles Cty, Inc., v. City of Los Angeles*, 10 F.4th 905, 908 (9th Cir. 2021) (rejecting a Contracts

---

Notwithstanding this, the City has made it clear to parties potentially providing EMS service within the City's jurisdiction that they cannot send unvaccinated members to provide patient care and/or must use reasonable efforts not to do so. Schaeffer Decl. ¶ 17 and Ex. 12.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 29
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax:  (206) 676-7001

1    Clause challenge to a municipal ordinance imposing an "eviction moratorium with

2    the stated purposes of ensuring housing security and promoting public health

3    during the pandemic."); *Jevons v. Inslee*, No. 1:20-CV-3182-SAB, 2021 WL

4    4443084, at *10 (E.D. Wash. Sept. 21, 2021) (rejecting  plaintiffs' claims because

5    regardless of the pandemic's impact on any specific individual, "one of the

6    moratorium's express intentions is to reduce person-to-person contact to mitigate

7    transmission of COVID-19.")

8        Even if Plaintiffs' contracts had been substantially impaired—a showing

9    they have not made—courts next turn to whether the law at issue "is drawn in an

10   appropriate and reasonable way to advance a significant and legitimate public

11   purpose." *Apartment Ass'n of Los Angeles Cty., Inc. v. City of Los Angeles*,

12   10 F.4th 905, 913 (9th Cir. 2021).  Here, the City's implementation of the

13   Proclamation serves the significant and legitimate public purpose of protecting

14   members of the public and its employees from a deadly virus in the midst of a

15   pandemic.  "[T]he Supreme Court has construed [the Contracts Clause] prohibition

16   narrowly in order to ensure that local governments retain the flexibility to exercise

17   their police powers effectively." *Matsuda v. City & County of Honolulu*, 512 F.3d

18   1148, 1152 (9th Cir. 2008).  The Proclamation and the City's compliance therewith

19   are no doubt "an appropriate and reasonable way to advance a significant and

20   legitimate public purpose, which is curbing the spread of COVID-19." *Wise* at 12.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 30
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

Plaintiffs have not shown they are likely to succeed on the merits of their Contract Clause claims.

### c.    Due Process

Plaintiffs' due process argument is nearly[5] identical to the one rejected by this Court in *Wise*. *Wise* at 13. Plaintiffs received advance notice of the City's accommodation analysis and decision, were offered accommodations, including reassignment to a different position, paid leave, leave without pay or a layoff, and invited to submit in writing by October 5 any additional information they would like the City to consider. Steinolfson Decl. Ex. 7. With few exceptions, Plaintiffs chose not to submit anything in writing by the October 5 deadline. Steinolfson Decl. ¶ 14.

Although not required, Plaintiffs were also provided *Loudermill* hearings with their attorneys and Union representative to provide any additional information they wanted the City to consider as part of its accommodation dialogue and decision-making process. The results of the hearings were communicated to them,

---

[5] Plaintiffs argue that the Fire Chief somehow violated RCW 38.52.120, which prohibits political activity. That provision is not applicable here factually, legally or otherwise.

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax: (206) 676-7001

1   taking into consideration the information provided.[6]  Steinolfson Decl. ¶¶ 18–42

2   and Exs. 31, 33, 37–38, 40, 42–43, 45, 47, 49, 51, 53, 55, 57, 59, 64, and 66–70.

3   Following the hearings, each of the Plaintiffs chose an offered accommodation

4   such as paid leave, leave without pay, an essential function layoff, or to resign or

5   retire.  *Id*.  Plaintiffs received more than the due process required by law.[7]

6        To the extent Plaintiffs assert a due process claim against the Proclamation

7   itself, the Plaintiffs' claim is devoid of merit for the reasons identified in the

8   Intervenor-Defendants' Opposition to Plaintiffs' Motion for Declaratory Relief,

9   Temporary Restraining Order, a Preliminary and/or Final Injunction Pursuant to

---

[6] If Plaintiffs ultimately separate from their employment and fail to take the steps for reinstatement, they will be terminated due to their failure to fulfill an essential job requirement—vaccination—and *Loudermill* would not apply.  *Hannon v. Turnage*, 892 F.2d 653, 658 (7th Cir. 1990) (*Loudermill* did not apply where employee terminated "for failing to possess the necessary qualifications").

[7] Plaintiffs' reliance on RCW 41.08.090 is devoid of merit. First, the City has adopted its own Civil Service Rules. Second, as noted above, none of the Plaintiffs were terminated.  Each chose one of the offered accommodations or options negotiated with the Union.  Finally, to the extent Plaintiffs allege a violation of the Civil Service Rules, their recourse is through the Civil Service appeal process.

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax:  (206) 676-7001

CR 65(a)(2) (ECF No. 53) (hereafter "State's Opposition") at 4–11, which is incorporated herein by reference. A TRO is an inappropriate remedy for these reasons, as well as the reasons that follow.

### d. ADA

Plaintiffs Kernkamp, McCann, Barker and Baxter allege a failure to accommodate their disability; however, this claim is fatally flawed for at least three reasons. First, as with the Title VII claim, Plaintiffs failed to exhaust their administrative remedies. *See Wise* at 10*; Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (setting forth factors exhaustion requirement for Title VII claims); *see also* 42 U.S.C. 20003-5(e); 42 U.S.C. § 12117(a) (extending Title VII exhaustion requirement to ADA).

Second, two of the four have not provided medical documentation in support of their request. Steinolfson Decl. ¶¶ 19–20. Plaintiff Baxter chose to "leave and not come back as long as the Mandate is in place." *Id*. ¶ 19. Plaintiffs McCann, Barker and Kernkamp chose to take paid leave to become vaccinated. *Id*. ¶¶ 18, 20, and 21.

Finally, the City offered several accommodations. Steinolfson Decl. ¶ 13 and Ex. 7; Schaeffer Decl. ¶¶ 8–9 and Ex. 4. While the ADA entitles plaintiff to reasonable accommodations, it does not entitle plaintiff to her preferred accommodation. See 42 U.S.C.A § 12101.; *Zivkovic v. S. Cal. Edison Co.*, 302

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 33
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax: (206) 676-7001

F.3d 1080, 1089 (9th Cir. 2002) ("An employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some reasonable accommodation.").  As demonstrated above, the City reasonably concluded that allow unvaccinated Firefighters/Paramedics to continue in their position would impose an undue burden on the City and unnecessarily compromise the health and safety of the workplace and community. Steinolfson Decl. ¶¶ 6–12; Schaeffer Decl. ¶ 7. The City offered the alternative accommodation of transfer to an available different position where an employee met the relevant qualifications, but none of the Plaintiffs followed up.

2.    **Plaintiffs' claims under Title VII, and state law privacy, bodily autonomy and battery are equally devoid of merit.**

a.    **Title VII[8]**

Plaintiffs' Title VII disparate impact claim is barred due to their failure to exhaust their administrative remedies.  "Under Title VII, an aggrieved person wishing to bring a claim against an employer must exhaust administrative remedies by filing a charge with the [EEOC] or a qualifying state agency and receiving a right-to-sue notice." *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1104 (9th

---

[8] Plaintiffs also rely upon a purported study of the Proclamation's racial impact. However, no claim of race discrimination has been filed and none of the Plaintiffs have alleged they are member of a protected class based upon their race.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 34
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax:  (206) 676-7001

Cir. 2018). Title VII exhaustion is mandatory and may be raised as a defense. *Fort Bend County, Texas v. Davis*, —— U.S. ——, 139 S. Ct. 1843, 1850-53, 204 L. Ed. 2d 116 (2019).  See also *Wise* at 10.  Plaintiffs failed to do so and therefore are not entitled to relief.  Steinolfson Decl. ¶ 44.[9]

---

[9] Plaintiffs' Title VII claim also fails on the merits.  There is no dispute the City fulfilled its duty to accommodate. *See See Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84 (1977) (an employer is not required to accommodate an employee's religious beliefs and practices if doing so would impose an "undue hardship" on the employer's business, which the Court has defined as "more than a de minimis cost."); *Robinson v. Children's Hospital Boston*, 2016 WL 1337255, at *1 (dismissing nurse's religious discrimination claim based upon the hospital's flu vaccination mandate due to the clear safety and liability risks; the mere possibility of an adverse impact on co-workers is sufficient to constitute an undue hardship). Unable to bring a failure to accommodate claim, Plaintiffs assert disparate impact; however, the Proclamation is supported by "a legitimate nondiscriminatory reason" that Plaintiffs cannot establish "was a pretext." *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 656 (9th Cir. 2006).

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 35
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax:   (206) 676-7001

### b. Privacy, Bodily Autonomy, Battery

First, for the reasons expressed in *Wise*, the Court should exercise its discretion and decline supplemental jurisdiction over these state law claims. *Wise* at 5–6.

Second, Plaintiffs' tort claims fail because they did not file a notice of tort claim prior to filing this lawsuit as required by RCW 4.96.020. *Olvera v. Tucker*, 2012 WL 4753367 (October 3, 2012 EDWA) (granting summary judgment of plaintiff's state law tort claims on these grounds); *Sayavanh v. City of Tukwila*, 2012 WL 1022912 (March 23, 2012 WDWA) (same).

Third, Plaintiffs claim they "are in immediate risk of a battery." Motion at 19. As Plaintiffs state "the patient generally possesses the right not to consent, that is, to refuse treatment." *Id*. (quoting *Cruzan by Cruzan v. Dir. Missouri Dep't of Health*, 497 U.S. 261, 270, 110 S. Ct. 2841, 2847, 111 L. Ed. 2d 224 (1990)). If they consent to vaccination, there is no battery. If they refuse to be vaccinated, there is no battery. As the Court stated in its *Wise* oral ruling: "The individual … has a choice, and that choice is whether to take the vaccine …." *Wise* Tr. at 34:20–21.

Fourth, Plaintiffs' purported privacy interests claim is meritless for the reasons identified in the State's Opposition at 9–11, which is incorporated herein by reference.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 36
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax: (206) 676-7001

1    Accordingly, there is no likelihood of success on these state law claims.

2    **D.    Plaintiffs Have Not Established Irreparable Harm.**

3    Plaintiffs' Motion must also be denied because they are not "likely to suffer

4    irreparable harm" absent "preliminary relief." *Winter*, 555 U.S. at 20.  Loss of

5    employment is a quintessential compensable harm, and Plaintiffs' delay in seeking

6    relief undermines any assertion of irreparability.

7    Plaintiffs are incorrect that alleged violations of their constitutional rights

8    establish irreparable harm.  Motion at 22–23.  The case on which they primarily

9    rely, *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 U.S. 63 (2020), is readily

10    distinguishable.  There, Governor Cuomo issued an executive order imposing

11    occupancy restrictions on houses of worship in New York—barring people from

12    attending religious services.  *I.e.*, the impact on the free exercise of those plaintiffs'

13    religion was direct and unavoidable.  Here, Plaintiffs retain the option of

14    continuing to exercise their religious beliefs (or other bases for opposing the

15    Proclamation) by refusing the vaccine.

16    Plaintiffs' potential loss of employment also does not constitute irreparable

17    harm because employment termination is compensable by damages.  See *Wise* at

18    15 and cases cited therein; *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974) (loss

19    of employment is not irreparable harm absent "genuinely extraordinary situation").

20    This principle recently has been applied in the cases discussed above in Section

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 37
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

III.B, and other cases where employees have challenged COVID vaccination

policies. *E.g.*, *Williams v. Brown*, 2021 WL 4894264 (D. Or. October 19, 2021);

*Beckerich v. St. Elizabeth Med. Ctr.*, No. 21-105-DLB-EBA, 2021 WL 4398027, at

*6 (E.D. Ky. Sept. 24, 2021); *Harsman v. Cincinnati Children's Hosp. Med. Ctr.*,

No. 1:21-cv-597, 2021 WL 4504245, at *4 (S.D. Ohio Sept. 30, 2021).

As in these cases, the Proclamation does not force employees to get

vaccinated—it merely makes vaccination a condition of continued employment

absent a reasonable accommodation.  Plaintiffs therefore have a choice.  If they

decline vaccination, they have several accommodations offered by the City.  If

they decline those accommodations, damages would be an adequate remedy,

assuming any viable claims.  This forecloses injunctive relief.

Plaintiffs' delay in filing this action also forecloses injunctive relief.

Plaintiffs filed this motion on October 14, 2021—nearly two months after the

Proclamation was issued, three weeks after the City advised the Plaintiffs of the

results of its accommodation analysis, and 10 days after the final day to receive a

vaccination to be considered fully vaccinated by the October 18, 2021 deadline

Steinolfson Decl. ¶ 13 and Ex. 7.

**E.    Equities and Public Interest Weigh Against Injunctive Relief.**

Plaintiffs have not shown that the balance of the equities or the public

interest warrants injunctive relief.  Plaintiffs have elected to become vaccinated,

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 38
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:  (206) 676-7001

take a leave of absence or an essential function layoff, or retire or resign. They could return to the Department once the public health emergency has passed and the requirements of the Proclamation are lifted. *Id.*

Plaintiffs' "public interest" argument fares no better. As with the plaintiffs in *Wise*, they argue that the public interest element weighs in their favor because they raise claims of a constitutional nature. Motion at 10. Plaintiffs have failed to show they will likely succeed on any of those claims.

Moreover, as the Court found in *Wise*, "the balancing of equities tips heavily in favor of the evidence-backed decisions of the government regarding public health and safety measures, as compared to Plaintiffs' personal beliefs and accommodation preferences." *Wise* at 17. Plaintiffs "are not asking to be allowed to make a self-contained choice to risk only their own health...." *Klaassen*, 2021 WL 3073926, at *43 (quoting *Cassell v. Snyders*, 990 F.3d 539, 550 (7th Cir. 2021)). Rather, "their decision necessarily bears on the health of other[s]." *Id.* These impacts on others were considered by the City as part of its evaluation of potential accommodations and weigh heavily in the City's favor in this Motion. Preventing the further spread of COVID is undoubtedly in the public interest. *See, e.g., Valdez*, 2021 WL 4145746, at *13 ("the balance of equities tips in Defendants' favor given the strong public interest here they are promoting— preventing further spread of COVID-19"). Under the exigent circumstances of a

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 39
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax: (206) 676-7001

global pandemic and the related threats to the public health and welfare, both the

equities and the public interest strongly weigh against the "extraordinary and

drastic remedy" of enjoining the City's compliance with the Proclamation at this

preliminary stage. *Mazurek*, 520 U.S. at 972. As recently noted by this Court, "the

public interest in reducing the dangers and spread of COVID-19 would not be

served by enjoining the Proclamation." *Wise*, at 17.

## IV.    CONCLUSION

For the foregoing reasons, the City requests that the Motion be denied.

DATED this 3rd day of November, 2021.

Respectfully Submitted,

SUMMIT LAW GROUP, PLLC
Attorney for Defendants Nadine
Woodward, Brian Schaeffer and City of
Spokane

By *s/ J. Chad Mitchell*
    Elizabeth R. Kennar, WSBA #25432
    J. Chad Mitchell, WSBA #39689
    David H. Smith, WSBA #10721
    Summit Law Group, PLLC
    315 Fifth Avenue South, Suite 1000
    Seattle, WA 98104-2682
    (206) 676-7000
    *bethk@summitlaw.com*
    *chadm@summitlaw.com*
    *davids@summitlaw.com*

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 40
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone: (509) 735-5053
Fax: (206) 676-7001

1

## CERTIFICATE OF SERVICE

2

   I hereby certify that on this day I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF system which will send notification of such

3

filing to the following:

4

                    Nathan J. Arnold
                    R. Bruce Johnston

5

                    Arnold & Jacobowitz, PLLC
                    2701 First Avenue, Suite 200

6

                    Seattle, WA  98121
                    *nathan@CAJlawyers.com*

7

                    *bruce@CAJlawyers.com*

8

                    ***Attorneys for Plaintiffs***

9

                    Andrew Hughes
                    Spencer W. Coates

10

                    Brian H. Rowe
                    Assistant Attorney General

11

                    Washington State Office
                       of the Attorney General

12

                    800 5th Avenue, Suite 2000
                    Seattle, WA  98104

13

                    *andrew.hughes@atg.wa.gov*
                    *spencer.coates@atg.wa.gov*

14

                    *brian.rowe@atg.wa.gov*

15

                    Zachary Pekelis Jones
                    Pacifica Law Group

16

                    1191 2nd Ave., Ste. 2000
                    Seattle, WA 98101

17

                    *zach.pekelis.jones@pacificalawgroup.com*

18

                    ***Attorneys for Intervenor-Defendants Jay Inslee and***
                    ***Robert W. Ferguson***

19

20

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION - 41
CASE NO. 2:21-cv-00296 TOR

1    DATED this 3rd day of November, 2021.

2                                    *s/ Denise Brandenstein*
                                     Denise Brandenstein

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20