Elizabeth R. Kennar, WSBA # 25432
J. Chad Mitchell, WSBA #39689
David H. Smith, WSBA #10721
Summit Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA  98104-2682
(206) 676-7000
bethk@summitlaw.com
chadm@summitlaw.com
davids@summitlaw.com

The Honorable Thomas O. Rice

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

Firefighters MICHAEL BACON, ANDREA KERNKAMP, JOE HOWARTH, BRENNAN COOKE, TIM WHEELER, TOM HARVEY, JOEL BROSE, TANNER TOWNSEND, CURTIS SMITH, ISAIAH DEAN, NICHOLAS HOLMES, MATTHEW NORTON, JHAR FULLER, STEVEN HOWIE, JEFFREY BAXTER, ARIC PISA, DUANE WILCOX, DAVID HEIZER, JAMES BILLMAN, MARLIN THORMAN, JASON WEBSTER, TIMOTHY ARCHER, COREY BARKER, SCOTT MCCANN, and CONNOR FOXWORTH,

Plaintiffs,

vs.

NADINE WOODWARD, the Mayor of the City of Spokane, Fire Chief BRIAN SCHAEFFER, and THE CITY OF SPOKANE,

Defendants.

CASE NO. 2:21-cv-00296 TOR

DECLARATION OF MEGHANN R. STEINOLFSON

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

I, Meghann R. Steinolfson, declare and state:

1. I am the City of Spokane's Human Resources Director, over 18 years of age, competent to testify and make this statement upon personal knowledge.

2. On August 9, 2021 Governor Jay Inslee issued Proclamation 21-14 requiring all state employees, higher education, child care, and K-12 education employees, and health and long-term care providers, to be fully vaccinated with a recommended COVID-19 vaccine by October 18, 2021 as a condition of employment ("Vaccine Proclamation"). A true and correct copy of Proclamation 21-14 is attached as Exhibit 1. The Proclamation required employers, including the City of Spokane, to verify the vaccination status of all employees falling within the scope of the Vaccine Proclamation, absent a reasonable accommodation based upon an employee's inability to become fully vaccinated due to a disability or sincerely held religious belief.

3. Governor Inslee issued Amended Proclamation 21-14.1, a true and correct copy of which is attached as Exhibit 2, on August 20, 2021. The Governor's Office subsequently issued a Vaccine Proclamation "Frequently Asked Questions" ("FAQ") document specifying that firefighters are included in the vaccine mandate whenever licensed by the state as an emergency medical technician ("EMT") or paramedic, or whenever performing medical functions in

DECLARATION OF MEGHANN R. STEINOLFSON - 1
CASE NO.  2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

the official course of duty.  A true and correct copy of the FAQs is attached as

Exhibit 3.

4.     As of September 2, 2021, the City of Spokane's Human Resources

Department had received a total of 52 exemption requests, 50 religious and 2

medical.  All of these requests came from individuals who were firefighters or

EMTs.  In total these requests represent sixteen (16) percent of Spokane Fire

Department ("SFD") employees.

5.     Based on Amended Proclamation 21-14.1, the City's Human

Resources conducted an individualized assessment and determination of each

individual's need and justification for an accommodation.  After reviewing the

request for a religious or medical accommodation, I then worked with City

officials to determine if there was a reasonable accommodation that would enable

them to continue to perform the essential functions of their position, including

patient care, that would not impose an undue hardship or compromise the health

and safety of their co-workers, patients, and the Community.

6.     In evaluating the ability to provide an accommodation that was

reasonable, would not impose an undue hardship or burden and would not

compromise public health, SFD considered several factors, including but not

limited to the position's essential functions and unique work environment, the

safety and health risks posed by COVID-19 to employees, their families, and our

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

community, the financial cost of COVID-19 including workers compensation

claims, increased leave usage, overtime, PPE, testing, and potential claims. There

is also a significant burden placed on the City due to ensuring that enhanced PPE is

provided, that testing would be available for any and all shifts that worked, and the

enforcement of the accommodations while in and out of the fire station.

Enforcement is of special concern as many seeking an accommodation are

themselves supervisors without on-site oversight, and many of the plaintiffs failed

to even wear a face mask when attending their Loudermill hearing, sitting right

next to their masked Union representative.

7.    The City also considered the Washington State Department of

Health's guidance titled "COVID-19 Cases, Hospitalizations, and Deaths by

Vaccination Status" issued September 15, 2021. A true and correct copy of this

guidance is attached as Exhibit 4.

8.    On September 23, 2021, Dr. Michael Sayre, Medical Director of the

Seattle Fire Department, and Dr. Thomas Rea, Medical Program Director for the

Emergency Medical Services Division of Public Health-Seattle & King County,

issued guidance to Emergency Medical Service (EMS") agencies in King County

recommending that EMS employees providing direct patient care be advised their

agencies may not be able to safely accommodate their request for a medical

disability or sincerely held religious belief request given the burden this would

DECLARATION OF MEGHANN R. STEINOLFSON - 3
CASE NO.  2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

place on their colleagues, patients and larger public.  A true and correct copy of this guidance is attached as Exhibit 5 as well as to the Declaration of Joel D. Edminster, MD, FACEP, as Exhibit 2.  Their guidance has been echoed by Dr. Edminster in his Declaration and the memoranda attached to it as Exhibits 5, 6 and 7.

9.     As noted above, the City of Spokane also considered the costs it has incurred during 2020 and 2021 to deal with the COVID-19 Pandemic as such costs are indicative of the continued threat COVID has posed to the City's employees and operations.  The following is a summary of those costs.

**2020 COVID COSTS**

| | |
|---|---|
| COVID IMT – Overtime for the team assembled to support COVID response in 2020. | $126,714.94 |
| COVID IMT Backfill – overtime paid to employees who covered vacancies created by the IMT in 2020. | $71,887.44* |
| COVID AA – Payroll code for people put off on quarantine in 2020 (20,663 hrs.). | $1,316,853* |
| COVID IOD – Payroll code for confirmed positive cases that were job related in 2020 (3383 hrs.). | $227,912.71* |
| COVID OT – Payroll code generally used for any overtime supporting COVID related work outside once the IMT stood down (ex: shot clinics, PPE delivery, POC COVID hotline, etc.) in 2020 (2304.25 hrs.) | $156,066.85* |
| COVID Workers Compensation Costs for 2020 | $211,624.76 |
| ***TOTAL COVID COST FOR 2020:*** | ***$2,111,059.70*** |

\* Payroll costs are determined by hours multiplied by an average of top steps Paramedic FF, Lieutenant and Captain.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

## 2021 COVID COSTS

| | |
|---|---|
| COVID AA - Payroll code for people off on quarantine in 2021 (3063.5 hrs.) | $207,490.86* |
| COVID IOD – Payroll code for confirmed positive cases that were job related in 2021 (1876.5 hrs.) | $126,419.81* |
| COVID OT – Payroll code generally used for any overtime supporting COVID related work outside once the IMT stood down (ex: shot clinics, PPE delivery, POC COVID hotline, etc.) in 2021 (7944.5 hrs.) | $538,080.98* |
| COVID Workers Compensation Costs for 2021 | $129,505.17 |
| ***TOTAL COVID COST FOR 2021 AS OF SEPTEMBER 1ST*** | ***$1,001,496.86*** |

| | |
|---|---|
| ***TOTAL COVID COSTS FROM MARCH 2020 TO SEPTEMBER 2021*** | ***$3,112,556,52*** |

\* Payroll costs are determined by hours multiplied by an average of top steps
  Paramedic FF, Lieutenant and Captain.

## 2020-2021 Workers Compensation Cost Breakdown

| Loss Type | Count | Sum of Total Incurred |
|---|---|---|
| Medical | 266 | $64,399.41 |
| Time Loss | 168 | $293,909.41 |
| Grand Total | 434 | $358,308.82 |

10.    The fact the incident rate and severity among firefighters is so great suggests that attempts to follow department mandates have not worked, and there is nothing to suggest efforts would be more successful now than before.  It is also unclear how the City could effectively and efficiently enforce department mandates.  By way of example only, and as noted above, during the Loudermill hearings with the City, some of the unvaccinated firefighters did not wear masks in

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

violation of the City's masking policies despite assuring the City it would comply with the safety policies if accommodated.

11.     In addition to the significant cost of COVID to the workplace, which would continue if the City allowed unvaccinated employees to continue working as EMTs under the Mandate, the cost of additional personal protective equipment and COVID testing needed to allow unvaccinated employees to remain in their position is significant.  These costs are further outlined in the Declaration of Jay Atwood.

12.     There is also the significant liability risk and threat to workplace safety and the health and safety of those our EMTs serve.  In contrast, the information we have at this time demonstrates that vaccines are proving effective in protecting City of Spokane firefighters:  2 employees have had breakthrough COVID cases (in November 2020 and September 2021) with total associated costs to the City of Spokane of $2,879 and $3,058.

13.     Unable to provide a reasonable accommodation that would allow the unvaccinated EMTs to perform the essential functions of their position, the City's bargaining team negotiated several accommodations with IAFF, Local 29 that represents the EMTs employed by the City.  These include paid leave to become fully vaccinated, reassignment to another open position within the City that is not covered by the Mandate, leave without pay, or an essential function layoff.  True and correct copies of the Memorandum of Understanding with Local 29 and the

DECLARATION OF MEGHANN R. STEINOLFSON - 6
CASE NO.  2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

September 23, 2021 memorandum to Plaintiffs Archer, Bacon, Barker, Baxter, Billman, Brose, Cooke, Dean, Foxworth, Fuller, Harvey, Heizer, Holmes, Howarth, Howie, Kernkamp, McCann, Norton, Pisa, Smith, Thorman, Townsend, Webster, Wheeler, and Wilcox identifying these options are attached as Exhibits 6 and 7.

14.    As noted in the September 23, 2021 Memorandum, I encouraged impacted members to provide any additional information they wanted the City to consider. With few exceptions, none of the employees provided any additional written materials. Of those who supplied information, they supplied documentation suggesting that they have COVID antibodies or previously tested positive for COVID and believe they are now immune.  As explained by Dr. Edminster, and as clearly set forth in the Proclamation, having antibodies that offer protection against COVID-19 is not a basis for an exemption from the State's vaccination mandate. The DOH specifically answered the question as follows:

> I have had COVID-19 and believe I have natural immunity. Do I still have to be fully vaccinated? Yes. The proclamation does not provide an exemption for individuals who have previously been infected with COVID-19. Experts do not yet know how long you are protected from getting sick again after recovering from COVID-19 and recommend getting vaccinated regardless of whether you already had COVID-19. People are able to get sick with COVID-19 again after they've already had it. Studies have shown that vaccination provides a

DECLARATION OF MEGHANN R. STEINOLFSON - 7
CASE NO.  2:21-cv-00296 TOR

Summit Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

strong boost in protection in people who have recovered from COVID-19.
https://www.doh.wa.gov/Portals/1/Documents/1600/coronavirus/505-160-VaccinationRequirementFAQs.pdf.  Current public health guidance indicates that vaccination offers stronger protection than immunity than comes from having had COVID-19.  See, for example https://www.cdc.gov/media/releases/2021/s0806-vaccination-protection.html; https://www.nebraskamed.com/COVID/covid-19-studies-natural-immunity-versus-vaccination.

15.    The City also offered Loudermill hearings to the Plaintiffs who requested a hearing in lieu of providing any additional information in writing.  This included Plaintiffs Archer, Bacon, Baxter, Brose, Cooke, Dean, Fuller, Harvey, Heizer, Holmes, Howarth, Howie, Kernkamp, McCann, Norton, Smith, Thorman, Townsend, Webster, and Wheeler.  True and correct copies of their Loudermill notices of hearing are attached as Exhibits 8 – 27.  All received an opportunity to provide any additional information they wanted the City to consider regarding potential accommodations and their employment.  All were represented by their attorney and Union during the Loudermill hearings. During the Loudermill hearings, the unvaccinated members, their attorney and Local 29 proposed that the members would pay for any required testing associated with an accommodation. However, the City had already carefully considered this option and  concluded that

DECLARATION OF MEGHANN R. STEINOLFSON - 8
CASE NO.  2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  the increased risk of allowing unvaccinated personnel to provide patient care poses

2  un undue hardship.  As discussed above, masking and testing have not been

3  sufficiently effective in controlling the spread of the virus, and patient care settings

4  only increase the risk of transmission.  As noted in the DOH study attached as

5  Exhibit 4 there is an increased risk of infection, hospitalization and death for those

6  unvaccinated.

7       16.    Although testing is not a reasonable accommodation in the

8  Firefighter/Paramedic role, the City considered the Union and Plaintiffs' proposal

9  to pay for the cost of testing in connection with a potential reassignment to a

10  dispatcher position.  In an attempt to further explore reasonable accommodations,

11  the City's bargaining team, which I lead as part of my duties, reached out to Local

12  29 to negotiate a possible reassignment to the dispatcher position, with daily

13  testing, that would involve temporarily removing the EMT requirements from the

14  dispatcher position pending the accommodation. Specifically, the City agreed to

15  temporarily suspend the EMT requirement for the dispatcher position and allow

16  unvaccinated firefighters to fill vacant dispatcher positions as a reasonable

17  accommodation provided they comply with all masking, social distancing and

18  testing requirements.  This would allow the one unvaccinated dispatcher to remain

19  in their job of hire and unvaccinated firefighters to fill the four vacant dispatcher

20  positions.  Despite their representations during the Loudermill hearings and

DECLARATION OF MEGHANN R. STEINOLFSON - 9
CASE NO.  2:21-cv-00296 TOR

plaintiffs' declaration to the contrary, Local 29 insisted the City assume the cost of testing. The City proposed negotiating a cost-sharing arrangement. For example, the City proposed to the Union that the unvaccinated Firefighters/Paramedics who choose to assume a dispatcher position as a reasonable accommodation pay for the cost of one antigen test per shift, but in no event pay more than $50 should the cost of the tests significantly increase. A true and correct copy of the City's proposal is attached as Exhibit 28. Most recently, the Union proposed the maximum amount the member would pay be reduced to $30 per test, and the City agreed.

17. Through the impact negotiations with Local 29 and the offered accommodations, the City did not terminate any of the plaintiffs.

**A. Plaintiffs seeking a medical accommodation have chosen to become vaccinated or failed to provide medical documentation**

18. Corey Barker submitted a request for medical exemption but did not pursue another position within the City or contact Civil Service. Rather, the accommodation he chose is paid leave to become fully vaccinated. A true and correct copy of my correspondence with Mr. Barker regarding his request is attached as Exhibit 62.

19. Jeff Baxter submitted a request for a medical exemption but never provided the City with documentation from his medical provider in support of his request. Following his Loudermill hearing, I contacted Mr. Baxter to determine if

DECLARATION OF MEGHANN R. STEINOLFSON - 10
CASE NO. 2:21-cv-00296 TOR

Summit Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

and/or when he would be able to provide the medical documentation. Mr. Baxter

responded in part "The only issue I have with the discussing anything further is I

am leaving tomorrow morning at 8 am and if nothing changes with the mandate I

will not be returning." A true and correct copy of his October 13, 2021 email is

attached as Exhibit 29. Mr. Baxter eventually selected essential function layoff, a

true and correct copy of my correspondence acknowledging such is attached is

Exhibit 30. A true and correct copy of my response following the Loudermill

hearing is attached as Exhibit 31.

20. Andrea Kernkamp also requested a medical exemption but did not

provide any documentation from her medical provider indicating that she had a

medical condition that precluded her from receiving the vaccination. She has

indicated an intent to speak with a provider and selected paid leave through

November 30, 2021 in order to become fully vaccinated. A true and correct copy

of my September 30, 2021 correspondence with Ms. Kernkamp is attached as

Exhibit 32 and my response following the Loudermill hearing is attached as

Exhibit 33.

21. Scott McCann likewise requested a medical accommodation with a

note from his provider indicating adverse reactions to vaccines. Following his

Loudermill hearing, I contacted Mr. McCann to explore whether the Noravax

vaccine may be a viable option for him and if so to continue the accommodation

DECLARATION OF MEGHANN R. STEINOLFSON - 11
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

dialogue.  A true and correct copy of my email to Mr. McCann is attached as

Exhibit 34. He did not respond to my question but rather chose paid leave to

become fully vaccinated.  A true and correct copy of his email to me is attached as

Exhibit 35, and a true and correct copy of my correspondence acknowledging his

selection is attached as Exhibit 36.  As noted earlier, paid leave through November

30, 2021 is an offered accommodation for those choosing to become vaccinated.  A

true and correct copy of my response following the Loudermill hearing is attached

as Exhibit 37.  On October 26, 2021, Mr. McCann provided proof of his

vaccination and will return to work in fourteen days.

**B.**     **Plaintiffs selecting essential function layoffs**

22.     Thomas Harvey initially contacted Civil Service regarding a potential

position reassignment but did not follow through.  Thereafter, he selected an

essential function layoff.  A true and correct copy my response following the

Loudermill hearing is attached as Exhibit 38, and a true and correct copy of my

correspondence with Mr. Harvey regarding his selection is attached as Exhibit 39.

23.     Matthew Norton initially contacted Civil Service to request a

reassignment but then did not follow through.  Rather, the accommodation he

chose is an essential function layoff.  A true and correct copy of my response

following the Loudermill hearing is attached as Exhibit 40, and a true and correct

DECLARATION OF MEGHANN R. STEINOLFSON - 12
CASE NO.  2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  copy of my correspondence with Mr. Norton regarding his selection is attached as

2  Exhibit 41.

3       24.    Marlin Thorman did not pursue another position within the City or

4  contact Civil Service.  Rather, the accommodation he chose is an essential function

5  layoff.  A true and correct copy of my response following the Loudermill hearing

6  is attached as Exhibit 42.

7       25.    Joel Brose likewise did not pursue another position within the City or

8  contact Civil Service.  Rather, the accommodation he chose is an essential function

9  layoff.  A true and correct copy of my response following the Loudermill hearing

10  is attached as Exhibit 43, and a true and correct copy of my correspondence with

11  Mr. Brose regarding his selection is attached as Exhibit 44.

12       26.    Brennan Cooke initially contacted Civil Service to pursue another

13  position in the City but did not follow through.  Rather, the accommodation he

14  chose is an essential function layoff.  A true and correct copy of my response

15  following the Loudermill hearing is attached as Exhibit 45, and a true and correct

16  copy of my correspondence with Mr. Cooke regarding his selection is attached as

17  Exhibit 46.

18       27.    Isaiah Dean initially contacted Civil Service to pursue another

19  position within the City but did not follow through.  Thereafter, the

20  accommodation he selected is an essential function layoff.  A true and correct copy

DECLARATION OF MEGHANN R. STEINOLFSON - 13
CASE NO.  2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

of my response following the Loudermill hearing is attached as Exhibit 47, and a true and correct copy of my correspondence with Mr. Dean regarding his selection is attached as Exhibit 48.

28.     Jhareme Fuller initially contacted Civil Service regarding other potential positions within the City but did not follow through. Thereafter, the accommodation he selected is an essential function layoff. A true and correct copy of my response following the Loudermill hearing is attached as Exhibit 49, and a true and correct copy of my correspondence with Mr. Fuller regarding his selection is attached as Exhibit 50.

29.     Nicholas Holmes contacted Civil Service regarding other potential positions and selected an essential function layoff.  A true and correct copy of my response following the Loudermill hearing is attached as Exhibit 51, and a true and correct copy of my correspondence with Mr. Holmes regarding his selection is attached as Exhibit 52.

30.     Joseph Howarth initially contacted Civil Service regarding other potential accommodations within the City but did not follow through.  Thereafter, the accommodation he selected is an essential function layoff.  A true and correct copy of my response following the Loudermill hearing is attached as Exhibit 53, and a true and correct copy of my correspondence with Mr. Howarth regarding his selection is attached as Exhibit 54.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

31.     Steven Howie did not contact Civil Service or pursue other positions within the City.  The accommodation he selected is an essential function layoff.  A true and correct copy of my response following the Loudermill hearing is attached as Exhibit 55, and a true and correct copy of my correspondence with Mr. Howie regarding his selection is attached as Exhibit 56.

32.     Jason Webster did not contact Civil Service regarding other potential positions within the City.  The accommodation he selected is an essential function layoff.  A true and correct copy of my response following the Loudermill hearing is attached as Exhibit 57, and a true and correct copy of my correspondence with Mr. Webster regarding his selection is attached as Exhibit 58.

33.     Timothy Wheeler did not contact Civil Service regarding other potential positions within the City.  The accommodation he selected is an essential function layoff. A true and correct copy of my response following the Loudermill hearing is attached as Exhibit 59, and a true and correct copy of my correspondence with Mr. Wheeler regarding his selection is attached as Exhibit 60.

34.     Duane Wilcox likewise did not pursue another position within the City or contact Civil Service.  Rather, the accommodation he chose is an essential function layoff.  A true and correct copy of my correspondence with Mr. Wilcox regarding his request is attached as Exhibit 61.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**C.   Plaintiffs selecting paid leave**

35.   Connor Foxworth likewise did not pursue another position within the City or contact Civil Service.  Rather, the accommodation he chose is paid leave through November 30, 2021 in order to become fully vaccinated. A true and correct copy of my correspondence with Mr. Foxworth regarding his request is attached as Exhibit 63.

36.   Curtis Smith chose the offered accommodation of paid leave through November 30, 2021 in order to become vaccinated.  A true and correct copy of my response following the Loudermill hearing is attached as Exhibit 64, and a true and correct copy of my correspondence regarding Mr. Smith's election to take paid leave as an accommodation is attached as Exhibit 65.

37.   Tanner Townsend chose the offered accommodation of paid leave through November 30, 2021 in order to become fully vaccinated.  A true and correct copy of my response following the Loudermill hearing is attached as Exhibit 66, and a true and correct copy of my correspondence with Mr. Townsend regarding his selection is attached as Exhibit 67.

**D.   Plaintiffs selecting resignation**

38.   David Heizer did not pursue another position within the City or contact Civil Service.  Rather, he selected resignation.  A true and correct copy of my response following the Loudermill hearing is attached as Exhibit 68.

DECLARATION OF MEGHANN R. STEINOLFSON - 16
CASE NO.  2:21-cv-00296 TOR

Summit Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

## E. Plaintiffs selecting retirement

39.     Timothy Archer did not pursue another position within the City or contact Civil Service or select one of the other offered accommodations. Nor did he select paid leave or a leave without pay. Rather, he selected retirement. A true and correct copy of my response following the Loudermill hearing and correspondence with Mr. Archer is attached as Exhibit 69.

40.     Michael Bacon likewise did not pursue reassignment to another open position or contact Civil Service. Nor did he select paid leave or a leave without pay. Rather, Mr. Bacon selected retirement. A true and correct copy of my response following the Loudermill hearing is attached as Exhibit 70.

41.     James Billman likewise did not pursue another position within the City or contact Civil Service or the other offered accommodations. Nor did he select paid leave or a leave without pay. Rather, he chose to retire. A true and correct copy of my correspondence with Mr. Billman regarding his retirement is attached as Exhibit 71.

## F. Plaintiffs selecting leave of absence without pay

42.     Aric Pisa did not pursue another position within the City or contact Civil Service. Rather, the accommodation he chose is a leave of absence without pay. Pursuant to the MOU negotiated with Local 29, Mr. Pisa may take up to a 90

DECLARATION OF MEGHANN R. STEINOLFSON - 17
CASE NO.  2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

day leave of absence. A true and correct copy of my correspondence with Mr. Pisa regarding his request is attached as Exhibit 72.

43. We have 14 employees who took paid leave to become vaccinated by November 30 or who have already become vaccinated and returned to work, 2 employees who took leave without pay, 16 employees who chose an essential function layoff, 3 employees who chose to retire, and 1 employee who chose to resign. No one was terminated.

44. None of the plaintiffs have filed an EEOC charge alleging a violation of Title VII or the ADA.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 2nd day of November, 2021, at Spokane, Washington.

*Meghann R. Steinolfson*

Meghann R. Steinolfson

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nathan J. Arnold
R. Bruce Johnston
Arnold & Jacobowitz, PLLC
2701 First Avenue, Suite 200
Seattle, WA 98121
*nathan@CAJlawyers.com*
*bruce@CAJlawyers.com*

***Attorneys for Plaintiffs***

Andrew Hughes
Spencer W. Coates
Brian H. Rowe
Assistant Attorney General
Washington State Office
  of the Attorney General
800 5th Avenue, Suite 2000
Seattle, WA 98104
*andrew.hughes@atg.wa.gov*
*spencer.coates@atg.wa.gov*
*brian.rowe@atg.wa.gov*

Zachary Pekelis Jones
Pacifica Law Group
1191 2nd Ave., Ste. 2000
Seattle, WA 98101
*zach.pekelis.jones@pacificalawgroup.com*

***Attorney for Intervenor-Defendants Jay Inslee and Robert W. Ferguson***

DECLARATION OF MEGHANN R. STEINOLFSON - 19
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

DATED this 3rd day of November, 2021.

*s/ Denise Brandenstein*
Denise Brandenstein

DECLARATION OF MEGHANN R. STEINOLFSON - 20
CASE NO.  2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001