UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL BACON, ANDREA KERNKAMP, JOE HOWARTH, BRENNAN COOKE, TIM WHEELER, TOM HARVEY, JOEL BROSE, TANNER TOWNSEND, CURTIS SMITH, ISAIAH DEAN, NICHOLAS HOLMES, MATTHEW NORTON, JHAR FULLER, STEVEN HOWIE, JEFFREY BAXTER, ARIC PISA, DUANE WILCOX, DAVID HEIZER, JAMES BILLMAN, MARLIN THORMAN, JASON WEBSTER, TIMOTHY ARCHER, COREY BARKER, SCOTT MCCANN, and CONNOR FOXWORTH,<br><br>Plaintiffs,<br><br>v.<br><br>NADINE WOODWARD, the Mayor of the City of Spokane, BRIAN SCHAEFFER, Fire Chief, and THE CITY OF SPOKANE,<br><br>Defendants,<br><br>JAY INSLEE, and ROBERT W. FERGUSON,<br><br>Intervenor-Defendants. | NO. 2:21-CV-0296-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, AND/OR PRELIMINARY INJUNCTION |

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, AND/OR PRELIMINARY INJUNCTION ~ 1

BEFORE THE COURT is Plaintiffs' Motion for Declaratory Relief, Temporary Restraining Order, and/or Preliminary Injunction (ECF No. 2). This matter was submitted for consideration with oral argument on November 4, 2021. Nathan J. Arnold appeared on behalf of Plaintiffs. J. Chad Mitchell appeared on behalf of the City Defendants. Andrew R. W. Hughes appeared on behalf of Intervenor-Defendants. The Court has reviewed the record and files herein, considered the parties' oral arguments, and is fully informed. For the reasons discussed below, Plaintiffs' Motion for Declaratory Relief, Temporary Restraining Order, and/or Preliminary Injunction (ECF No. 2) is **DENIED**.

## BACKGROUND

This matter concerns the vaccination requirement imposed by Defendant City of Spokane (the "City"), pursuant to Proclamation 21-14 *et seq*. (the "Proclamation"), issued by Intervenor-Defendant Governor Inslee. ECF No. 54-2 at 2, at16. The claims presented in this case are similar to those presented in *Wise, et al., v. Inslee, et al.*, No. 2:21-CV-0288-TOR, 2021 WL 4951571 (E.D. Wash. Oct. 25, 2021), which contains a more detailed factual background of the Proclamation and its applicability.

Plaintiffs in the present case are firefighters employed by the City of Spokane. ECF No. 1 at 3–6. Firefighters and other operational employees at the City Fire Department are required to hold licenses as emergency medical

1  technicians (EMTs) or paramedics. ECF No. 53 at 4. EMTs and paramedics are

2  considered healthcare workers under the provisions of the Proclamation. *Id*. Thus,

3  the Proclamation imposed new workplace requirements for City EMTs and

4  paramedics that prohibited them from returning to work after October 18, 2021, if

5  they were not fully vaccinated. ECF No. 54 at 5. On August 20, 2021, Fire Chief

6  Schaeffer emailed Fire Department personnel to inform them of the Proclamation's

7  applicability to all City firefighters, and of the steps employees would need to take

8  to request exemptions and accommodations. *Id*. at 6.

9        The City created a framework to evaluate exemption and accommodation

10 requests to prevent "'rubberstamping' accommodation requests," as required by

11 the Proclamation. *Id*. Once the requests were verified, the City then conducted

12 individualized analyses based on the essential functions of the employment

13 position and work environment, and whether there were reasonable

14 accommodations available that did not impose an undue burden on the City. *Id*. at

15 7. Each Plaintiff participated in the City's evaluation process. *Id*. at 21. After

16 considering the opinions of local experts, national guidance regarding COVID-19,

17 and any alternative approaches to reducing the risks associated with COVID-19,

18 the City determined accommodating unvaccinated EMTs and paramedics in their

19 jobs of hire would impose an undue hardship. *Id*. at 8–19. The City notified

20

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND/OR PRELIMINARY
INJUNCTION ~ 3

1  Plaintiffs of its decision regarding paramedics and EMTs on September 23, 2021.

2  *Id*. at 19.

3      The City then invited Plaintiffs to provide additional information for

4  consideration, and scheduled *Loudermill* hearings to allow Plaintiffs the

5  opportunity to be heard. *Id*. After evaluating Plaintiffs' arguments, the City

6  maintained its position regarding the accommodation requests. *Id*. at 20. The City

7  provided several alternative accommodations for Plaintiffs, which included

8  applying for different jobs within the City, taking paid leave, taking unpaid leave,

9  essential function layoff, or retirement/resignation. *Id*. at 18. To date, each of the

10  named Plaintiffs accepted one of the alternative accommodations proposed by the

11  City after completing the exemption and accommodation process. *Id*. at 21–24.

12      Plaintiffs filed their Complaint and the present motion on October 14, 2021

13  seeking declaratory and injunctive relief. ECF Nos. 1, 2. At oral argument,

14  Plaintiffs clarified they were not pursuing a permanent injunction at this time. On

15  October 18, 2021, the Court granted a motion brought by Governor Inslee and

16  Attorney General Robert W. Ferguson to intervene as defendants. ECF No. 28.

17  The City and Intervenor-Defendants (collectively "Defendants") oppose Plaintiffs'

18  motion.

19  //

20  //

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND/OR PRELIMINARY
INJUNCTION ~ 4

# DISCUSSION

## I. TRO Standard

Pursuant to Federal Rule of Civil Procedure 65, a district court may grant a temporary restraining order (TRO) to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The analysis for granting a temporary restraining order is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). It "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

To obtain this relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest. *Winter*, 555 U.S. at 20; *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). Under the *Winter* test, a plaintiff must satisfy each element for injunctive relief.

Alternatively, the Ninth Circuit also permits a "sliding scale" approach under which an injunction may be issued if there are "serious questions going to the merits" and "the balance of hardships tips sharply in the plaintiff's favor," assuming the plaintiff also satisfies the two other *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of

one element may offset a weaker showing of another."); *see also Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) ("We have also articulated an alternate formulation of the *Winter* test, under which serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." (internal quotation marks and citation omitted)).

### A. Likelihood of Success on the Merits

Plaintiffs' Complaint alleges that the City's imposition of a vaccine requirement for city-employed firefighters, pursuant to the Proclamation, violates Plaintiffs' state and constitutional rights. As an initial matter, while this Court may exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, the decision is discretionary. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended*, (Oct. 1, 1997). In the interests of judicial economy, convenience, fairness, and comity, the Court declines supplemental jurisdiction over Plaintiffs' state law claims and will address only the challenges to federal law. To obtain injunctive relief, Plaintiffs must show that there are "serious questions going to the merits" of their claim, and that they are likely to succeed on the merits. *Cottrell*, 632 F.3d at 1131; *Farris*, 677 F.3d at 865.

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, AND/OR PRELIMINARY INJUNCTION ~ 6

### 1. Procedural Due Process

Plaintiffs' procedural due process claim appears to rest on their disagreement with the City's conclusion regarding the availability of accommodations following the *Loudermill* hearings. ECF No. 2 at 12. The City argues Plaintiffs' claim lacks merit because they received advance notice of the vaccination requirement, participated in *Loudermill* hearings, and either failed to support their requested exemptions or accepted one of the City's proposed accommodations. ECF No. 54 at 34. The Court notes Plaintiffs cite to several Washington cases and statutes to support their argument. ECF No. 2 at 12–14. To the extent Plaintiffs are attempting to assert a Washington law claim, the Court declines supplemental jurisdiction.

The purpose of a *Loudermill* hearing is to provide an entitled employee notice and the opportunity to be heard prior to termination. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). However, when a policy is generally applicable, employees are not "entitled to process above and beyond the notice provided by the enactment and publication" of the policy itself. *Harris v. Univ. of Massachusetts, Lowell,* No. 21-CV-11244-DJC, 2021 WL 3848012, at *5 (D. Mass. Aug. 27, 2021). District courts around the country have applied this principle to employer-issued vaccine mandates during the COVID-19 pandemic, finding employees are not entitled to greater service than what is provided by

enactment of the mandates themselves. *See, e.g.*, *id.*; *Valdez v. Grisham*, --- F. Supp. 3d ---, No. 21-CV-783 MV/JHR, 2021 WL 4145746, at *9 (D.N.M. Sept. 13, 2021); *Bauer v. Summey*, --- F. Supp. 3d ---, No. 2:21-CV-02952-DCN, 2021 WL 4900922, at *7 (D.S.C. Oct. 21, 2021).

Here, the Proclamation is generally applicable, which Plaintiffs do not dispute. Thus, the City was not required to provide Plaintiffs with more process beyond what was provided by enacting the Proclamation. Nonetheless, the City provided process "above and beyond" what was required. *Harris*, 2021 WL 3848012, at *5. The City gave Plaintiffs advance notice of the vaccination requirement, invited Plaintiffs to provide additional information for the City's consideration, offered Plaintiffs the opportunity to participate in *Loudermill* hearings, then communicated the results of those hearings along with proposed alternative accommodations. ECF No. 54 at 34–35. As such, Plaintiffs' procedural due process claim lacks merit. Simply disagreeing with the available accommodations is insufficient to challenge the constitutionality of the City's vaccination requirement. Plaintiffs are not likely to succeed on the merits of their procedural due process claim and there are no serious questions going to the merits of that claim.

    2.  *Title VII; Americans with Disabilities Act (ADA)*

Plaintiffs seem to allege the vaccination requirement has a disparate impact

on individuals with sincerely held religious beliefs in violation of Title VII. ECF No. 2 at 14. As to their ADA claim, Plaintiffs appear to allege only a failure to accommodate, which seems to apply only to Plaintiffs McCann, Barker, and Kernkamp. *Id*. at 20. The City argues these claims fail because Plaintiffs have failed to exhaust their administrative remedies. ECF No. 54 at 36–37.

Title VII and ADA claims require exhaustion before proceeding in district court. *Gobin v. Microsoft Corp.*, No. C20-1044 MJP, 2021 WL 148395, at *4 (W.D. Wash. Jan. 15, 2021) (citing 42 U.S.C. § 12117(a) and *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000), *overruled on other grounds*). Plaintiffs have not exhausted their administrative remedies for either claim. On October 26, 2021, 13 of the 23 named Plaintiffs filed Declarations attesting to their filing of EEOC complaints; Plaintiffs did not file copies of their complaints or provide any indication of what was alleged in the complaints. ECF Nos. 44-1–44-13. Interestingly, there is no evidence that Plaintiffs Barker, Kernkamp, and McCann,[1] who are the only Plaintiffs referenced in regard to the ADA claim, have filed EEOC complaints. In any event, merely filing a complaint with the EEOC is insufficient to satisfy the exhaustion requirements under either Title VII or the

---

[1] Plaintiff McCann provided proof of vaccination on October 26, 2021. ECF No. 54 at 22. Thus, Plaintiff McCann's claim for alleged ADA violations is moot.

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, AND/OR PRELIMINARY INJUNCTION ~ 9

ADA; Plaintiffs must exhaust the entire administrative process. *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010); *Gobin*, 2021 WL 148395, at *4. Consequently, the Court need not address the prima facie elements necessary to state a claim under Title VII or the ADA because Plaintiffs have not satisfied the threshold requirements.

The Court finds Plaintiffs have failed to demonstrate a likelihood of success on the merits of their Title VII and ADA claims and that there are serious questions going to the merits of those claims.

### 3. Free Exercise Clause

Beyond a general recitation of caselaw, it is unclear from Plaintiffs' briefing what argument they are attempting to advance under their free exercise claim. ECF No. 2 at 15–19. At oral argument, Plaintiffs clarified they are challenging only the application of the vaccination requirement pursuant to the Proclamation. Plaintiffs allege the requirement is not generally applicable because it unconstitutionally targets individuals with sincerely held religious beliefs, and thus, cannot survive strict scrutiny. *Id.* at 17–18. The City argues the vaccination requirement is generally applicable and need only survive rational basis, but also survives under strict scrutiny. ECF No. 54 at 29–32.

A law is not generally applicable if the record before the court "compels the conclusion" that suppression of religion or religious practice is the object of the

law at issue. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,* 508 U.S. 520, 534 (1993). Here, the object of the City's vaccination requirement pursuant to the Proclamation is clear: slow the spread of COVID-19. ECF No. 54-2 at 2, at 16. The vaccination requirement applies with equal force to all city-employed firefighters, regardless of their religious affiliation—or lack thereof. There is no discriminatory animus or objective. Moreover, the vaccination requirement is imposed pursuant to the Proclamation, which applies to all state employees and contractors, educators, and healthcare workers, which is further evidence of general applicability. Finally, the City recognizes exemptions for those who qualify for accommodations due to their sincerely held religious beliefs or medical conditions. If anything, the City's vaccine requirement encourages religious practice because there are no other recognized exemptions, such as political or personal objections. *See Listecki v. Off. Comm. of Unsecured Creditors*, 780 F.3d 731, 744 (7th Cir. 2015) ("A benefit to religion does not disfavor religion in violation of the Free Exercise Clause."). Indeed, 21 of the 25 named Plaintiffs applied for and received a religious exemption. ECF No. 54 at 21. The remaining four Plaintiffs either chose to get vaccinated or failed to provide the necessary medical documentation to substantiate their medical exemption requests. *Id.* Plaintiffs cannot demonstrate a discriminatory application solely because they disagree with the availability of accommodations. Plaintiffs have failed to

1 demonstrate how the City's vaccination requirement is not generally applicable.

2       The Court next turns to Plaintiffs' argument that strict scrutiny should apply in the determination of whether the vaccine requirement is constitutional. Federal courts have routinely applied rational basis when evaluating challenges to vaccine mandates based on free exercise claims. Nonetheless, for the purposes of the present motion, the Court need not decide which standard should apply because the City's vaccination requirement survives both strict scrutiny and rational basis. First, Plaintiffs acknowledged at oral argument that preventing the spread of COVID-19 is a compelling government interest. Indeed, the Supreme Court has endorsed this same "compelling" interest. *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020). The City's vaccination requirement is narrowly tailored in that it applies to a specific job sector whose employees come into regular contact with vulnerable segments of the public, particularly in emergency situations, and whose employees work in close contact with their peers and other healthcare professionals in other facilities. ECF No. 54 at 9.

      Moreover, the City has a legitimate government interest in preventing the spread of COVID-19 by adopting the vaccination requirements imposed by the Proclamation. *See Slidewaters LLC v. Washington State Dep't of Lab. & Indus.*, 4 F.4th 747, 758 (9th Cir. 2021). The City's vaccination requirement is rationally related to that interest because it is based on overwhelming evidence that the

vaccines are safe and effective, and increasing vaccination rates among employees who come into regular contact with the public is a rational action to reduce the spread of COVID-19.

Plaintiffs' objections to the City's vaccination requirement relate primarily to their disagreement with the City's judgment regarding public health and the availability of accommodations, which is insufficient to overcome the constitutionality of the City's actions in enacting the vaccination requirement, regardless of which level of scrutiny is applied. Plaintiffs have failed to demonstrate a likelihood of success on the merits of their free exercise claim and that there are serious questions going to the merits of that claim.

### 4.    *Contracts Clause*

Plaintiffs' two-sentence argument regarding their contracts clause claim is devoid of any facts, evidence, or caselaw. ECF No. 2 at 19. Plaintiffs' argument was not further developed at oral argument. Consequently, the Court finds Plaintiffs have failed to demonstrate a likelihood of success on the merits of their contracts claim and that there are serious questions going to the merits of that claim.

### 5.    *Privacy, Bodily Autonomy, and Battery*

Plaintiffs offer broad statements regarding the existence of the right to bodily autonomy and the common law doctrine of battery without explaining how

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, AND/OR PRELIMINARY INJUNCTION ~ 13

either of these legal theories apply to the case at bar. ECF No. 2 at 19–20. Plaintiffs then curiously pivot to Washington State caselaw on economic battery to support their contention that Plaintiff Barker "has been battered" but fail to provide any factual context. *Id*. at 20.

First, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiffs are attempting to allege. Second, Plaintiffs have failed to raise a cognizable argument under federal law. Therefore, Plaintiffs have failed to demonstrate a likelihood of success on the merits of their attempted privacy, bodily autonomy, and battery claim and that there are serious questions going to the merits of that claim.

### B. Irreparable Injury

It is difficult to decipher the irreparable harm Plaintiffs allege they will suffer. ECF No. 2 at 8. A plaintiff seeking injunctive relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coalition v.*

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, AND/OR PRELIMINARY INJUNCTION ~ 14

1  *Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).

2  Plaintiffs' generalized statement that their religious freedoms are protected by the First and Fourteenth Amendments does not establish irreparable harm. ECF No. 2 at 7–8. To the extent Plaintiffs attempt to assert there is a presumption of irreparable harm when constitutional violations are alleged, the presumption does not apply where the party seeking injunctive relief fails to demonstrate a likelihood of success on the merits and that there are serious questions going to the merits of the constitutional claims. *A. v. Hochul*, --- F. Supp. 3d ---, No. 1:21-CV-1009, 2021 WL 4734404, at *4 (N.D.N.Y. Oct. 12, 2021); *Fyock v. City of Sunnyvale*, 25 F. Supp. 3d 1267, 1282 (N.D. Cal. 2014), *aff'd sub nom. Fyock v. Sunnyvale*, 779 F.3d 991 (9th Cir. 2015); *Associated Gen. Contractors of California, Inc. v. Coal. for Econ. Equity*, 950 F.2d 1401, 1412 (9th Cir. 1991). Plaintiffs have failed to demonstrate a likelihood of success on the merits of any of their claims; thus, Plaintiffs are not entitled to the presumption of irreparable harm.

Moreover, it is well settled that loss of employment does not constitute irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974) (absent a "genuinely extraordinary situation," employment loss is not irreparable harm); *Massachusetts Correction Officers Federated Union v. Baker*, --- F. Supp. 3d ---, No. 21-11599-TSH, 2021 WL 4822154, at *7 (D. Mass. Oct. 15, 2021); *Beckerich*

*v. St. Elizabeth Med. Ctr.*, --- F. Supp. 3d ---, No. CIV 21-105-DLB-EBA, 2021 WL 4398027, at *6 (E.D. Ky. Sept. 24, 2021).

Finally, Plaintiffs' delay in both instituting this action and filing the present motion cuts against their claim of irreparable harm. Plaintiffs filed their Complaint and the present motion on October 14, 2021, over six weeks after they were notified by Chief Schaeffer of the Proclamation's applicability, and 10 days after the deadline for affected employees to have received their final vaccine dose. ECF Nos. 1; 2; 54-2 at 12–13. Plaintiffs then waited another four days to effectuate proper service on Defendants. ECF Nos. 37–39. Plaintiffs' dilatory litigation practices "impl[y] a lack of urgency and irreparable harm." *Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985). The Court finds Plaintiffs have not carried their burden to demonstrate the likelihood of irreparable harm absent a temporary restraining order.

**C. Balancing of Equities and Public Interest**

Plaintiffs imply the public interest is not served by Defendants' vaccination requirement because the public will lose emergency services personnel. ECF No. 2 at 9. Plaintiffs do not address the balancing of equities.

"When the government is a party, these last two factors merge." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). "In each case, courts must balance the competing claims of injury and must consider the effect on each

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, AND/OR PRELIMINARY INJUNCTION ~ 16

1  party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at

2  24 (quotation marks and citation omitted).  The Court must balance the hardships

3  to the parties should the *status quo* be preserved against the hardships to the parties

4  should Plaintiffs' requested relief be granted.  "In exercising their sound discretion,

5  courts of equity should pay particular regard for the public consequences in

6  employing the extraordinary remedy of injunction." *Id.* (quotation omitted).  "The

7  public interest inquiry primarily addresses impact on non-parties rather than

8  parties." *League of Wilderness Defs./Blue Mountains Biodiversity Project v.*

9  *Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014) (citation omitted).  Regardless,

10 the Court will not grant a preliminary injunction unless the public interests in favor

11 of granting an injunction "outweigh other public interests that cut in favor of *not*

12 issuing the injunction." *Cottrell*, 632 F.3d at 1138 (emphasis in original).

13    Here, Plaintiffs' speculative and unsubstantiated claim that the public will

14 lose emergency services personnel is insufficient to support an injunction against

15 Defendants' vaccination requirement.  ECF No. 2 at 9.  This Court recently joined

16 other district courts around the country in finding that public interest is not served

17 by enjoining vaccination requirements designed to reduce the spread of COVID-19

18 and to mitigate the dangers posed by the disease.  *See, e.g.*, *Does 1-6 v. Mills*, --- F.

19 Supp. 3d ---, No. 1:21-CV-00242-JDL, 2021 WL 4783626 (D. Me. Oct. 13,

20 2021), *aff'd,* No. 21-1826, 2021 WL 4860328 (1st Cir. Oct. 19, 2021) (collecting

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND/OR PRELIMINARY
INJUNCTION ~ 17

cases); *Wise et al.*, 2021 WL 4951571.  As one court noted "[w]eakening the State's response to a public-health crisis by enjoining it from enforcing measures employed specifically to stop the spread of COVID-19 is not in the public interest."  *Bimber's Delwood, Inc. v. James*, 496 F. Supp. 3d 760, 789 (W.D.N.Y. 2020).

Plaintiffs did not address the balancing of equities.  Nonetheless, the balance of equities tips in favor of Defendants.  While the Court is sensitive to potential economic hardships Plaintiffs may face should their employment status change, the balancing of harm and equities weighs in favor of Defendants because there is a "legitimate and critical public interest in preventing the spread of COVID-19 by increasing the vaccination rate."  *Massachusetts Correction Officers Federated Union v. Baker*, No. 21-11599-TSH, 2021 WL 4822154, at *8 (D. Mass. Oct. 15, 2021).  The Court finds the balance of equities tips in favor of Defendants and that the public interest would not be served by enjoining Defendants' vaccination requirement.

## CONCLUSION

The Court finds that Plaintiffs have failed to satisfy either the *Winter* test or the *Cottrell* sliding scale test.  Plaintiffs are not entitled to the relief they seek.

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, AND/OR PRELIMINARY INJUNCTION ~ 18

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion for Declaratory Relief, Temporary Restraining Order, and/or Preliminary Injunction (ECF No. 2) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED November 8, 2021.



THOMAS O. RICE
United States District Judge