UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL BACON, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>NADINE WOODWARD, et al.,<br><br>        Defendants,<br><br>JAY INSLEE, et al.,<br><br>        Intervenor-Defendants. | NO. 2:21-CV-0296-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING DEFENDANTS' EXPEDITED MOTION TO STRIKE |

BEFORE THE COURT are Defendants' Motion for Judgment on the Pleadings (ECF No. 70) and Expedited Motion to Strike Declaration of Howarth (ECF Nos. 74, 75). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendants' Motion for Judgment on the Pleadings (ECF No. 70) is **GRANTED** and Defendants' Expedited Motion to Strike is **DENIED**.

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING DEFENDANTS' EXPEDITED MOTION TO STRIKE ~ 1

# BACKGROUND

This matter concerns the vaccination requirement imposed by Defendant City of Spokane (the "City"), pursuant to Proclamation 21-14 *et seq*. (the "Proclamation"), issued by Intervenor-Defendant Governor Inslee. ECF No. 54-2 at 2, at 16. Plaintiffs allege the Proclamation violates a variety of state and federal laws. ECF No. 1. The claims presented in this case are similar to those presented in *Wise, et al., v. Inslee, et al.*, No. 2:21-CV-0288-TOR, 2021 WL 4951571 (E.D. Wash. Oct. 25, 2021), which contains a more detailed factual background of the Proclamation and its applicability. The factual background of this case is discussed in the Court's Order Denying Motion for Temporary Restraining Order. ECF No. 63.

Defendants Woodward, Schaeffer, and the City of Spokane (collectively, "City Defendants") move for judgment on the pleadings, arguing Plaintiffs have failed to state claims upon which relief may be granted. ECF No. 70. Plaintiffs oppose the motion and request an opportunity to amend their pleadings. ECF No. 72. Additionally, City Defendants move to strike the Declaration of Howarth (ECF No. 73), filed concurrently with Plaintiffs' Response, and seek expedited review of the motion. ECF Nos. 74, 75. Intervenor-Defendants Governor Inslee and Attorney General Ferguson (collectively, "State Defendants") join City Defendants in the Motion for Judgment on the Pleadings. ECF No. 71.

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING DEFENDANTS' EXPEDITED MOTION TO STRIKE ~ 2

# DISCUSSION

## I. Motion to Strike

City Defendants move to strike the Declaration of Howarth (ECF No. 73) filed concurrently with Plaintiffs' Response, arguing the information contained therein is redundant and immaterial. ECF No. 74. Plaintiffs did not respond to the motion.

On a motion pursuant to Rule 12(b)(6) or 12(c), the inclusion of materials outside the pleadings that are not excluded by the court convert the motion to one for summary judgment. Fed. R. Civ. P. 12(d). The decision to exclude the materials is within the court's discretion. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

The Court finds exclusion of the Declaration of Howarth is appropriate, as it does not provide any additional information that is not already included in the Complaint, and it has no bearing on the outcome of the motion for judgment on the pleadings. Because exclusion is within the Court's discretion, it is unnecessary to strike the Declaration from the record; the Court simply will not consider it to avoid converting Defendants' Rule 12(c) motion to a motion for summary judgment. City Defendants' expedited Motion to Strike Declaration is denied.

## II. Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a

1  party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  In

2  reviewing a 12(c) motion, the court "must accept all factual allegations in the

3  complaint as true and construe them in the light most favorable to the non-moving

4  party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  "Analysis under

5  Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under

6  both rules, a court must determine whether the facts alleged in the complaint, taken

7  as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d

8  1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted).  "A

9  judgment on the pleadings is properly granted when, taking all the allegations in

10 the non-moving party's pleadings as true, the moving party is entitled to judgment

11 as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d

12 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698,

13 699 (9th Cir. 1999)).

14     "Federal pleading rules call for 'a short and plain statement of the claim

15 showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do

16 not countenance dismissal of a complaint for imperfect statement of the legal

17 theory supporting the claim asserted." *Johnson v. City of Shelby, Miss*., 574 U.S.

18 10, 11 (2014) (citation omitted).

19     Federal Rule of Civil Procedure 15(a) provides that "a party may amend its

20 pleading only with the opposing party's written consent or the court's leave,"

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS AND DENYING DEFENDANTS' EXPEDITED MOTION TO
STRIKE ~ 4

which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has directed that this policy be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). In ruling upon a motion for leave to amend, a court must consider whether the moving party acted in bad faith or unduly delayed in seeking amendment, whether the opposing party would be prejudiced, whether an amendment would be futile, and whether the movant previously amended the pleading. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (citation omitted) (emphasis in original).

### A. Procedural Due Process

City Defendants and Intervenor-Defendants (collectively, "Defendants") move to dismiss Plaintiffs' procedural due process claim, arguing the claim fails as a matter of law because Plaintiffs were not entitled to pre-disciplinary *Loudermill* hearings. ECF No. 72 at 5. The Complaint asserts Plaintiffs were denied procedural due process as required by state law. ECF No. 1 at 9, ¶¶ 55–61.

As this Court indicated in the Order Denying Temporary Restraining Order, Plaintiffs were not entitled to greater notice than what was provided in the

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING DEFENDANTS' EXPEDITED MOTION TO STRIKE ~ 5

Proclamation itself. ECF No. 63 at 7–8. Nonetheless, City Defendants gave Plaintiffs advance notice of the vaccination requirement, invited Plaintiffs to provide additional information for the City's consideration, offered Plaintiffs the opportunity to participate in *Loudermill* hearings, then communicated the results of those hearings along with proposed alternative accommodations. *Id*. at 8. Plaintiffs simply disagreed with the City's available accommodations. *Id*.

In response to the present motion, Plaintiffs argue they should be granted leave to amend their Complaint because some Plaintiffs have now "lost their jobs without due process." ECF No. 72 at 15. Plaintiffs have not advanced any arguments as to why they were entitled greater process than what was provided or required by law.

Plaintiffs commenced this action on October 14, 2021 and sought a Temporary Restraining Order the same day. ECF Nos. 1, 2. The Court denied the motion on November 8, 2021, outlining the deficiencies with Plaintiffs' claims. ECF No. 63. Since then, Plaintiffs have had ample time to review their claims and seek leave to correct the deficiencies in their Complaint, or to dismiss the claims and seek relief in state court. They have done neither. Accordingly, the Court finds Plaintiffs have unduly delayed seeking amendment and Defendants would be prejudiced at this stage in the litigation. Moreover, amendment would be futile, as Plaintiffs' procedural due process claim fails as a matter of law.

### B. Free Exercise

Defendants move for judgment on the pleadings on Plaintiffs' free exercise claim, arguing the Proclamation is constitutional under the applicable standard of review. ECF No. 70 at 6–8. Plaintiffs allege the City has refused to accommodate their sincerely held religious beliefs. ECF No. 1 at 10, ¶¶ 62–67.

The Court previously held the Proclamation survives rational basis review, which is the applicable standard for facially neutral and generally applicable regulations that allow for religious and medical exemptions. ECF No. 63 at 10–13. In response to the present motion, Plaintiffs appear to resurrect the same arguments asserted in their Motion for Temporary Restraining Order. ECF No. 72 at 7–12. Because Plaintiffs do not advance any new arguments that would alter the Court's prior analysis and have failed to correct the deficiencies in the Complaint that led to the Court's denial of the Temporary Restraining Order, it is unnecessary to revisit the issue here. Plaintiffs have failed to state a claim upon which relief may be granted and Defendants are entitled to judgment on the pleadings. The Court finds amendment would be futile, as Plaintiffs' free exercise claim fails as a matter of law. *See* ECF No. 63 at 10–13.

### C. Equal Protection

Defendants move for judgment on the pleadings on Plaintiffs' equal protection claim, arguing the Proclamation satisfies rational basis review. ECF

1  No. 70 at 8–9.  Plaintiffs allege they are being treated differently than other

2  firefighters and EMS workers who are employed by other municipalities.  ECF

3  Nos. 1 at 10–11, ¶¶ 68–74; 72 at 13.

4      If there is no suspect class at issue, a government policy "need only

5  rationally further a legitimate state purpose to be valid."  *Minn. State Bd. For*

6  *Cmty. Colls. v. Knight*, 465 U.S. 271, 291 (1984).  Where the policy contains

7  classifications that are not based on suspect classes, "[t]he Equal Protection clause

8  will be satisfied [if] there is a plausible policy reason for the classification, the

9  government decisionmaker relied on facts that may have been considered to be

10  true, and the relationship of the classification to its goal is not so attenuated as to

11  render the distinction arbitrary or irrational."  *Williams v. Brown*, 567 F. Supp. 3d

12  1213, 1228 (D. Or. 2021) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992))

13  (internal quotations omitted).  Plaintiffs did not pursue their equal protection claim

14  in their Motion for Temporary Restraining Order.  Additionally, their present

15  responsive briefing lacks any cognizable legal arguments or citations to legal

16  authority.  See ECF No. 72 at 13.  In any event, Plaintiffs' claim fails as a matter of

17  law as they have failed to allege membership in a suspect class; therefore, rational

18  basis is the applicable standard and the Proclamation survives that standard of

19  review.

20

While the Proclamation differentiates between vaccinated and unvaccinated employees, the classifications serve a legitimate government purpose, which is to slow the spread of COVID-19, and the classifications are not arbitrary or irrational. Moreover, the Proclamation applies with equal force to all City employees. Plaintiffs cannot overcome the Proclamation's legitimate purpose with complaints that the availability of accommodations within the City of Spokane differ from those available elsewhere. Plaintiffs have failed to allege a cognizable equal protection claim and Defendants are entitled to judgment on the pleadings. Amendment would be futile, as Plaintiffs' claim fails as a matter of law.

### D. Americans with Disabilities Act (ADA)

Defendants seek judgment on the pleadings as to Plaintiffs' ADA claim on the grounds that Plaintiffs failed to exhaust their administrative remedies. ECF No. 70 at 10. The Complaint alleges some Plaintiffs were denied accommodations as required by the ADA. ECF No. 1 at 12–13, ¶¶ 75–91.

At the time this action was commenced, Plaintiffs had not exhausted their administrative remedies; therefore, the Court found their ADA claim was unlikely to succeed on the merits. ECF No. 63 at 8–10. Strangely, Plaintiffs continue to argue they are entitled to ADA accommodations, despite providing no indication they have since exhausted the administrative process. As such, Plaintiffs' ADA claim fails as a matter of law and Defendants are entitled to judgment on the

pleadings.  Amendment would be futile because Plaintiffs have not exhausted their administrative remedies.

### E.  Due Process

Plaintiffs allege a second due process claim as their Fifth Cause of Action.  ECF No. 1 at 13–14, ¶¶ 92–94.  It is unclear what legal theory Plaintiffs are attempting to advance with this claim; the Complaint simply alleges City Defendants were "hiding behind the Governor's Mandate and Mandate Amendment," and thus, Plaintiffs were denied due process.  *Id*. at ¶ 94.  In their present Response, Plaintiffs appear to reassert the argument that they were denied *Loudermill* due process hearings.  ECF No. 72 at 14–15.  The Court has already dismissed Plaintiffs' procedural due process claim.  Accordingly, Defendants are entitled to judgment on the pleadings regarding Plaintiffs' Fifth Cause of Action.  Leave to amend is denied, as it would be futile, and Plaintiffs have unduly delayed seeking leave to amend.

### F.  Contracts Clause

Defendants move for judgment on the pleadings as to Plaintiffs' Contracts Clause claim on the grounds that Plaintiffs have failed to allege a specific contract that has been interfered with by the Proclamation.  ECF No. 70 at 11–12.  Plaintiffs' claim is primarily based on Washington state law and only cursorily references the Contracts Clause.  ECF No. 1 at 14, ¶¶ 97–101.  Plaintiffs did not

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING DEFENDANTS' EXPEDITED MOTION TO STRIKE ~ 10

cite to any facts, evidence, or caselaw to support this claim in their Motion for Temporary Restraining Order and cite only to state law in their current responsive briefing. Consequently, it appears Plaintiffs have abandoned the claim premised on federal law. Accordingly, Defendants are entitled to judgment on the pleadings as to the federal Contracts Clause claim. Leave to amend is denied, as it would be futile and has been unduly delayed.

### G. State Law Claims

Plaintiffs allege state law claims for wrongful termination, breach of contract, infliction of emotional distress, and infringement of privacy rights. ECF No. 1 at 14–15, ¶¶ 95–110. A federal court has supplemental jurisdiction over pendent state law claims to the extent they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted). Once the court acquires supplemental jurisdiction over state law claims, § 1367(c) provides that the court may decline to exercise jurisdiction if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the

district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Indeed, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), superseded on other grounds by statute as stated in *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

Having dismissed all federal law claims asserted against Defendants, the Court declines to exercise jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (finding that a district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining state law claims when federal claims were dismissed). The parties will not be prejudiced by the Court's decision to decline jurisdiction. Formal discovery in this federal case has not begun, so if Plaintiffs choose to refile their state law claims in state court, they will not be prejudiced. Further, the period of limitation for Plaintiffs' remaining state law claims is tolled for thirty days after the claims are dismissed unless Washington law provides for a longer tolling period. *See* 28 U.S.C. § 1367(d).

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING DEFENDANTS' EXPEDITED MOTION TO STRIKE ~ 12

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Strike (ECF No. 74) and Motion to Expedite the same (ECF No. 75) are **DENIED.**

2. Defendants' Motion for Judgment on the Pleadings (ECF Nos. 70, 71) is **GRANTED**. The federal claims asserted against Defendants Nadine Woodward, Briand Schaeffer, and City of Spokane, and Intervenor-Defendants Governor Jay Inslee and Attorney General Robert Ferguson, are **DISMISSED with prejudice**.

3. Any remaining state law claims are **DISMISSED without prejudice.**

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED June 30, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING DEFENDANTS' EXPEDITED MOTION TO STRIKE ~ 13