# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

MICHAEL BACON, JOE HOWARTH, TIM WHEELER, TOM HARVEY, JOEL BROSE, TANNER TOWNSEND, ISAIAH DEAN, NICHOLAS HOLMES, MATTHEW NORTON, JHAR FULLER, STEVEN HOWIE, JEFFREY BAXTER, ARIC PISA, DUANE WILCOX, DAVID HEIZER, JAMES BILLMAN, MARLIN THORMAN, JASON WEBSTER, and TIMOTHY ARCHER,

Plaintiffs,

v.

NADINE WOODWARD, the Mayor of the City of Spokane, Fire Chief BRIAN SCHAEFFER, the CITY OF SPOKANE.

Defendants.

**CASE NO. 21-cv-00296-TOR**

**FIRST AMENDED COMPLAINT [CORRECTED]**

**JURY DEMANDED**

FIRST AMENDED COMPLAINT [CORRECTED]

1

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

## I.    INTRODUCTION AND SUMMARY

1.    Plaintiffs are former first responders who worked for Defendant Spokane Fire Department ("SFD"), which is a department within Defendant City of Spokane.

2.    Plaintiffs commence this action against the Defendants seeking prospective injunctive relief of reinstatement, compensatory damages, punitive damages, and attorney fees for: (1) violating 42 U.S.C. § 1983 by: (a) personal participation in intentional acts that violated Plaintiffs' rights guaranteed by the U.S. Constitution (Free Exercise and Equal Protection) with an intent to violate all but one Plaintiffs' constitutional rights or with reckless disregard that their intentional conduct would violate those Plaintiffs' constitutional rights, (b) intentionally enacting municipal policy or custom that violated all but one Plaintiff's constitutional rights, (c) supervisor liability through direction or ratification of their subordinates' acts; (2) violating Title VII (42 USC §2000(3)(j)) by failing to offer all but one of the Plaintiffs a reasonable accommodation that would not have caused the City of Spokane undue hardship; and (3) violating the Washington Law Against Discrimination (Ch. 49.60, RCW) for failing to accommodate Plaintiffs' religious beliefs and practices.

## II.    PARTIES, VENUE, AND JURISDICTION

3.    Defendant City of Spokane (the "City") is a Washington First Class City that had a population over 10,000 and operated under a home rule charter at the time of reorganization, and it is permitted to perform the functions specifically granted it by Title 35 RCW.   It operates under a mayor-council form of government.

4.    Defendant SFD is a fire protection agency that has existed within the State of Washington since 1884. It is, and at all material times was, a unit of the City's general government as required of first-class cities under Ch. 35.22, RCW.

5.    Defendant Nadine Woodward (the "Mayor") is an individual and a former City Mayor. At all times material to this Complaint, she was the duly-elected Mayor of the City

6.    Defendant Doe Woodward is a pseudonym for Defendant Woodward's spouse, domestic partner, or person with whom she was or is involved in a committed intimate relationship.

7.    Defendant Brian Schaeffer (the "Chief") is an individual who, at all material times was the SFD Chief.

8.    On August 9, 2021, the Governor issued Proclamation 21-14 (initially and as subsequently amended, the "Proclamation"). The Governor amended and

FIRST AMENDED COMPLAINT
[CORRECTED]

3

superseded it on August 20, 2021, when he issued Proclamation 21-14.1. The Governor amended and superseded it again on September 24, 2021, when he issued Proclamation 21-14.2. The Governor amended and superseded it again on November 24, 2021, when he issued Proclamation 21-14.3. The Governor amended and superseded it again on March 23, 2022, when he issued Proclamation 21-14.4. The Governor amended and superseded it again on May 20, 2022, when he issued Proclamation 21-14.5. Finally, on October 28, 2022, the Governor issued Proclamation 21-24.6, which rescinded the Proclamation as of 11:59 p.m. on October 31, 2022.

9.    Prior to being rescinded, the Proclamation required, among other things, all credentialed and licensed Washington State Health Care Providers ("HCPs") to continue providing the health care services for which they were credentialed to become "fully vaccinated" by October 18, 2021 (the "Mandate") or be granted an exemption from having to comply with the Mandate.

10.    Each Plaintiff was a credentialed and licensed HCP.

11.    The Proclamation defined the term "fully vaccinated" to mean receiving two injections of either the Moderna or Pfizer vaccine or one injection of the Johnson & Johnson (J&J) vaccine and have an appropriate waiting time expire.

FIRST AMENDED COMPLAINT    4    ARNOLD JACOBOWITZ & ALVARADO PLLC
[CORRECTED]                         720 SENECA STREET STE. 107, NO. 393
                                               SEATTLE, WA 98101
                                               (206) 799-4221

12.     In addition to receiving an exemption from the Mandate, for Plaintiffs to continue their public employment with the City as a HCP, the City had to accommodate each Plaintiff's exemption.

13.     The City granted exemptions to each Plaintiff so they were not required to comply with the Mandate.

14.     The City did not provide any Plaintiff a reasonable accommodation pursuant to any Plaintiff's exemption and initiated action to separate each Plaintiff from their continued public employment with the City and specifically with SFD.

15.     All Plaintiffs were, at all times material to this Complaint, individuals who were employed by the City and worked at the SFD.

16.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.§ 1331 because it involves claims involving federal questions regarding federal statues, namely 42 U.S.C. § 1983, that arise from violations of the Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution. Plaintiffs also allege claims under Title VII of the Civil Rights Act.

17.     Each Defendant is a citizen of, regularly conducts business in, or has submitted itself to the jurisdiction of, the Eastern District of Washington. The Court has personal jurisdiction over each of them.

FIRST AMENDED COMPLAINT
[CORRECTED]

5

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

18. Venue is proper in the Eastern District of Washington because one or more Defendants resides in the Eastern District and the events giving rise to Plaintiffs' claims occurred in the Eastern District.

### III. FACTS REGARDING EACH PLAINTIFF

19. Plaintiff Jhareme Fuller was an SFD employee.

20. Plaintiff Fuller holds a sincere religious belief that prevented him from receiving the then available COVID-19 vaccines.

21. Plaintiff Fuller holds a sincere religious belief that prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice, and that his body is a "temple of the Lord" which would be sinful to alter by the then-available COVID-19 vaccines.

22. Plaintiff Fuller put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

23. Plaintiff Fuller was not offered a reasonable accommodation.

24. Plaintiff Fuller suffered an adverse employment action when he was not accommodated and was terminated from his continuing public employment.

25. Plaintiff Thomas Harvey was an SFD employee.

FIRST AMENDED COMPLAINT [CORRECTED]

6

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

26.    Plaintiff Harvey holds a sincere religious belief that prevented him from receiving the then available COVID-19 vaccines.

27.    Plaintiff Harvey holds a sincere religious belief that prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice, and because "God intended" his natural immunity to protect him.

28.    Plaintiff Harvey put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

29.    Plaintiff Harvey was not offered a reasonable accommodation.

30.    Plaintiff Harvey suffered an adverse employment action when he was terminated from his continuing public employment.

31.    Plaintiff Jim Billman was an SFD employee.

32.    Plaintiff Billman holds a sincere religious belief that prevented him from receiving the then available COVID-19 vaccines

33.    Plaintiff Billman holds a sincere religious belief that prevented him from receiving the then available COVID-19 vaccines because he understood that

FIRST AMENDED COMPLAINT
[CORRECTED]

7

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice.

34.    Plaintiff Billman put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

35.    Plaintiff Billman did not receive a reasonable accommodation.

36.    Plaintiff Billman suffered an adverse employment action when he was forced to retire to maintain some of his benefits, which constitutes a constructive termination of his continuing public employment.

37.    Plaintiff Timothy Wheeler was an SFD employee.

38.    Plaintiff Wheeler holds a sincere religious belief that prevented him from receiving the then available COVID-19 vaccines.

39.    Plaintiff Wheeler's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice.

40.    Plaintiff Wheeler put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

FIRST AMENDED COMPLAINT
[CORRECTED]

8

41.    Plaintiff Wheeler was not offered a reasonable accommodation.

42.    Plaintiff Wheeler suffered an adverse employment action when he was terminated from his continuing public employment.

43.    Plaintiff Matthew Norton was an SFD employee.

44.    Plaintiff Norton holds a sincere religious belief that prevented him from receiving the then available COVID-19 vaccines.

45.    Plaintiff Norton holds a sincere religious belief that prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice, and he believes his body is a temple of the Holy Spirit which would be defiled by the then available COVID-19 vaccines.

46.    Plaintiff Norton put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

47.    Plaintiff Norton was not offered a reasonable accommodation.

48.    Plaintiff Norton suffered an adverse employment action when he was terminated from his continuing public employment.

49.    Plaintiff Tanner Townsend was an SFD employee.

FIRST AMENDED COMPLAINT
[CORRECTED]

9

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

50.    Plaintiff Townsend holds a sincere religious belief that prevented him from receiving the then available COVID-19 vaccines.

51.    Plaintiff Townsend's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice, and that his body is a temple of the Holy Spirit which would be sinful to alter by the then available COVID-19 vaccines.

52.    Plaintiff Townsend put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

53.    Plaintiff Townsend was not offered a reasonable accommodation.

54.    Plaintiff Townsend suffered an adverse employment action when he was forced to retire to maintain some of his benefits, which constitutes a constructive termination of his continuing public employment.

55.    Plaintiff Tim Archer was an SFD employee.

56.    Plaintiff Archer holds a sincere religious belief that prevented him from receiving the then available COVID-19 vaccines.

57.    Plaintiff Archer's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he believed they were

equivalent to the "mark" that is "foretold in the Bible" in Revelation 13:17, acceptance of which would place him on the wrong side of a holy conflict.

58.    Plaintiff Archer put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

59.    Plaintiff Archer was not offered a reasonable accommodation.

60.    Plaintiff Archer suffered an adverse employment action when he was forced to retire to maintain some of his benefits, which constitutes a constructive termination of his continuing public employment.

61.    Plaintiff Jason Webster was an SFD employee.

62.    Plaintiff Webster's sincere religious belief prevented him from receiving the then available COVID-19 vaccines.

63.    Plaintiff Webster's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice, and that his body is a temple of the Holy Spirit that would be sinful to alter by the then available COVID-19 vaccines.

FIRST AMENDED COMPLAINT
[CORRECTED]                                11      ARNOLD JACOBOWITZ & ALVARADO PLLC
                                                   720 SENECA STREET STE. 107, NO. 393
                                                          SEATTLE, WA 98101
                                                             (206) 799-4221

64. Plaintiff Webster put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

65. Plaintiff Webster was not offered a reasonable accommodation.

66. Plaintiff Webster suffered an adverse employment action when he was terminated from his continuing public employment.

67. Plaintiff Isaiah Dean was an SFD employee.

68. Plaintiff Dean's sincere religious belief prevented him from receiving the then available COVID-19 vaccines.

69. Plaintiff Dean's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice, and that his body is a temple of the Holy Spirit that would be sinful to alter by the then-available COVID-19 vaccines.

70. Plaintiff Dean put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

71. Plaintiff Dean was not offered a reasonable accommodation.

72.     Plaintiff Dean suffered an adverse employment action when he was forced to retire to maintain some of his benefits, which constitutes a constructive termination of his continuing public employment.

73.     Plaintiff Aric Pisa was an SFD employee.

74.     Plaintiff Pisa's sincere religious belief prevented him from receiving the then available COVID-19 vaccines.

75.     Plaintiff Pisa's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice, and that his body is a temple of the Holy Spirit that would be sinful to alter by the then-available COVID-19 vaccines.

76.     Plaintiff Pisa put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

77.     Plaintiff Pisa was not offered a reasonable accommodation.

78.     Plaintiff Pisa suffered an adverse employment action when he was terminated from his continuing public employment.

79.      Plaintiff Nicholas Holmes was an SFD employee.

FIRST AMENDED COMPLAINT    13    ARNOLD JACOBOWITZ & ALVARADO PLLC
[CORRECTED]                                                        720 SENECA STREET STE. 107, NO. 393
                                                                                SEATTLE, WA 98101
                                                                                  (206) 799-4221

80. Plaintiff Holmes's sincere religious belief prevented him from receiving the then available COVID-19 vaccines.

81. Plaintiff Holmes's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice, and that his body is a temple of the Holy Spirit that would be sinful to alter by the then-available COVID-19 vaccines.

82. Plaintiff Holmes put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

83. Plaintiff Holmes was not offered a reasonable accommodation.

84. Plaintiff Holmes suffered an adverse employment action when he was terminated from his continuing public employment.

85. Plaintiff Michael Bacon was an SFD employee.

86. Plaintiff Bacon's sincere religious belief prevented him from receiving the then available COVID-19 vaccines.

87. Plaintiff Bacon's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he believed that his body

is a temple of the Holy Spirit that would be sinful to alter by the then-available COVID-19 vaccines.

88.     Plaintiff Bacon put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

89.     Plaintiff Bacon was not offered a reasonable accommodation.

90.     Plaintiff Bacon suffered an adverse employment action when he was forced to retire to maintain some of his benefits, which constitutes a constructive termination of his continuing public employment.

91.     Plaintiff Jeff Baxter was an SFD employee.

92.     Plaintiff Baxter's sincere religious belief prevented him from receiving the then available COVID-19 vaccines.

93.     Plaintiff Baxter's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he believed that his body is a temple of the Holy Spirit that would be sinful to alter by the then-available COVID-19 vaccines.

94.     Plaintiff Baxter put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

FIRST AMENDED COMPLAINT
[CORRECTED]

15

95. Plaintiff Baxter was not offered a reasonable accommodation.

96. Plaintiff Baxter suffered an adverse employment action when he was terminated from his continuing public employment.

97. Plaintiff David Heizer was an SFD employee.

98. Plaintiff Heizer's sincere religious belief prevented him from receiving the then available COVID-19 vaccines.

99. Plaintiff Heizer's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice, and that his body is a temple of the Holy Spirit that would be sinful to alter by the then-available COVID-19 vaccines.

100. Plaintiff Heizer put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

101. Plaintiff Heizer was not offered a reasonable accommodation.

102. Plaintiff Heizer suffered an adverse employment action when she was forced to retire to maintain some of his benefits, which constitutes a constructive termination of his continuing public employment.

103. Plaintiff Steven Howie was an SFD employee.

104. Plaintiff Howie's sincere religious belief prevented him from receiving the then available COVID-19 vaccines.

105. Plaintiff Howie's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice, and that his body is a temple of the Holy Spirit that would be sinful to alter by the then-available COVID-19 vaccines and particularly risks of infertility.

106. Plaintiff Howie put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

107. Plaintiff Howie was not offered a reasonable accommodation.

108. Plaintiff Howie suffered an adverse employment action when he was forced to retire to maintain some of his benefits, which constitutes a constructive termination of his continuing public employment.

109. Plaintiff Duane Wilcox was an SFD employee.

110. Plaintiff Wilcox's sincere religious belief prevented him from receiving the then available COVID-19 vaccines.

111. Plaintiff Wilcox's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice, and that his body is a temple of the Holy Spirit that would be sinful to alter by the then-available COVID-19 vaccines.

112. Plaintiff Wilcox put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

113. Plaintiff Wilcox was not offered a reasonable accommodation.

114. Plaintiff Wilcox suffered an adverse employment action when he was terminated from his continuing public employment.

115. Plaintiff Joseph Howarth was an SFD employee.

116. Plaintiff Howarth's sincere religious belief prevented him from receiving the then available COVID-19 vaccines.

117. Plaintiff Howarth's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice, and that his body is a temple of the Holy Spirit that would be sinful to alter by the then-available COVID-19 vaccines.

118. Plaintiff Howarth put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

119. Plaintiff Howarth was not offered a reasonable accommodation.

120. Plaintiff Howarth suffered an adverse employment action when he was forced to retire to maintain some of his benefits, which constitutes a constructive termination of his continuing public employment.

121. Plaintiff Marlin Thorman was an SFD employee.

122. Plaintiff Thorman's sincere religious belief prevented him from receiving the then available COVID-19 vaccines.

123. Plaintiff Thorman's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice, and that his body is a temple of the Holy Spirit that would be sinful to alter by the then-available COVID-19 vaccines.

124. Plaintiff Thorman put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

125. Plaintiff Thorman was not offered a reasonable accommodation.

FIRST AMENDED COMPLAINT
[CORRECTED]

19

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

126.   Plaintiff Thorman suffered an adverse employment action when he was terminated from his continuing public employment.

127.   Plaintiff Joel Brose was an SFD employee.

128.   Plaintiff Brose's sincere religious belief prevented him from receiving the then available COVID-19 vaccines.

129.   Plaintiff Brose's sincere religious belief prevented him from receiving the then available COVID-19 vaccines because he understood that they were developed through the use of fetal cell lines derived from aborted fetuses and it was sinful to participate in that practice, and that his body is a temple of the Holy Spirit that would be sinful to alter by the then-available COVID-19 vaccines.

130.   Plaintiff Brose put the employer on notice of his sincere belief and conflict when he applied for and was granted a religious exemption to the Covid-19 vaccination.

131.   Plaintiff Brose was not offered a reasonable accommodation.

132.   Plaintiff Brose suffered an adverse employment action when he was terminated from his continuing public employment.

## IV.    FACTS COMMON TO ALL PLAINTIFFS

133.   The Pfizer, Moderna, and J&J COVID-19 vaccines (the "Vaccines") did not provide sterilizing immunity that would prevent their recipient from

contracting COVID-19 or transmitting the COVID-19 virus upon, and after, infection.

134.    Data received from thirteen jurisdiction in the United States, one of which was King County, Washington, demonstrated that from April 7, 2020–June 17, 2020, individuals who had not received any of the Vaccines (unvaccinated individuals) were 11.1 times more likely than individuals who had received the primary series of the Vaccines (fully vaccinated individuals) to contract COVID-19, and the vaccine efficacy rate was 91% during that period. This data was published by the CDC on September 10, 2021, on-line and then in its September 17, 2021, Monthly Mortality Weekly Report (MMWR).

135.    The data the CDC published online on September10, 2021, also showed that from June 20, 2020 – July 7, 2020, that COVID prevalence amongst the unvaccinated was only 4.6 times the COVID prevalence amongst the fully vaccinated.

136.    Finally, data published on-line by the CDC on September 10, 2021, showed that the Delta variant had become the predominant strain of the COVID-19 virus in June 2021.

FIRST AMENDED COMPLAINT
[CORRECTED]

21

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

137. Prior to the Proclamation, the United States Center for Disease Control (CDC) issued a public statement advising that the COVID-19 vaccines did not prevent infection or transmission of the COVID-19 virus.

138. Prior to the Proclamation, the CDC's director was interviewed, and she again notified the public that the Vaccines did not prevent infection or transmission of the COVID-19 virus.

139. The Proclamation recognized there were reported breakthrough infections amongst the fully vaccinated.

140. On August 19, 2022, the CDC analyzed the COVID infection data that occurred with the prevalence of both the Delta variant and the Omicron variant of the COVID-19 virus and concluded that the:

primary series alone, in the absence of being up to date with vaccination* through receipt of all recommended booster doses, provides minimal protection against infection and transmission (3,6).

141. In short, the current medical information at the time Defendants terminated each Plaintiff's public employment demonstrated that becoming fully vaccinated, as defined in the Proclamation, provided minimal protection against COVID infection and transmission. That level of vaccination, therefore, would serve the State's stated public interest of stemming COVID-19's spread negligibly at best.

FIRST AMENDED COMPLAINT
[CORRECTED]

22

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

142. Each Plaintiff sincerely held a religious belief that interfered with their ability to comply with the Mandate.

143. Each Plaintiff notified the Defendants that they sincerely held a religious belief that conflicted with compliance with the Mandate.

144. Each Plaintiff applied to the City and SFD and requested the City and SFD to grant them an exemption from vaccination under the Mandate.

145. Under the Proclamation, the City and SFD were delegated the responsibility and given sufficient discretion to decide their employees' exemption and accommodation requests.

146. The Mayor and the Chief collaborated and worked together to develop and implement the City and SFD's official, but unwritten, policies and procedures for implementing the Mandate. They collaborated with one another and each personally participated in, and jointly decided, that the City and SFD would use an official policy and administrative procedure to review each exemption application.

147. The City and SFD's official policy and administrative procedure contained a mechanism for them to make individualized decisions as to which employees would be granted an exemption and which would not.

148. Defendants directed the subordinates they each supervised to use the City and SFD's official policy and administrative procedure in making Mandate

FIRST AMENDED COMPLAINT [CORRECTED]

23

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

exemption decisions. They, and subordinates they each supervised and directed, wielded unbridled discretion and made administrative findings as to which employees had a Mandate-conflicting underlying health care condition or sincerely held religious belief or practice sufficient to be granted an exemption. Utilizing their unfettered discretion, Defendants and their subordinates made administrative decisions to grant each Plaintiff the exemption(s) they requested.

149. Because no Plaintiff was aggrieved by the City's and SFD's administrative action granting their exemption request, no Plaintiff had standing to judicially challenge Defendants' exemption decision.

150. Defendants should be precluded from taking a position inconsistent with their administrative exemption decision.

151. No Defendants initiated any good faith efforts to negotiate with any Plaintiff about any accommodation from full vaccination.

152. No Defendant offered a Plaintiff any accommodation that would have permitted them to continue their public employment unvaccinated.

153. No Defendant considered any accommodation that would have permitted any of the Plaintiffs to continue their public employment unvaccinated.

154. Instead, Defendants did not accommodate any exempt employee who requested an accommodation.

FIRST AMENDED COMPLAINT
[CORRECTED]

24

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

155. That blanket refusal to accommodate was an unspoken, unpublished component of the official policy and administrative procedure for resolving employees' exemption-and-accommodation requests.

156. Plaintiffs had no notice or warning of that unpublished policy.

157. Other than not providing proof of full vaccination under the Mandate, each Plaintiff was qualified to perform the job position which they had occupied prior to being separated from their continued public employment.

158. Defendants' proffered public interest reason for not accommodating each Plaintiff was to stem COVID-19's spread.

159. Defendants' official policy and administrative procedure was both too overinclusive and underinclusive, in different ways, to be considered narrowly tailored to serve the proffered public interest reason for not accommodating the Plaintiffs.

160. The City could have, but did not, prohibit by ordinance, contract, or regulation, any person who did not provide proof of full vaccination from providing emergency health care services to persons within the City.

161. Instead, in August 2021, anticipating the termination of many SFD employees for alleged non-compliance with the Mandate, the City entered into a new interagency reciprocal and mutual aid agreement with neighboring fire

districts and departments, allowing the neighboring jurisdiction's first responder HCPs to provide emergency health services to individuals in the City—the very function which Plaintiffs' non-vaccinated status supposedly barred them from performing—without being fully vaccinated or providing proof of full vaccination. If the neighboring jurisdiction accommodated on of its HCP's exemption from the Mandate, then that unvaccinated HCP could provide the very same emergency health services which would have otherwise been provided by a Plaintiff.

162. At least two Plaintiffs, who had been ruled exempt by SFD but not accommodated, and who were then terminated from SFD for alleged non-compliance with the Mandate, subsequently went to work for a neighboring fire jurisdiction. That neighboring jurisdiction also granted those two Plaintiffs a religious exemption to the Mandate, and also accommodated those Plaintiffs. Those Plaintiffs, still unvaccinated, then resumed providing the same emergency health services to individuals within the City that they had provided prior to being terminated.

163. On information and belief, many other HCP first responders who provided such services to individuals within the City under the August 2021 interagency reciprocal and mutual aid agreement, were also not fully vaccinated under the Mandate.

FIRST AMENDED COMPLAINT
[CORRECTED]

26

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

164.    Moreover, the City had a contract with American Medical Response (AMR). The AMR Contract required the City to allow any AMR employee who was also a HCP to provide necessary emergency health care services to individuals in the City. AMR, unlike the City and SFD, accommodated its employees' secular and religious Mandate exemptions. Their unvaccinated employees provided emergency health care services to individuals in the City both before and after the time the City and SFD terminated each Plaintiff's continued public employment.

165.    Defendants, thus, based on the non-religious criterion of employer's identity, treated unvaccinated exempt HCPs who provided emergency health services in the City more favorably than its own exempt employees who did the same thing based on religion.

166.    Whatever risk or hardship Defendants perceived the City or SFD would incur from allowing unvaccinated HCPs to provide emergency health services in the City was the same risk or hardship that they invited when they signed the mutual aid agreement and the AMR contract.

167.    HCPs from other jurisdictions and AMR entered the jurisdiction of the City of Spokane on a daily basis to provide emergency services.

168.    AMR responds to tens of thousands of calls per year while providing emergency services in the City of Spokane.

FIRST AMENDED COMPLAINT
[CORRECTED]

27

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

169. By removing the Plaintiffs from their public employment, their role as HCPs would necessarily have to be filled by the surrounding Fire Departments through mutual aid, and in the case of at least the three Plaintiffs described above, their HCP roles were simply fulfilled by the same persons serving the same functions for the same population within the jurisdiction of the City of Spokane.

170. Except for SFD, every Fire Department party to the joint mutual aid agreement, and AMR, granted first-responder HCPs exemptions and accommodation from the Mandate.

171. By virtue of the inter-agency agreements, the exempt and accommodated HCPs from the neighboring fire departments and AMR provided emergency services in the City of Spokane and the City did nothing to prevent them from doing so.

172. The City of Spokane therefore treated the exempt HCPs from those neighboring fire districts, and ambulance services that operated within the city's jurisdiction better than its own SFD exempt employees, despite the same perceived threat.

173. The City of Spokane's actions that determined whether an HCP could perform emergency services in its jurisdiction was underinclusive to stemming the spread of COVID and, therefore, cannot survive strict scrutiny.

FIRST AMENDED COMPLAINT [CORRECTED]

28

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

174.   The difference in treatment between the HCPs from neighboring fire districts and those HCP providing ambulance services, and those employed by the City was based upon a secular reason, is not generally applicable, and therefore is subject to secular scrutiny.

175.   Neither the Proclamation nor the City or SFD required their employees who were HCPs to get a booster COVID vaccine.

176.   Defendants did not utilize the least restrictive means available to accommodate each religious Plaintiff's religious exemption.

177.   No Plaintiff had a COVID-19 transmission or infection traced to them since the Governor declared a state of emergency because of the COVID pandemic.

178.   No Plaintiff was allowed to grieve to their union or to appeal their non-disciplinary separation from continued public employment.

179.   Due to Defendants' actions, Plaintiffs have found it necessary to hire the services of the undersigned counsel and has agreed to pay them a reasonable fee for their services.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of 42 U.S.C. § 1983 by All Plaintiffs against All Defendants for Violation of the Free Exercise Clause**

FIRST AMENDED COMPLAINT
[CORRECTED]

29    ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

180.   Plaintiffs reallege the allegation in this Complaint.

181.    This is a claim against the Defendants Schaeffer and Woodward (the "Individual Defendants"), pursuant to 42 U.S.C. § 1983, in their official and personal capacities and against Defendant City of Spokane.

182.   The City of Spokane is a municipality.

183.   The Individual Defendants, as the Mayor, and as the Chief of the Fire Department, were both clothed with the authority of state, each acted under color of state law in carrying out the acts and omissions complained of herein, where they were able to perform a wrongful act because of the authority of the position they each held, and where the Proclamation itself delegated such authority to them.

184.   The Individual Defendants personally and integrally participated in violating Plaintiffs' constitutional rights contained in the Free Exercise Clause of the United States Constitution.

185.   The Individual Defendants personally and integrally participated in creating a formal policy or custom for making exemption and accommodation decisions that they and the City of Spokane used regarding.

186.   The Individual Defendants each directed, ordered, and/or approved of the acts of other City of Spokane employees in carrying out the violation of Plaintiffs' rights complained-of herein.

FIRST AMENDED COMPLAINT          30          ARNOLD JACOBOWITZ & ALVARADO PLLC
[CORRECTED]                                       720 SENECA STREET STE. 107, NO. 393
                                                  SEATTLE, WA 98101
                                                  (206) 799-4221

187. The Individual Defendants had actual knowledge that adhering to their policies or customs would result in the infringement of Plaintiffs right to Free Exercise.

188. The Individual Defendants, as Mayor, and as Chief of the Department, were each in a position, independently, to intervene to stop the deprivation of these Plaintiffs' rights.

189. The Defendants created a covert, unpublished, official policy whereby no religiously exempt individuals working for the Spokane Fire Department would be allowed to maintain their public employment if they followed their religious beliefs or practices with regard to the Mandate.

190. The City of Spokane engaged in conduct pursuant to that policy and ultimately terminated these Plaintiffs based on their religious beliefs or practices.

191. The official policy or custom that resulted in all religious objectors losing their public employment was the moving force behind the deprivation of Plaintiffs' rights.

192. The covert official policy or custom was deliberate, and was persistent and widespread, having impacted all employees of the Spokane Fire Department who followed that religious belief or practice.

193. Defendants' accommodation decision making process that these Defendant created, used, and directed others to use, was not generally applicable to all HCPs operating within the city limits.

194. A primary motivation driving these Defendants to integrally participate in creating, using, and directing other City of Spokane employees to follow the City's official policy or custom, was to coerce the abandonment of sincerely held religious belief and practices of religiously exempt employees into getting vaccinated because if they did not, then they would lose their continued public employment and their livelihoods. This had a chilling effect on them and others to exercise their free exercise rights.

195. These Defendants created, used, and directed other City employees to use their coercive power to have the City's religiously exempt employees, including Plaintiffs, to abandon their sincerely held religious beliefs and get vaccinated.

196. These Defendants accomplished their discriminatory objective by using, and directing others to use, the inherent power and control to give the City of Spokane's religiously exempt employees only a Hobbesian choice of getting vaccinated or losing their job.

FIRST AMENDED COMPLAINT
[CORRECTED]

32

197.   The City of Spokane's accommodation decision making process that these Defendant created, used, and directed others to use, to fulfill the discriminatory objective was not generally applicable amongst all HCPs operating in the City limits.   It favored neighboring fire jurisdictions and private HCP employees, who were contractors, over the City's religiously exempt HCP employees, including Plaintiffs.

198.   Because the accommodation decision-making process was not generally applied, the Defendants' and City of Spokane accommodation decisions are subject to strict scrutiny and could be constitutional only if they were narrowly tailored to serve a compelling government interest.

199.   The accommodation decision-making process was underinclusive where it allowed unvaccinated HCPs to continue operating in the city limits filling the same roles that the Plaintiffs would have had they been accommodated.

200.   The process was also overinclusive, where it required City employed HCPs with natural immunity to become vaccinated when the currently available medical information at the time showed that natural immunity was as effective at stemming COVID's spread.

201. There were also less restrictive alternatives to stemming COVID's spread rather than coercing all religiously exempt HCP employees of the City to abandon their sincerely held religious beliefs and get vaccinated.

202. The City of Spokane had instituted masking and distancing rules well calculated to reduce the spread of COVID-19 long before the Vaccines became available.

203. Continuing the existing protective measures of testing, making, and social distancing requirements were substantially as effective to stem the virus's spread as taking the Vaccines.

204. Starting in June 2021, the current medical information showed a rapid rise in breakthrough COVID-19 infections, related illnesses, hospitalizations, and deaths, among the full vaccinated, decrease efficacy, and a new delta variant was becoming predominant.

205. There were also less draconian adverse employment actions that would have equally served the State's proffered interest but would have been less coercive to Plaintiffs and the other City of Spokane employees who held a sincerely held religious belief that conflicted with them taking the Vaccines, actions that could have and should have been, but were not offered to the religiously exempt employees. Those less harmful measures included leave

FIRST AMENDED COMPLAINT
[CORRECTED]

34

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

without pay, suspension, voluntary or involuntary reassignments of public-facing work functions to vaccinated or naturally immune workers, continued telework, and reduction in work hours.

206. These Defendants did not consider these less coercive alternatives when deciding to give Plaintiffs and the other religious City of Spokane employees; only the Hobbesian choice to get vaccinated or lose their job.

207. The accommodation decisions Defendants and the other City of Spokane's employees they directed made for Plaintiffs were not narrowly tailored to achieve the State's proffered interest for imposing the Vaccine Mandate as stated in the Proclamation.

208. Defendants infringed on all religiously conflicted City of Spokane's employees' fundamental constitutional rights to freely exercise their sincerely held religious beliefs which are guaranteed under the Free Exercise Clause of the U.S. Constitution's First Amendment and made applicable to the states, including the State of Washington, by the U.S. Constitution's Fourteenth Amendment.

209. By June 17, 2021, the United States Supreme Court made clear that a COVID-19 restriction that infringes on a person's Free Exercise rights that either has a mechanism by which to make individualized determinations or that treats a

FIRST AMENDED COMPLAINT
[CORRECTED]

35

person differently and less favorably based on their religious beliefs, is not generally applicable and, therefore, is subject to strict scrutiny.

210.    Starting in late 2020 and for certain by June 17, 2021, all nine justices of the United States Supreme Court made clear that strict scrutiny applied to government action which infringed on a person's Free Exercise rights when it was not neutral facially or as applied or when it was not generally applicable because it either provided a mechanism for individualized determinations or because it treated religious activity differently and less favorably than relevantly similar secular activity.

211.    Starting in late 2020 and by April 17, 2021, the United States Supreme Court made clear that strict scrutiny applied to COVID-19 pandemic emergency government actions taken in response to the COIVD-19 pandemic, if those government actions infringed on a person's Free Exercise rights.

212.    By June 17, 2021, any reasonable government official, including these Defendants, either knew or should have known that creating, using, and directing others to use a mechanism for individualized determinations intentionally to treat religious observant persons differently and less favorably than their secular similarly situated counterparts would be subject to strict scrutiny and

unconstitutionally wrong unless it was narrowly tailored to achieve a compelling government interest.

213.   Any reasonable government official, including these Defendants, knew or should have known that Defendants' actions were not narrowly tailored to achieve the State's proffered interest of stemming the spread of the COVID-19 virus and were therefore unconstitutional.

214.   These Defendants' integral participation in creating, using, and directing other City of Spokane employees to carry out the City's official policy or custom, directions, or orders, set in motion a series of unbroken events that resulted in the U.S. Constitutional violations described herein.

215.   Those constitutional violations directly and proximately caused each Plaintiff economic and noneconomic harm.

216.   Plaintiffs are entitled to compensatory damages against the Individual Defendants in their personal capacities, and against the City of Spokane, pursuant to 42 U.S.C. § 1983.

217.   The Individual Defendants acted willfully, intentionally, or recklessly and with callous disregard of Plaintiff's constitutional rights.

218. Plaintiffs are entitled to recover punitive damages against the Individual Defendants (Plaintiffs do not assert claims for punitive damages against the municipality).

219. Those Plaintiffs not reinstated to their former positions have been and continue to be irreparably harmed due to their ongoing separation from their continued public employment and livelihood. Those not already restored to their former positions should be reinstated.

220. Plaintiffs are entitled to their attorney fees and expanded costs pursuant to 42 U.S.C. § 1988.

**SECOND CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983 by All Plaintiffs**
**against All Defendants for Violation of the Equal Protection Clause**

222.   Plaintiffs reallege all prior allegations in this Complaint.

223.   The Equal Protection Clause in the United States Constitution's Fourteenth Amendment to the United States Constitution prohibits classifications by governmental authorities which affect some groups of citizens differently than others.

224.   Plaintiffs are members of a class of HCPs who Defendants knew had claimed that they sincerely held a religious belief which conflicted with their ability to take the Vaccines.

225.   Defendants treated Plaintiffs less favorably than similarly situated HCPs who were not subject to the Vaccine Mandate for a secular reason, including AMR employees and other HCPs from surrounding fire districts.

226.   The Individual Defendants integrally participated in actions that treated Plaintiffs and other religiously conflicted City employees less favorably than their similarly situated counterparts who were exempt from the Vaccine Mandate for a secular reason.

227.   In particular, Defendants eliminated the ability for Plaintiffs and other religiously exempt City of Spokane employees to work as an HCP within the City

FIRST AMENDED COMPLAINT    39    ARNOLD JACOBOWITZ & ALVARADO PLLC
[CORRECTED]    720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

limits of Spokane while continuing to allow other employers' unvaccinated HCPs within its City Limits. On information and belief, Defendants made no effort to modify the City's interagency agreements or the City's contract with AMR to subject their HCP first-responder employees to the same standards as the City's similarly situated employees.

228. Workers who want to freely exercise their sincerely held religious beliefs are members of a suspect class because such people historically have been discriminated against.

229. Free Exercise of Religion is also a fundamental constitutional right steeped in the traditions of our country.

230. The disparate treatment afforded the two classes of HCPs within the City of Spokane's jurisdiction must withstand strict scrutiny to be constitutional.

231. To withstand strict scrutiny the disparate treatment must be narrowly tailored to achieve a compelling State interest.

232. The State stated interest was to stem the spread of COVID-19.

233. The disparate treatment between these two classes of HCPs was not narrowly tailored to serve the State's stated interest.

234. Any reasonable government official or state administrative agency knew or should have known that treating these two classes of exempt unvaccinated

FIRST AMENDED COMPLAINT
[CORRECTED]

40

employees differently and the Plaintiffs' class less favorably for reasons primarily motivated by religious animus is unconstitutional and violative of the U.S. Constitution's Equal Protection Clause.

235.    The Individual Defendants' integral participation in treating these two classes of exempt unvaccinated employees differently and the Plaintiffs' class less favorably for reasons primarily motivated by religious animus set in motion an unbroken series of events that resulted in the U.S. Constitutional violations described herein and those constitutional violations directly and proximately caused each Plaintiff economic and noneconomic harm.

236.    Plaintiffs are entitled to compensatory damages against Defendants pursuant to 42 U.S.C. § 1983.

237.    Defendants acted willfully, intentionally, or recklessly and with callous disregard of Plaintiffs' constitutional rights.

238.    Plaintiffs are entitled to punitive damages against the Individual Defendants (Plaintiffs do not seek punitive damages against the municipality).

239.    Those Plaintiffs who were not reinstated have been and continue to be irreparably harmed due to their ongoing separation from their continued public employment.  They should be reinstated to their former position.

FIRST AMENDED COMPLAINT
[CORRECTED]

41

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

240. Plaintiffs are entitled to their attorney fees and expanded costs pursuant to 42 U.S.C. § 1988.

**THIRD CAUSE OF ACTION**
**By All Plaintiffs against All Defendants for Failure to Accommodate under the Washington Law Against Discrimination**

241. Plaintiffs reallege all prior allegations in this Complaint.

242. This is a claim against Defendants, as "employers" (as that term is defined in WLAD), for failing to accommodate Plaintiffs' religious beliefs.

243. Plaintiffs specifically reallege those above allegations that each held a sincere religious belief that conflicted with a job duty, that they put their employer on notice of the same, that they were exempted as a result of such notice, but were not offered a reasonable accommodation, and that they suffered an adverse employment action therefor.

244. Providing a reasonable accommodation to the Plaintiffs would not have caused the City undue hardship.

245. Upon being granted an exemption from the Vaccine Mandate, Defendants automatically deemed each Plaintiff as having made a request for a religious that would accommodate them to not get a Vaccine.

FIRST AMENDED COMPLAINT
[CORRECTED]

42

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

246. Having deemed each Plaintiff held a sincere religious belief, Defendants were obligated to provide a reasonable accommodation unless it would cause the City/SFD an undue burden.

247. The Plaintiffs proposed reasonable accommodations to Defendants that could be granted without undue hardship to the City/SFD and still serve the goal of stemming the spread of COVID-19. These proposed accommodations included more frequent testing (and isolation if the test result was positive), considering natural immunity as a substitute for vaccination, switching performance of public-facing job functions (voluntarily or involuntarily) to vaccinated employees, leave without pay, and continued use of the historically effective combination of PPE, social distancing, and telework, as SFD had been using them for the previous months.

248. Defendants ignored or rejected all of the proposed accommodations.

249. The stated reason for not allowing alternative reasonable accommodations was concern that the accommodations would increase the likelihood COVID-19 would be spread if Plaintiffs were allowed to provide services to the City of Spokane was a pretext for discrimination against Plaintiffs.

250. Because the Vaccine was not a traditional sterilizing vaccine, it was unsuccessful in providing immunity and did not prevent reinfection and, therefore,

transmission and spread of the virus. As a result, both vaccinated and unvaccinated persons could become infected and, thus, transmit and spread the virus.

251.   The Defendants' WLAD violations directly and proximately caused each Plaintiff to suffer economic and noneconomic damages in an amount be proven at trial which WLAD allows them to recover jointly and severally against Defendants, along with reasonable attorney fees and expanded costs.

**FOURTH CAUSE OF ACTION**
**By All Plaintiffs (other than Billman, Harvey, Heizer, and Howie) against**
**All Defendants for Violation of Title VII**

252.   Plaintiffs reallege all prior allegations in this Complaint.

253.   This is a claim against Defendants, as "employers" (as that term is defined in Title VII), for failing to accommodate their religious beliefs.

254.   Plaintiff Archer filed a complaint with the EEOC and was assigned case number 551-2022-00821. Despite multiple efforts to contact the EEOC for an interview he was denied that opportunity.  He additionally filed out a written questionnaire in lieu of an interview which was not responded to by the EEOC. He did not receive a Right to Sue ("RTS") letter.

255.   Plaintiff Bacon filed a complaint with the EEOC and was assigned case number 551-2022-0046.  He received a RTS letter on December 22, 2022; he

also filed a complaint with the Washington State Human Rights Commission ("WSHRC").

256. Plaintiff Baxter filed a complaint with the EEOC and was assigned case number 5551-2022-00817, he received his RTS on November 5, 2022. Plaintiff Baxter also filed a complaint with the WSHRC on March 4, 2022.

257. Plaintiff Brose filed a complaint with the EEOC and was assigned case number 5551-2022-00855. Despite multiple efforts to contact the EEOC for an interview he was denied that opportunity and did not receive a Right to Sue ("RTS") letter.

258. Plaintiff Dean filed a complaint with the EEOC and was assigned case number 551-2022-00249. Despite multiple efforts to contact the EEOC for an interview he was denied that opportunity and did not receive a RTS. Plaintiff Dean additionally filed a complaint with WSHRC and, on October 8, 2021, received a letter of non-acceptance from WSHRC which is equivalent to a RTS.

259. Plaintiff Fuller filed a complaint with the EEOC and was assigned case number 551-2022-00468, he received a RTS on September 16, 2022; he also filed a complaint with the WSHRC on October 14, 2021.

FIRST AMENDED COMPLAINT
[CORRECTED]

45

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 SENECA STREET STE. 107, NO. 393
SEATTLE, WA 98101
(206) 799-4221

260.    Plaintiff Holmes filed a complaint with the EEOC and was assigned case number 551-2022-00945, he received a RTS on November 5, 2022. Plaintiff Holmes also filed a complaint with the WSHRC on October 27, 2021.

261.    Plaintiff Howarth filed a complaint with the EEOC and was assigned case number 551-2022-00828, he received his RTS on November 5, 2022.

262.    Plaintiff Norton filed a complaint with the EEOC and was assigned case number 551-2022-00275, he received his RTS on February 8, 2022. Plaintiff Norton also filed a complaint with WSHRC.

263.    Plaintiff Pisa filed a complaint with the EEOC and was assigned case number 551-2022-00839, he received his RTS on September 30, 2022, he also filed a complaint with the WSHRC.

264.    Plaintiff Thorman filed a complaint with the EEOC and was assigned case number 551-2022-00024, he received his RTS on September 8, 2022, he also filed a complaint with the WSHRC.

265.    Plaintiff Townsend filed a complaint with the EEOC and received a RTS on November 6, 2022.

266.    Plaintiff Webster filed a complaint with the EEOC and was assigned case number 551-2021-04268, he received his RTS on September 8, 2022.

267.   Plaintiff Wheeler filed a complaint with the EEOC and was assigned case number 551-2022-00852, he received his RTS on December 8, 2022.

268.   Plaintiff Wilcox filed a complaint with the EEOC and was assigned case number 551-2022-00870, he received his RTS on May 23, 2022.

269.   Plaintiffs specifically reallege those above allegations that each Plaintiff held a sincere religious belief that conflicted with a job duty, that they put their employer on notice of the same, that they were exempted as a result of such notice, but were not offered a reasonable accommodation, and suffered an adverse employment action thereafter.

270.   The Defendants' failure to accommodate these Plaintiffs directly and proximately caused each Plaintiff to suffer economic and noneconomic damages in an amount be proven at trial which Title VII allows them to recover jointly and severally against Defendants, along with reasonable attorney fees and expanded costs.

**FIFTH CAUSE OF ACTION**
**By All Plaintiffs Against the City of Spokane for Breach of Contract**

271.   Plaintiffs reallege all prior allegations in this Complaint.

272.   Plaintiffs, like all City Firefighters, are protected by RCW 41.08.

273.   Pursuant to RCW 41.08.050, City Firefighters can only be terminated for specific cause articulated under the law.

FIRST AMENDED COMPLAINT          47     ARNOLD JACOBOWITZ & ALVARADO PLLC
[CORRECTED]                                        720 SENECA STREET STE. 107, NO. 393
                                                              SEATTLE, WA 98101
                                                                (206) 799-4221

274. By statute, Plaintiffs had an employment contract with the City for continued public employment unless terminated for cause.

275. Defendants breached the employment contract by terminating the Plaintiffs without cause.

276. Defendants breach of the employment contract directly and proximately caused the Plaintiffs economic and non-economic damages, including lost wages and benefits, lost future wages and benefits (if not reinstated), and affront to their dignity.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and each of them, pray for the following relief against the Defendants:

1.    Prospective Injunctive Relief of reinstatement, for each Plaintiff who has not yet been reinstated, to each Plaintiff's prior public employment.

2.    Monetary judgment for all compensatory damages against those alleged to have caused the damages in this Complaint.

3.    Punitive damages pursuant to 42 U.S.C. §1983.

4.    Attorney fees and expanded costs pursuant to 42 U.S.C. § 1988, Title VII, WLAD, Washington Equal Access to Justice Act, and any other federal or state law or recognized ground in equity.

5.    Pre-judgment interest.

6.    Under Title VII, an equitable tax adjustment.

7.    Such other and further relief that is just and equitable.

DATED this 24th day of April 2025.

**ARNOLD JACOBOWITZ &**
**ALVARADO PLLC**

*s/ Nathan J. Arnold*
Nathan J. Arnold, WSBA No. 45356
720 Seneca Street Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221
Nathan@AJAlawyers.com
*Counsel for Plaintiffs*

**WESTERN WASHINGTON**
**LAW GROUP, PLLC**

*s/ Dennis McGlothin*
Dennis McGlothin, WSBA No. 28177
10485 Northeast Sixth Street, No. 1820
Bellevue, WA 98004
(425) 728-7296
docs@westwalaw.com
*Counsel for Plaintiffs*