FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 11, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL BACON, JOE HOWARTH, TIM WHEELER, TOM HARVEY, JOEL BROSE, TANNER TOWNSEND, ISAIAH DEAN, NICHOLAS HOLMES, MATTHEW NORTON, JHAR FULLER, STEVEN HOWIE, JEFFREY BAXTER, ARIC PISA, DUANE WILCOX, DAVID HEIZER, JAMES BILLMAN, MARLIN THORMAN, JASON WEBSTER, and TIMOTHY ARCHER,<br><br>                    Plaintiffs,<br><br>       v.<br><br>NADINE WOODWARD, the Mayor of the City of Spokane, Fire Chief BRIAN SCHAEFFER, the CITY OF SPOKANE.<br>                    Defendants. | NO. 2:21-CV-0296-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 110). The Court has reviewed the record and files herein, determined that oral argument

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

is unnecessary in this matter, and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 110) is GRANTED.

## BACKGROUND

This matter arises from vaccination requirements imposed by Defendant City of Spokane (the "City"), pursuant to Proclamation 21-14 et seq. (the "Proclamation"), issued by Governor Jay Inslee. ECF No. 109 at 3–4, ¶ 8. The Proclamation required that healthcare workers in Washington State be fully vaccinated against COVID-19 absent an exemption and reasonable accommodation that did not pose an undue burden. *Id*. at 4, ¶ 9. As firefighters, Plaintiffs were healthcare providers pursuant to the Proclamation but were granted an exemption to the mandate. *Id*., ¶¶ 10, 13. However, Plaintiffs allege they were not granted a reasonable accommodation for their sincerely held religious beliefs against receiving the vaccine, and all ultimately separated from their employment with the City, either via resignation or retirement. *Id*. at 5, ¶ 14.

Plaintiffs filed their original Complaint on October 14, 2021, alleging violations of Due Process, facial and as-applied Free Exercise of Religion, Equal Protection, the Americans with Disabilities Act, the Contracts Clause, and claims arising from wrongful termination, breach of contract, intentional or negligent infliction of emotional distress, and infringement of privacy rights. *See* ECF No. 1. This Court previously granted Judgment on the Pleadings, dismissing Plaintiffs'

1  facial attack of the City's application of the Proclamation under the Free Exercise
2  clause, procedural due process claim, equal protection claim, the Americans with
3  Disabilities Act Claim, generalized due process claim, and Contracts Clause claim
4  with prejudice.  ECF No. 78.  The Court declined jurisdiction over Plaintiffs' state
5  law claims, dismissing them without prejudice to be refiled in state court.  *Id*.
6        On Appeal, the Ninth Circuit reversed with respect to Plaintiffs' as-applied
7  Free Exercise Claim, and, in reviving a federal claim, the Court's declination of
8  jurisdiction over the state law claims.  ECF No. 86.  However, it affirmed the
9  dismissal with prejudice of Plaintiff's facial attack of the Proclamation under the
10 Free Exercise clause, the privacy claim, the procedural due process claim, the
11 Americans with Disabilities Act claim, and the Contracts Clause claim.  *Id*.  It also
12 found that because Plaintiffs failed to raise their Equal Protection claim on appeal,
13 it was deemed abandoned.  *Id*.  The panel noted no position on Plaintiff's argued
14 Title VII claim that did not appear in the original Complaint.  *Id*. at 6.
15       On remand, the Court granted Plaintiffs amendment of their Complaint.
16 ECF No. 106.  In their First Amended Complaint, Plaintiffs reallege violation of
17 the Free Exercise Clause under 42 U.S.C. § 1983, violation of the Equal Protection
18 Clause under 42 U.S.C. § 1983, a claim for breach of contract against Defendant
19 City, and bring new claims: failure to accommodate under the Washington Law
20 Against Discrimination, and all Plaintiffs other than Billman, Harvey, Heizer, and

Howie, claim a violation of Title VII of the Civil Rights Act of 1964. See ECF No. 109.[1] Defendant now seeks dismissal of Plaintiffs' claims for violation of the Equal Protection Clause, violation of Title VII, breach of contract, and Plaintiffs' Archer, Harvey, Dean, Holmes, Fuller, Howie, Baxter, Heizer, Thorman, and Webster's claims for violation of the Washington Law Against Discrimination ("WLAD"). ECF No. 110.

## DISCUSSION

### I.  Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the

---

[1] Absent opposition from Defendants, the Court accepts Plaintiffs' corrected Amended Complaint filed at ECF No. 109.

plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences . . . to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Instead, a plaintiff must show "factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. 662. A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

Plaintiffs do not contest the dismissal of their Equal Protection claim their Title VII claim against the individual defendants. ECF No. 111 at 1. As such, the Court moves to consider the disputed claims.

**II.    Washington Law Against Discrimination Claim**

Defendants argue that Plaintiffs Archer, Harvey, Dean, Holmes, Fuller, Howie, Baxter, Heizer, Thorman, and Webster may not maintain a claim for violation of the WLAD because they have not filed a notice of tort claim pursuant to Washington law. ECF No. 110 at 14.

Washington law prohibits the filing of civil tort suits against local government entities and their agents until 60 days after the claimant has filed a

notice of tort claim with the appropriate designee. RCW 4.96.020(4). Although this statute is liberally construed, it requires claims for damages to be presented on the standard tort claim form or an alternative form created by the local government entity. RCW 4.96.020(3), (5). The tort claim must contain, among other information, a description of the injury, a list of the names of all persons involved, and a statement of the amount of damages claimed. RCW 4.96.020(3). Failure to comply with the requirements of RCW 4.96.020 may form the basis for dismissal. *Troxell v. Rainier Pub. Sch. Dist. No. 307*, 154 Wn.2d 345, 360 (2005); *Renner v. City of Marysville*, 145 Wn. App. 443, 451 (2008), *aff'd*, 168 Wn.2d 540 (2010) ("[C]ourts require strict compliance with the filing deadlines provided by RCW 4.96.020 . . .").

Plaintiffs argue that dismissal of their WLAD claim on the basis that they have failed to comply with the filing requirements of RCW 4.96.020 is improperly considered at the Motion to Dismiss stage of litigation because the argument amounts to an affirmative defense. ECF No. 111 at 4. However, other federal and state courts have found dismissal proper where compliance with the statutory requirements was not pled in the complaint. *Hoyt v. Spokane Cnty. Fire Dist. No. 3*, 2:20-CV-0035-TOR, 2020 WL 4275039, at *1 (E.D. Wash. July 24, 2020); *Iceberg v. Olson*, 2:25-CV-00422-LK, 2025 WL 1434932, at *6 (W.D. Wash. May 19, 2025); *see also Westway Const., Inc. v. Benton Cnty.,* 136 Wn. App. 1020

(2006) (citing *Schmitz v. State*, 68 Wn.App. 486, 488–91, *review denied*, 121 Wn.2d 1031 (1993)) ("A court must dismiss any action commenced in violation of a statutorily mandated claim filing condition precedent.").

"The purpose of Section 4.96.020 is to give governments time to investigate potential claims and to encourage settlement." *Richmond v. Spokane Cnty., Washington*, 2:21-CV-00129-SMJ, 2021 WL 4951574, at *2 (E.D. Wash. Oct. 25, 2021) (citing *Lee v. Metro Parks Tacoma*, 335 P.3d 1014, 1017 (Wash. Ct. App. 2014). To that end, substantial compliance will be deemed satisfactory, but such an attempt at compliance must achieve the statutory purpose of placing the governmental entity on notice so it may investigate the alleged injury. *Renner v. City of Marysville,* 145 Wn. App. 443, 451–52 (2008), *aff'd*, 168 Wn.2d 540 (2010). In response to the present motion, Plaintiffs give no hint as to whether they attempted compliance with the filing requirements of RCW 4.96.020, and instead argue that Defendants should produce evidence of a failure to comply. ECF No. 111 at 3–4. As Plaintiffs state, the First Amended Complaint is also silent with respect to which, if any, individuals provided Defendants with notice of their WLAD claims. ECF No. 109 at 42–44, ¶¶ 241–51. Without some argument that actual or substantial compliance with the statutory requirements was achieved, dismissal of claims with respect to Plaintiffs Archer, Harvey, Dean, Holmes, Fuller, Howie, Baxter, Heizer, Thorman, and Webster is proper. *Navarro*, 250

1  F.3d at 732.  However, Plaintiffs are permitted to amend their First Amended

2  Complaint if such facts exist to support their WLAD claim.  *Lopez v. Smith*, 203

3  F.3d 1122, 1127 (9th Cir. 2000).

4  **III.    Title VII of the Civil Rights Act of 1964**

5  Next, Defendants argue that all Plaintiffs' claims under Title VII is untimely

6  as asserted outside of the relevant statutory period.  ECF No. 110 at 16–17.  "A

7  person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act

8  of 1964, 78 Stat. 253, may not maintain a suit for redress in federal district court

9  until he has first unsuccessfully pursued certain avenues of potential administrative

10 relief."  *Love v. Pullman Co.*, 404 U.S. 522, 523 (1972).  Specifically, a charge

11 must be filed with the Equal Employment Opportunity Commission ("EEOC")

12 within one hundred and eighty (180) days after the alleged unlawful employment

13 practice occurred.  42 U.S.C. § 2000e–5(e)(1).  However, the statutory deadline is

14 extended to three hundred (300) days after the alleged unlawful employment

15 practice occurred, when "the person aggrieved has initially instituted proceedings

16 with a State or local agency with authority to grant or seek relief from such

17 practice or to institute criminal proceedings with respect thereto."  *Id*.  The relevant

18 state agency in this case is the Washington State Human Rights Commission

19 ("HRC").  *See* Wash. Rev.Code 49.60.120(4).  If the EEOC dismisses the action, it

20 must notify the claimant and inform him or her that they have 90 days to bring a

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 8

civil action. 42 U.S.C. § 2000e–5(f)(1). The Ninth Circuit has found this 90-day period acts as a statute of limitations, and thus the action will be time barred if filed outside the relevant period. *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990).

Pursuant to the First Amended Complaint, all Plaintiffs who received a right to sue letter from the EEOC or a non-acceptance letter from the HRC did so in either 2021 or 2022. ECF No. 109 at 44–47. The First Amended Complaint was filed on April 24, 2025, well beyond 90 days after any Plaintiff achieved compliance with 42 U.S.C. § 2000e–5(f)(1). *See* ECF No. 109. The Court may dismiss on that basis alone, as these claims are time-barred. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007).

Nevertheless, Plaintiffs insist that their Title VII claims "relate back" to their Free Exercise claims, and thus the strict 90-day timeframe should not apply. ECF No. 111 at 6–7. Citing to Federal Rule of Civil Procedure 15(c), Plaintiffs argue that their Title VII claim is based on a failure to accommodate their religious beliefs and resulting termination. *Id*. The City had notice of their Title VII claims, according to Plaintiffs, based on their motion seeking a temporary restraining order filed in October of 2021, and thus are still timely notwithstanding the 90-day statute of limitations. *Id*. at 7. Federal Rule of Civil Procedure 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading

when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "To relate back, the original and amended pleadings [must] share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." *ASARCO, LLC v. Union Pac. R. Co.,* 765 F.3d 999, 1004 (9th Cir. 2014) (quotation and citation omitted). This doctrine is "liberally applied." *Id*. (citation omitted). Courts have applied this inclusive standard to Title VII claims when they appear in whole or in part in a plaintiff's original complaint. *See Cox v. Glob. Tool Supply LLC*, CV-20-00152-PHX-GMS, 2021 WL 168973, at *3 (D. Ariz. Jan. 19, 2021) ("In her proposed amended complaint, [plaintiff] asserts the same claims but alleges facts to address these deficiencies. As no new cause of action is alleged and [defendant] was aware of the factual circumstances giving rise to the Title VII and ACRA claims in the original complaint, those claims relate back."); *Zolotovitski v. Here N. Am. LLC*, 219CV01964RAJBAT, 2020 WL 6385345, at *2 (W.D. Wash. Mar. 3, 2020), report and recommendation adopted, 219CV01964RAJBAT, 2020 WL 6381823 (W.D. Wash. Oct. 30, 2020) ("However, in light of Plaintiff's *pro se* status, the undersigned recommends that leave to amend be granted so that he may be given the opportunity to address the failings in his complaint to include all the facts related to the filing of the charge of discrimination with the HRC and the EEOC.").

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 10

1       However, a Title VII claim did not appear in Plaintiffs' original Complaint,

2 likely because it was untimely for most of them at the point of filing. Plaintiffs

3 argue that Defendants were given proper notice through their Free Exercise claim

4 and request for a Temporary Restraining Order. ECF No. 11 at 6–7. The Free

5 Exercise claim in Plaintiff's original Complaint only sought redress for failure to

6 accommodate, while the Amended Complaint alleges a Title VII violation for both

7 a failure to accommodate and termination. *Compare* ECF No. 1 at 10, ¶ 64 *with*

8 ECF No. 109 at 47, ¶¶ 269–70.

9       Despite its absence in their initial Complaint, Plaintiffs were given ample

10 notice by this Court in its Order on their Motion for a Temporary Restraining

11 Order that they were required to exhaust administrative remedies before bringing a

12 Title VII claim. *See* ECF No. 63 at 9–10. Indeed, as contained in the First

13 Amended Complaint, Plaintiff Dean received a letter of non-acceptance from the

14 HRC on October 8, 2021, a month before this Court issued its Order on the

15 Temporary Restraining Order. ECF No. 109 at 45, ¶ 258. And Plaintiffs Norton

16 and Wilcox received their right to sue letters from the EEOC in February and May

17 2022, respectively.[2] *Id.* at 46, ¶ 262 and 47, ¶ 268. This matter was dismissed on

---

[2] Plaintiffs Bacon, Baxter, Fuller, Holmes, Howarth, Norton, Pisa, Thorman, Townsend, Webster, Wheeler, and Wilcox all received right to sue letters from the

June 30, 2022.  ECF No. 78.  Plaintiffs late filing of their Title VII claims does not relate back to the original Complaint because the federal claim was explicitly excluded at the time.  *See Miranda v. Costco Wholesale Corp.*, 168 F.3d 500 (9th Cir. 1999); *Chris v. Carpenter*, 3:21-CV-00924-SB, 2023 WL 2542010, at *5 (D. Or. Jan. 11, 2023) (finding a state Bureau of Labor and Industry claim did not relate back to a federal claim because the plaintiff had not yet received the right to sue letter from the state agency at the time the complaint was filed).

Plaintiffs were provided with the relevant requirements for filing a timely Title VII claim, and instead waited until 2025 to attempt to seek redress.  *See Maki v. Dep't of Pub. Safety - State of Hawaii*, CIV. 07-00588 JMSBMK, 2010 WL 1904967, at *3 (D. Haw. May 10, 2010) ("The July 28, 2005, Order dismissing Plaintiff's earlier action put Plaintiff on notice that the dismissal was without prejudice, meaning that Plaintiff may opt to file a new complaint that provides sufficient factual allegations to place Defendant on notice as to the basis of her complaint . . . Rather than file a new action within this time period, Plaintiff waited over two years to bring this action. Rule 15(c) does not apply to such facts.").  By not seeking to amend their original Complaint or filing a separate lawsuit,

---

EEOC in 2022. ECF No. 109 at 44–47. Plaintiffs Billman, Harvey, Heizer, and Howie do not allege Title VII claims.

Plaintiffs attempt to usurp EEOC process and the statute of limitations. Because the Court unequivocally informed Plaintiffs that their Title VII claim was not timely when their original Complaint was filed, such claims cannot now relate back and are therefore time barred. *Miranda*, 168 F.3d at 500; *See* ECF No. 63 at 9.

Moreover, absent a compelling reason, equitable tolling is not applied where plaintiffs have failed "to exercise due diligence in preserving [their] legal rights." *Scholar v. Pac. Bell,* 963 F.2d 264, 268 (9th Cir. 1992) (quoting *Irwin v. Veterans Admin.*, 498 U.S. 89, 96 (1990)). Plaintiffs have offered no reason for delay in filing their Title VII claims so far removed from their ability to do so, and the Court finds dismissal proper.

Additionally, Defendants assert that Plaintiff Archer has not exhausted his administrative remedies as he never received a right to sue letter from the EEOC. ECF No. 110 at 16. When the EEOC fails to issue a right to sue letter, a plaintiff may proceed "absent such letter provided he has received a right to sue letter from the appropriate state agency." *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1244–45 (9th Cir. 2010). Plaintiffs argue that Archer was not issued a right to sue letter by the EEOC and was unable to secure a right to sue letter by any state agency. ECF No. 111 at 5. However, Plaintiff Dean received a non-acceptance letter from the HRC, which he holds to be an "equivalent to a right to sue letter." ECF No. 109 at

45, ¶ 258. In Response, Plaintiff Archer offers no explanation as to why he could not have also filed a complaint with the HRC, therefore satisfying the administrative process. The Court also notes that Plaintiff Brose also never received a right to sue letter but offers no explanation for the deficiency. *See* ECF No. 109 at 45, ¶ 257. Based on the First Amended Complaint, Plaintiffs Archer and Brose have not exhausted their administrative remedies.

As such, all Plaintiffs' claims under Title VII are dismissed with prejudice.

**IV.   Breach of Contract**

Finally, Defendants seeks dismissal of Plaintiffs' breach of contract claim because it is improper as a matter of Washington law, and for failure to satisfy administrative procedures prior to bringing suit. ECF No. 110 at 20–21. First, Plaintiffs ask the Court to construe their claim as meaning simply that "their employment contracts do not allow termination for cause, rather than a reading that their contracts were created by statute. ECF No. 111 at 7–8. However, it seems evident that reading the claim plainly, Plaintiffs are seeking redress arising from statute rather than common law:

> Pursuant to RCW 41.08.050, City Firefighters can only be terminated for specific cause articulated under the law.
>
> By statute, Plaintiffs had an employment contract with the City for continued public employment unless terminated for cause.
>
> Defendants breached the employment contract by terminating the Plaintiffs without cause.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 14

ECF No. 109 at 47–48, ¶¶ 273–5.

This reading is also consistent with law.  In Washington, if plaintiffs are civil servants alleging a breach of contract, then they must undertake their claim pursuant to the remedies contained in the relevant civil service statute, here RCW 41.08.050.  *Riccobono v. Pierce Cnty.,* 92 Wn. App. 254, 263–64 (1998) ("The Legislature intended that those statutes and regulations be the exclusive remedy for breach."); *City of Tacoma v. Price*, 137 Wn. App. 187, 191 (2007) ("Civil service employment is controlled by the civil service statutes, subject to article I, section 23 of the Washington Constitution.").  In other words, any other contract allegedly formed between Plaintiffs and Defendants would be subject to the terms of the civil service statute.

However, the RCW 41.08 does not apply, "to cities and towns . . . which at the present time have provided for civil service in the fire department . . . by local charter or other regulations which said local charter or regulations substantially accomplish the purpose of this chapter." RCW § 41.08.010.  The relevant portion of the Spokane City Charter sets forth an administrative process for the discharge

of civil employees, which largely mirrors RCW § 41.08.090, stating that[3]:

> Any employee may be permanently discharged from city service for cause. The person making an order of . . . permanent discharge . . . shall forthwith file with the [civil service] commission a statement of such order which shall contain the reasons therefor, and serve a copy of the order on the employee. Within ten days after filing and service of said order, the employee may file a written appeal with the commission who shall hold a hearing thereon within ten days after filing the appeal.

City of Spokane Charter, Art. VI, §55(D).[4]

The First Amended Complaint is silent with respect to whether this process was accomplished, and Plaintiffs argue in response that it is unnecessary to show at the pleadings stage that their administrative remedies were exhausted before filing an appeal to this Court. ECF No. 111 at 9. Plaintiffs also argue that they need not exhaust their remedies because they "allege that their discharge was wrongful under [the WLAD]." *Id*. at 10. Plaintiffs are incorrect on both points.

---

[3] RCW § 41.08.090 details the administrative requirements that those covered by statute must undertake when facing removal, including the receipt by the plaintiff of a "a written accusation," detailing the general terms for termination, and a plaintiff may seek review of their termination by filing a demand for investigation with the Civil Service Commission within ten days of the action.

[4] City of Spokane Charter (as amended February 13, 2024), https://my.spokanecity.org/opendata/charter/print/

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 16

First, "a claimant suing for breach of an employment relationship controlled by the civil service statutes and regulations must exhaust the procedures and remedies set forth therein." *Riccobono*, 92 Wn. App. at 264; *see also Reninger v. State*, 79 Wash.App. 623, 632 (1995) ("[T]he Legislature intended that a civil service employee utilize [civil service remedies] before gaining access to the superior court for additional remedies . . ."). Plaintiffs must at least allege they have satisfied the prerequisite administrative requirements before seeking relief here. Second, the court in *Riccobono* distinguished between a wrongful termination action for breach and an action under the WLAD, which does not require an exhaustion of administrative or procedural remedies. 92 Wn. App. at 264. So, while technically Plaintiffs are correct that they would not have to demonstrate exhaustion pursuant to a wrongful discharge claim under the WLAD, they must for a breach under the relevant civil service statute.

Plaintiffs' breach of contract claim is therefore dismissed without prejudice. They may amend the claim to add additional facts if they exist and provide clarity.

//

//

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 110) is **GRANTED**.

    a. Plaintiffs Archer, Harvey, Dean, Holmes, Fuller, Howie, Baxter, Heizer, Thorman, and Webster's claims under the Washington Law Against Discrimination and all Plaintiffs Breach of Contract claims are **DISMISSED without prejudice.**

    b. Plaintiffs' Equal Protection claims under 42 U.S.C. § 1983 and claims arising from Title VII are **DISMISSED with prejudice.**

    c. The Court retains Plaintiffs' Free Exercise claim under 42 U.S.C. § 1983 pursuant to the decision of the Ninth Circuit, and the remaining Plaintiffs' Washington Law Against Discrimination claims.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED July 11, 2025.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 18