HON. THOMAS O. RICE

ARNOLD JACOBOWITZ & ALVARADO
Nathan J. Arnold, WSBA No. 45356
R. Bruce Johnston, WSBA No. 4646
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221
Nathan@ajalawyers.com
Bruce@rbrucejohnston.com
*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL BACON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NADINE WOODWARD, et al.,<br><br>Defendants. | **CASE NO. 2:21-cv-00296-TOR**<br><br>PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING FREE EXERCISE CLAIM (LIABILITY ONLY)<br><br>ORAL ARGUMENT REQUESTED<br><br>Noting Date: March 27, 2026 |

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

## I.    RELIEF REQUESTED

Each Plaintiff moves for partial summary judgment of liability only, as against Defendants Mayor Nadine Woodward, Spokane Fire Chief Brian Schaeffer, and the City of Spokane (collectively, "Defendants" or "City Defendants") upon their as-applied claims under the Free Exercise Clause of the First Amendment to the Constitution of The United States of America.

## II.    INTRODUCTION

A controlling threshold legal issue has already been decided. The Ninth Circuit held that Defendants' implementation of the COVID-19 vaccination mandate was not generally applicable, and that strict scrutiny governs Plaintiffs' as applied Free Exercise claim. *Bacon v. Woodward*, 104 F.4th 744, 751–53 (9th Cir. 2024). That holding is law of the case.

While the Ninth Circuit decision reversed an Order issued on a motion to dismiss, it did more than simply remand the case. The decision addressed those facts asserted in the Complaint, which, if established, would support liability on the Free Exercise claims. Because those facts are established in the materials supporting this Rule 56 Motion, and not subject to legitimate dispute, partial summary judgment of liability is required.

On the undisputed record, Defendants cannot satisfy the strict scrutiny requirements as to any Plaintiff, as a matter of law. It is undisputed that Defendants granted religious exemptions to Plaintiffs but provided no accommodation to allow continued employment

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

and excluded Plaintiffs from employment while permitting unvaccinated firefighters and/or paramedics from neighboring departments (with or without religious exemptions) to perform the same work from which Plaintiffs were excluded. The undisputed facts support the allegations in the Second Amended Complaint discussed by the Ninth Circuit as supporting a Free Exercise claim. For example, the undisputed facts support:

> Spokane implemented a vaccine policy from which it exempted certain firefighters based on a secular criterion – being a member of a neighboring department – while holding firefighters who objected to vaccination on purely religious grounds to a higher standard.

*Bacon*, at 751.

These facts are unequivocally supported by the declarations of Plaintiffs Joe Howarth, Isaiah Dean, Tim Wheeler, and Matt Norton, as well as Firefighter Eric Regalado, Chief Jack Case, and Firefighter and Captain Ben James. As for Plaintiffs Norton, Howarth, Dean, Wheeler and Norton, each requested, and was granted, a religious exemption. Each requested and was denied any form of accommodation.[1] Howler, Dean and Wheeler each went to work for a "neighboring department," Spokane County Fire

---

[1] Wheeler was hired as a Deputy Fire Marshall following termination, which required him to test every day at his own expense. SUMF 51, 55.

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

Department District 9 and District 4[2]. Each remained unvaccinated and was permitted to work with reasonable accommodation from his new employer. Each performed firefighting and/or paramedic services under mutual aid agreements or otherwise, within the service area of the Defendant City of Spokane. And each testified that they entered the City unvaccinated but accommodated, along with their colleagues. The City Defendants knew of those circumstances through administration of the mutual aid agreements. They knew of the circumstances through, among others, Mr. Wheeler, whom they rehired as Deputy Fire Marshall. SUMF 54. They also knew it from direct communication with the Fire Chief of D9, Jack Cates.  SUMF 27-28.

Because the initial Complaint was filed very early on, seeking an injunction, it hypothesized these circumstances, but these plaintiffs had not yet been hired by the neighboring department and thereafter provided services in the City of Spokane. In ordering that an amendment to the Complaint be allowed, the Ninth Circuit commented on the decisive nature of these facts, which could be, and have now been, alleged in an amended pleading:

> To name just a few, though the original Complaint alleged that unvaccinated firefighters from neighboring jurisdictions would step in once the firefighters were terminated, the firefighters could allege

---

[2] Plaintiffs Howarth and Dean and Firefighter Regalado were hired by D9 and Plaintiff Wheeler was hired by D4. SUMF 30, 52, respectively.

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

> that what was once only a future *absurdity* happened in practice. ***Worse, the terminated firefighters could allege that they were hired by a neighboring jurisdiction that responds to emergencies in Spokane.***[3]

In this connection, the Ninth Circuit further stated:

> The distinction between firefighters from within the County and those from without in no way aligns with or promotes the stated interest of the Proclamation.

The evidence from these Plaintiffs hired by Neighboring Departments, which cannot be disputed, is itself sufficient to support a finding of liability as to all City Defendants upon the holding of the Ninth Circuit. Upon that evidence, it is axiomatic that termination was not the required "narrowly tailored" response to a request for religious accommodation, required by the now law of the case.

The City Defendants failed to employ less restrictive alternatives and only claimed to have applied a Title VII "undue hardship" framework instead of the required constitutional standards (SUMF 60-61). Pre-discharge disagreement over legal consequences or constitutional standards does not create a genuine factual dispute. *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009).

---

[3] *Bacon v. Woodward,* 104 F.4th 744, 754 (9th Cir. 2024) (emphasis added).

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

Accordingly, each Plaintiff is entitled to partial summary judgment holding the City Defendants liable for religious discrimination infringing upon their respective rights to Free Exercise of Religion, with trial as to damages only.

### III.    JURISDICTIONAL STATEMENT

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action and this Motion for Partial Summary Judgment (MPSJ) arise under the Constitution and laws of the United States, including the First Amendment and 42 U.S.C. § 1983. The Court has supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367.

Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiffs' claims occurred in the Eastern District of Washington and Defendants reside or conduct business in this District.

This Court retains jurisdiction on remand, following the Ninth Circuit's reversal of the dismissal of Plaintiffs' as-applied Free Exercise claim and its holdings regarding jurisdiction and that strict scrutiny governs Plaintiffs' claims. *Bacon*, 104 F.4th 744.

### IV.    STATEMENT OF FACTS AND SHORT STATEMENT OF THE CASE

The facts supporting this Motion for Partial Summary Judgment are set forth in the "Statement of Material Facts Not in Dispute" required by L.Civ.R. 56(c)(1)(A), which is here incorporated, and cited as SUMF. Plaintiffs also support this Motion for Partial

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

Summary Judgement set forth in the "Comparison Table of Factual Allegations" in Support of Plaintiffs' Free Exercise claim, which is incorporated here and cited as CTFA, attachment A to this motion. Plaintiffs also support this Motion for Partial Summary Judgement set forth in the CTFA provided preemptively to dispute any qualified immunity claim Plaintiffs expect is forthcoming from Defendants, attachment B to this motion.

This case arises from Defendants' flawed enforcement of a COVID-19 vaccination mandate against firefighters employed by the City of Spokane.

Each Plaintiff held a sincere religious belief prohibiting receipt of the COVID-19 vaccines available during the relevant period. Defendants granted Plaintiffs religious exemptions from the vaccination requirement, a fact admitted in Defendants' Answer. SUMF 4-7. In fact, Defendants described in Answer to Plaintiffs' Complaint a rather extensive process and procedure for evaluating sincerely held religious beliefs and granting religious exemptions. SUMF 6-7. Defendants admit that other than providing proof of full vaccination under the mandate, each Plaintiff was qualified to perform the job position which they had occupied prior to being terminated from continued public employment. SUMF 8. Defendants denied every Plaintiff any accommodation that would allow continued employment as a firefighter, SUMF 9-11, but were instead terminated with a few (6) demoted to dispatchers at greatly reduced salary, SUMF 10. As a result, Plaintiffs

were terminated, forced to retire, laid off, or constructively discharged, events for which the fact of injury cannot in good faith be disputed. SUMF 12.

Upon denial of religious accommodation, Plaintiffs were barred from work as firefighters and demoted or terminated. Defendants nevertheless permitted unvaccinated secular actors – including mutual-aid firefighters from neighboring jurisdictions and unvaccinated private ambulance providers – to perform the same emergency-response work within its service area in Spokane. SUMF 13, 16, 25, 28, 32, 34, 41-43, 45, 48, 57. Defendants claim to have evaluated Plaintiffs' accommodation requests only under a Title VII "undue hardship" framework, rather than under the Free Exercise Clause. *Bacon* at 748-49; SUMF 60-61.

The Ninth Circuit remanded, holding that Plaintiffs' Free Exercise claims were viable and that the Defendants' implementation of the mandate was not generally applicable. SUMF 62. On remand, the Ninth Circuit instructed that the strict scrutiny standard was to be applied to Plaintiffs' as-applied Free Exercise claims, *Bacon*, 104 F.4th at 751–53. SUMF 63, and that the Defendants' implementation of the mandate was not narrowly tailored because Defendants tolerated comparable secular conduct while excluding Plaintiffs. *Bacon,* 104 F.4th at 752-53; SUMF 64.

Plaintiffs now move for partial summary judgment of liability only, in respect of each Plaintiffs' Free Exercise claim.

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

## V.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" only if a reasonable factfinder could return a verdict for the non-movant based on admissible evidence sufficient to support a genuine dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Legal disagreement or alternative characterizations of undisputed facts do not create a genuine dispute. *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). In a Free Exercise case where the strict scrutiny standard applies, it is the defendant, not the plaintiff, who has the burden of proof. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 546 (1993). Once a moving party for summary judgement demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), citing *DeLuca v. Atlantic Refining Co.,* 176 F.2d 421, 423 (CA2 1949) (L. Hand), cert. denied, 338 U.S. 943 (1950). Any alleged dispute of material fact must be "genuine." Fed. R. Civ. P. 56(c), (e). The *Matsushita* court emphasized that the non-moving party cannot rely on "metaphysical doubt" or conclusory allegations but must present evidence sufficient to allow a rational trier of fact to find in its favor. *Matsushita,* 475 U.S. at 586-87. Defendants have failed to produce any such admissible evidence.

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 9

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

## VI.    UNDISPUTED MATERIAL FACTS

The material facts are set forth in Plaintiffs' **Statement of Material Facts Not in Dispute** (SUMF) filed concurrently with this motion in accord with L.Civ.R. 56(c)(1)(A), here incorporated. In summary:

- Each Plaintiff holds a sincere religious belief opposing COVID-19 vaccination (SUMF 3);

- Defendants admit that each Plaintiff requested and was granted a religious exemption to the COVID-19 vaccination; (SUMF 4-7);

- Defendants admit that the granting of religious exemptions to each of the Plaintiffs was a "collaborative decision-making process, which involved a number of individuals, departments and internal and external professionals providing input and advice." (SUMF 6);

- Defendants provided **no religious accommodation** allowing any Plaintiff to continue working as a firefighter (SUMF 9);

- Defendants admit that other than being fully vaccinated, each Plaintiff was qualified to perform the job position from which they were terminated. (SUMF 8);

- Plaintiffs were terminated or constructively discharged as a result (SUMF 12);

- Defendants permitted **unvaccinated mutual-aid firefighters** and **unvaccinated private EMTs** to perform the same emergency-response work in Spokane that had

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 10

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

been previously been performed by Plaintiffs (SUMF 13-14, 19, 25, 27-29, 30, 32, 34, 37, 39, 41-43, 45, 47-48, 57-58, 59). Specifically, Plaintiffs provide declaration testimony from Chief Jack Cates, Plaintiff Joe Howarth, Plaintiff Isaiah Dean, Firefighter Eric Regalado, Plaintiff Tim Wheeler, Plaintiff Matt Norton, and Firefighter Ben James, each of which establish that neighboring fire departments and private EMT's were allowed, with accommodations far less restrictive than termination or demotion, to perform the same emergency-response work in the City of Spokane previously performed by Plaintiffs. Additionally, former Spokane Fire Department Firefighter Andrea Kernkamp received per a Public Records Act request an October 15, 2021, document from Paul Priest, Regional Director, West Region, AMR to Defendant Schaeffer informing the Chief that AMR had 38 accommodated employees who were unvaccinated and in compliance with the Governor's mandate and any restriction on these 38 employees' abilities to operate within the City of Spokane would cause AMR to "suffer a dire impact in our ability to continue to service this contract." (SUMF 17).

The Ninth Circuit relied on these facts as alleged in the Complaint in holding that strict scrutiny applies and in identifying underinclusiveness regarding those granted a religious exemption. *Bacon* at 751-53; SUMF 62-66.  These facts, as alleged, are now proven, and are beyond material or honest dispute.  It is also beyond dispute that the

Defendants did not apply the correct standard in evaluating available and applied accommodations. SUMF 60-61. The "undue hardship" standard was admittedly applied, and that is fully inconsistent with the required Free Exercise standard.

## VII.    ARGUMENT AND AUTHORITY

**A.    Strict Scrutiny Governs, and Defendants Cannot Satisfy it as a Matter of Law.**

The Ninth Circuit held: "Strict scrutiny applies because Spokane's implementation of the policy was not generally applicable." *Bacon*, 104 F.4th at 751. That determination is law of the case. SUMF 62-68. *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007).

Accordingly, Defendants bear the burden of proving that denying Plaintiffs' religious accommodation requests was narrowly tailored to serve a compelling governmental interest using the least restrictive means. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 546 (1993). When strict scrutiny applies, the government bears the burden of proving that they conducted an individualized assessment of each religious accommodation request in accordance with the strict scrutiny standard. *Fulton v. City of Philadelphia,* 141 S. Ct. 1868, 1881 (2021). Under strict scrutiny, the government bears the burden; Plaintiffs need not prove anything beyond a prima facia case once the burden shifts. *Stormans, Inc. v. Wiesman,* 794 F.3d 1064, 1084 (9th Cir. 2015).

To prove a prima facie case of religious discrimination under a Free Exercise claim, a plaintiff must show that the government action burdens the plaintiff's sincere religious

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 12

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

belief or religious exercise, and that the burden is imposed by government action. *San Jose Christian College v. City of Morgan Hill,* 360 F.3d 1024, 1031 (9th Cir. 2004). Courts do not evaluate the correctness, centrality, or orthodoxy of the belief, as the inquiry is limited to sincerity, which is generally not in dispute once the government grants an exemption. *Shakur v. Schriro,* 514 F.3d 878, 884-85 (9th Cir. 2008). A burden exists where the government puts pressure on an adherent to modify behavior and violate beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005). Examples of burdens recognized by the Ninth Circuit include loss of employment, *Warsoldier*, at 996, forced choice between job and faith, *Stormans*, at 1078, *Shakur*, at 888, *Thomas v. Review Bd. Of Indiana Employment Sec. Div.*, 450 U.S. 707, 717-18 (1981), denial of access to public benefits, *Fellowship of Christian Athletes v. San Hose Unified Sch. Dist Bd. Of Educ.*, 82 F.4th 664, 686-87 (9th Cir. 2023) (en banc), and exclusion from a profession, *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034-35 (9th Cir. 2004), *International Church of the Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1067-68 (9th Cir. 2011). Under Ninth Circuit law, a Free Exercise plaintiff does not have to show religious animus, discriminatory intent, hostility to religion, targeting of a particular faith, or that religion was the sole motivating factor – concepts that belong to Equal Protection or Title VII claims, not Free Exercise. *Stormans,* 794 F.3d 1064, 1076-77.

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 13

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

On the undisputed record, Defendants cannot meet that burden as to any Plaintiff.

### 1.    The Policy Was Not Narrowly Tailored.

Defendants excluded Plaintiffs from employment while simultaneously permitting unvaccinated secular actors – mutual-aid firefighters and private EMTs – to perform the same emergency-response work previously performed by their religiously-exempt but terminated employees, with notice provided to Defendants of the unvaccinated emergency response providers entering the city. SUMF 13-17, 25, 27-29, 32, 34, 42-44, 47-48, 53-54, 56-58, 59. Applying different and more onerous conditions to reasonably comparable secular conduct violates the narrow-tailoring requirement as a matter of law. *Lukumi*, 508 U.S. at 547; *Tandon v. Newsom*, 593 U.S. 61, 62–63 (2021). The Ninth Circuit expressly relied on such underinclusiveness in concluding that Defendants' policy triggers strict scrutiny and required a meaningful narrow-tailoring to have been employed by Defendants. SUMF 64-65.  Underinclusiveness is discussed in *Bacon* at 753:

> Second, the Proclamation, as applied, is fatally underinclusive. We have explained that a law "is not narrowly tailored if it is either underinclusive or overinclusive in scope." *IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1125 (9th Cir. 2020). A law is underinclusive when it "plac[es] strict limits on" certain activities while allowing other activities that "create the same problem." Reed v. Town of Gilbert, 576 U.S. 155, 172, 135 S. Ct. 2218, 192 L. Ed. 2d 236 (2015). Put differently, a law that "fail[s] to prohibit nonreligious conduct"—or that fails to prohibit the religious conduct of some, but not others— fails narrow tailoring if that other permissible conduct "endangers these interests in a similar or greater degree." *Lukumi*, 508 U.S. at 543.

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

**2.      Less Restrictive Alternatives Were Available and Used by Defendants as to Secular Firefighters.**

The Defendants regularly allowed and utilized unvaccinated firefighters and EMT's from the surrounding areas to perform emergency services in their service area under mutual aid agreements. By axiom, a less restrictive standard was applied to those similarly situated firefighters and paramedics. *See, e.g.*, SUMF 30-37 (Howarth Decl.) and 38-45 (Dean Decl.); *see also* SUMF 23-26 (Norton Decl.); 27-29 (Cates Decl.); 46-49 (Regalado Decl.); 50-58 (Wheeler Decl.); 59 (James Decl.). By continuing to permit unvaccinated firefighters to enter the City of Spokane, virtually on a daily basis, to provide emergency services similar and/or identical to those previously performed by Plaintiffs, the Defendants' conduct constitutes an admission that there existed less restrictive alternatives to their application of a blanket termination or severe demotion of religiously exempt employees.  The Defendants thus failed to meaningfully evaluate the Plaintiffs' accommodation requests in the obvious context of the *de facto* accommodations granted to similarly situated firefighters and paramedics employed outside but allowed to work within the City of Spokane. Upon those facts, regarding which there is no room for cognizable dispute, there is simply no evidence available to the Defendants which could possibly satisfy their duty to prove compliance with narrow tailoring. *See Bacon,* 104 F.4th at 752-53. This is further accentuated by Defendants' failure to individually evaluate other options – including testing, masking, temperature checks, and distancing, some of which

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

were utilized by neighboring departments providing firefighters and paramedics under mutual aid agreements. SUMF 25, 31, 40, 53, 59. Where such alternatives exist, strict scrutiny cannot be satisfied. *Holt v. Hobbs*, 574 U.S. 352, 364–65 (2015); SUMF 63-65.

### 3.    Defendants Applied the Wrong Legal Framework.

Defendants claim to have evaluated Plaintiffs' accommodation requests under a Title VII "undue hardship" standard, rather than constitutional strict scrutiny. SUMF 60-61. Reliance on an inapposite legal standard independently precludes satisfying strict scrutiny. *Lukumi*, 508 U.S. at 546. Applying a Title VII undue hardship standard improperly shifted the burden to the Plaintiffs and cannot, as a matter of law, satisfy constitutional strict scrutiny.

It is, however, worth mention that based on the same conduct of regularly allowing unvaccinated firefighters and paramedics to perform services within the City of Spokane, the Defendants' undue hardship argument is exposed as a sham. The only undue hardship Defendants claimed was exposure of employees, victims or the public to unvaccinated firefighters or paramedics performing their services. By allowing unvaccinated firefighters from neighboring areas, that "burden" was treated as fully manageable by the Defendants, and not as an undue hardship.

### B.    Qualified Immunity is Unavailable as a Matter of Law.

Individual Defendants are not entitled to qualified immunity. Because Defendants have pleaded qualified immunity, Plaintiffs address it preemptively.

**1.      Constitutional Violation (Prong One).**

On the undisputed facts and under the Ninth Circuit's decision in *Bacon*, Defendants violated Plaintiffs' Free Exercise rights by denying religious accommodation while tolerating secular exceptions and by failing to use the least restrictive means. SUMF 61-68; *Bacon*, 104 F.4th at 751–53.

**2.      Clearly Established Law (Prong Two).**

Long before the events at issue, it was clearly established that:

- A law burdening religious exercise while permitting secular exceptions is not generally applicable and triggers strict scrutiny. *Lukumi*, 508 U.S. at 546–47;

- Governments must employ the least restrictive means when burdening religious exercise. *Holt*, 574 U.S. at 364–65; and

- Tolerating comparable secular conduct defeats claims of necessity. *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67–68 (2020); *Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1881 (2021).

No reasonable official could believe it's lawful to exclude religious objectors while permitting unvaccinated secular actors to perform the same work. SUMF 14, 15-18, 24, 28, 32-34, 42-43, 47-48, 52, 57-59. Qualified immunity therefore fails as a matter of law. *See* Attachment B Rows 1-12.

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 17

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

## C.    Sincerity of belief is Not Contestable Following a Strict Scrutiny Holding.

Even if Defendants were permitted, *ex post facto*, to retract or otherwise challenge their own prior, unequivocal, grant of religious exemption (which they can't[4]) such an alleged

---

[4] Courts addressing religious exemptions under Title VII have repeatedly rejected employer efforts to deny accommodations based on subjective judgments about religious legitimacy. *See Adeyeye v.Heartland Sweeteners, LLC*, 721 F.3d 444, 451, 452-453 (7th Cir. 2013); *Thomas v. Rev. Bd. Of Ind. Emp. Sec. Div.*, 450 U.S. 707, 715, 101 S. Ct. 1425 (1981) (courts—and by extension litigants—may not evaluate the validity or coherence of religious belief); *see also Kluge v. Brownsburg Cmty. Sch. Corp.*, 64 F.4th 861, 913 (7th Cir. 2023) (quoting *United States v. Seeger*, 380 U.S. 163, 184, 85 S. Ct. 850 (1965)), stating that "In such an intensely personal arena,…the claim of the [practitioner] that his belief is an essential part of a religious faith must be given great weight."  To the same effect in the Ninth Circuit, *see Bolden-Hardge v. Office of the California State Controller*, 63 F.4th 1215, 1223–25, n.5 (9th Cir. 2023) (recognizing limits on inquiry into sincerity and improper reliance on perceived inconsistency); *see also Tandon v. Newsom*, 593 U.S. 61, 67 (2021) (courts must not second-guess sincerity or religious judgment). Given Defendants previously granted each Plaintiff a religious exemption after a finding that each had a sincerely held religious belief, **any further questioning of those beliefs would not**

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 18

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

defense would not defeat summary judgement, as sincerity. The Ninth Circuit held that strict scrutiny applies because the City's policy was **underinclusive**, allowing unvaccinated firefighters to perform emergency services for secular reasons while denying religious objectors the same treatment.

- *Bacon v. Woodward*, 104 F.4th 744, 750–52 (policy subject to strict scrutiny exempting secular conduct while burdening religious conduct); *see also* SUMF 62-66.

- **SUMF** 14, 15-18, 24, 28, 32-34, 42-43, 47-48, 52, 57-59 — Unvaccinated FF's and private EMS providers from neighboring departments performed the same emergency services each Plaintiff performed prior to termination.

- **SUMF 9-12** — Plaintiffs were terminated or severely demoted despite religious exemptions, with admission that "but for" the vaccination requirement, each Plaintiff was qualified to perform their job.  SUMF 8.

- **Attachment A Rows 5-6, 11, 12** – secular exemptions from neighboring fire departments defeat general applicability and less restrictive alternatives existed; Defendants cannot satisfy strict scrutiny as applied.

---

**be admissible evidence under Fed. R. Evid. 404(a),** which states "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character trait." Attempts to pigeon-hole Plaintiffs' beliefs as "conspiracy theorists" or "COVID deniers," Defendants would then attempt to show that Plaintiffs acted in conformity with that character trait in requesting exemption, which would be inadmissible under Fed. R. Evid. 404(a).

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 19

ARNOLD JACOBOWITZ & ALVARADO PLLC
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

Underinclusiveness turns on **comparative treatment**, not belief taxonomy. Once secular comparators are allowed, the government must justify denying religious accommodation regardless of how it labels the belief. *See Tandon v. Newsom*, 593 U.S. 61, 62 (2021) (government cannot treat religious conduct worse than comparable secular conduct); *EEOC v. Townley Engineering & Manufacturing Co.*, 859 F.2d 610, 618 (once an ***employer treats*** a belief as religious, the dispute concerns accommodation, not whether the belief is religious).

### VIII.  CONCLUSION AND RELIEF REQUESTED

Plaintiffs respectfully request that the Court:

1. **GRANT partial summary judgment** in Plaintiffs' favor as to liability of all Defendants, upon each Plaintiff's Free Exercise claim, leaving only damages, fees and costs for trial;

2. **DECLARE** that said Defendants violated each Plaintiff's rights under the Free Exercise Clause; and

3. Set this matter for further proceedings on remedies.

DATED this 5th day of February 2026.

ARNOLD JACOBOWITZ & ALVARADO PLLC

*s/ Nathan J. Arnold*
NATHAN J. ARNOLD, WSBA No. 45356
*Attorney for Plaintiffs*
R. BRUCE JOHNSTON, WSBA No. 4646
*Of Counsel*

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 20

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

720 Seneca Street, Suite 107, No. 393
Seattle, WA 98101
(206) 799-4221
Nathan@ajalawyers.com
Bruce@rbrucejohnston.com

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 21

**ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Suite 107, No. 393
Seattle, WA  98101
(206) 799-4221

# ATTACHMENT A

# BENCH-READY RULE 56 COMPARISON TABLE

*(Plaintiffs' Free Exercise Claim)*

| Plaintiffs' Undisputed Fact | Defendants' Response | Why This Is Not a Genuine Dispute of Material Fact |
|---|---|---|
| **1. Plaintiffs hold sincere religious beliefs opposing COVID-19 vaccination.** | "Disputed—beliefs may be personal, medical, or philosophical." | Defendants **admitted granting religious exemptions**, which legally concedes sincerity. Disputing sincerity without evidence contradicts their own admissions and is impermissible at summary judgment. No affidavits or testimony controvert sincerity. There is no genuine dispute of material fact. |
| **2. Defendants granted religious exemptions to every Plaintiff.** | "Undisputed." | No dispute. This fact is established by admissions and pleadings. |
| **3. Defendants provided no accommodation allowing continued firefighter employment.** | "Disputed—Plaintiffs were offered leave, reassignment, or separation options." | Offering **termination, unpaid leave, demotion, or resignation is not an accommodation as a matter of law**. Defendants identify no evidence of any accommodation permitting Plaintiffs to remain firefighters. Dispute is legal characterization, not factual contradiction. Not one Plaintiff was allowed to remain a firefighter. |
| **4. Plaintiffs were terminated or constructively discharged due to lack of accommodation.** | "Disputed—Plaintiffs voluntarily chose separation options." | Voluntariness is immaterial where the only options were termination, resignation, or demotion. No evidence shows Plaintiffs could continue working as firefighters with accommodation. Courts reject "forced choice" arguments at Rule 56. Defendants do not dispute that not one Plaintiff was retained in position as a firefighter. |
| **5. Unvaccinated mutual-aid firefighters from other jurisdictions worked in Spokane.** | "Disputed—those firefighters were not City employees." | Employment relationship is **legally irrelevant** under Free Exercise. The Ninth Circuit expressly held these secular exemptions defeat general applicability. Law-of-the-case forecloses this dispute, and Defendants do not dispute the material fact that unvaccinated mutual-aid firefighters responded to calls in the City. |

| Plaintiffs' Undisputed Fact | Defendants' Response | Why This Is Not a Genuine Dispute of Material Fact |
|---|---|---|
| 6. Unvaccinated private ambulance providers worked alongside City firefighters. | "Disputed—different regulatory framework." | Regulatory distinctions do not defeat comparator status where **risk to asserted interest is identical**. Ninth Circuit relied on this fact to find underinclusiveness. Dispute is foreclosed by appellate holding. And Defendants provide no admissible evidence to dispute the fact that unvaccinated, private ambulance providers worked alongside City firefighters. |
| 7. Defendants used a Title VII 'undue hardship' framework to deny accommodation. | "Disputed—Proclamation allowed undue hardship analysis." | Whether the Proclamation allowed it is irrelevant. **What Defendants actually applied** is undisputed and documented. Using Title VII standards instead of strict scrutiny is a legal error, not a factual dispute. This is the rule of the appellate holding in the case. |
| 8. Policy was not neutral or generally applicable. | "Undisputed as alleged, but not finally adjudicated." | Ninth Circuit **squarely held** lack of general applicability. This is law-of-the-case, binding on remand. Defendants cannot relitigate neutrality. There is no factual dispute on this issue, based on the appellate ruling. |
| 9. Strict scrutiny applies. | "Undisputed as to holding, disputed as to outcome." | Applicability of **strict scrutiny is the only fact stated and is the law of the case.** Outcome is irrelevant at this stage. No factual dispute exists. |
| 10. Policy was not narrowly tailored. | "Disputed—public health justified the policy." | Justification is not evidence of narrow tailoring. Defendants present **no evidence** rebutting underinclusiveness or explaining why secular exemptions were tolerated. This is a failure of proof under strict scrutiny, not a factual dispute. |
| 11. Less restrictive alternatives existed (testing, masking, etc.). | "Disputed—alternatives infeasible." | Defendants provide **no evidence** (studies, affidavits, operational data) showing infeasibility. Mere disagreement does not create a genuine dispute under Rule 56(c)(1). |
| 12. Defendants cannot satisfy strict scrutiny as applied. | "Disputed—liability not established." | This is a **legal conclusion**, not a factual dispute. Rule 56 requires evidence contradicting historical facts, not disagreement with constitutional consequences. Defendants provide **no evidence** that their policy of vaccination or termination was narrowly tailored or that other |

| Plaintiffs' Undisputed Fact | Defendants' Response | Why This Is Not a Genuine Dispute of Material Fact |
|---|---|---|
|  |  | alternative or less restrictive infringements on Free Exercise rights were considered. |

# ONE-PARAGRAPH BENCH FINDING

**Defendants violated Plaintiffs' Free Exercise rights.** The Ninth Circuit has already held that Defendants' implementation of the vaccine mandate was not generally applicable and that strict scrutiny governs Plaintiffs' Free Exercise claims. Defendants had previously found each Plaintiff had a sincerely held religious belief and each were granted by Defendant a religious exemption to the COVID-19 vaccine. Defendants then applied the wrong standard in evaluating accommodations, utilizing an undue hardship standard instead of applying a strict scrutiny standard that is appropriate for Free Exercise violations. Defendants bear the burden of proving that denying Plaintiffs' religious accommodation requests were narrowly tailored to serve a compelling governmental interest using the least restrictive means. Defendants fail to meet this burden of proof and identify no admissible evidence to dispute any material fact that Defendants' policy of permitting secular, third-party, neighboring jurisdictions to respond under Mutual Aid Agreements utilizing unvaccinated firefighters inside the City of Spokane was underinclusive and termination of Plaintiffs was not narrowly-tailored to the City's objective of slowing the spread of the COVID-19 virus. Defendants identify no admissible evidence creating a genuine dispute of material fact, and no reasonable official could believe it lawful to exclude religious objectors while permitting unvaccinated secular actors to perform the same function. Such an act, as the 9th Circuit declared in *Bacon v. Woodward,* 104 F.4th 744 (9th Cir. 2024), is an "absurdity [that] happened in practice." *Id.* at 754.

# ATTACHMENT B

# BENCH-READY RULE 56 COMPARISON TABLE (QI-PREEMPTIVE)

*(Free Exercise – Partial Summary Judgment on Liability – Applicable only to individual Defendants )*

| Plaintiffs' Fact | Defendants' Response | Why Not a Genuine Dispute (Rule 56) | Why QI Fails (Both Prongs) |
|---|---|---|---|
| **1. Plaintiffs hold sincere religious beliefs opposing vaccination.** | "Disputed—beliefs may be philosophical." | Defendants **granted religious exemptions**, conceding sincerity.<br><br>No evidence controverts sincerity. | **Prong 1:** Burdening conceded religious exercise triggers Free Exercise.<br>**Prong 2:**Sincerity deference clearly established (*Thomas*, *Hobby Lobby*). |
| **2. Defendants granted religious exemptions to all Plaintiffs.** | "Undisputed." | Established by admissions. | **Prong 1:** Exemptions + denial of accommodation = burden.<br>**Prong 2:**Clearly established that exemptions do not end Free Exercise analysis (*Lukumi*). |
| **3. No accommodation allowed Plaintiffs to remain firefighters.** | "Disputed—leave/reassignment offered." | Termination, unpaid leave, or resignation is **not** accommodation. No evidence of continued-work accommodation. | **Prong 1:** Denial of accommodation = substantial burden.<br>**Prong 2:** Clearly established that exclusion is not accommodation (*Holt*). |
| **4. Plaintiffs were terminated/constructively discharged for lack of accommodation.** | "Disputed—voluntary choice." | Forced choice ≠ voluntary. No evidence of an option to keep the job with accommodation. | **Prong 1:** Coercive exclusion violates Free Exercise.<br>**Prong 2:** Clearly established (*Sherbert*, *Holt*). |

| Plaintiffs' Fact | Defendants' Response | Why Not a Genuine Dispute (Rule 56) | Why QI Fails (Both Prongs) |
|---|---|---|---|
| **5. Unvaccinated mutual-aid firefighters worked in Spokane.** | "Disputed—different employers." | Employment status is immaterial. Ninth Circuit relied on this fact. | **Prong 1:** Underinclusiveness defeats general applicability. **Prong 2:** Clearly established (*Lukumi*, *Tandon*). Law-of-the-case forecloses dispute. |
| **6. Unvaccinated private EMTs worked alongside City firefighters.** | "Disputed—different regulatory scheme." | Regulatory labels don't negate identical risk. Ninth Circuit relied on this fact. | **Prong 1:** Secular exceptions trigger strict scrutiny. **Prong 2:** Clearly established (*Fulton*, *Roman Catholic Diocese*). |
| **7. Defendants used Title VII 'undue hardship,' not strict scrutiny.** | "Disputed—Proclamation allowed it." | What matters is **what was applied**. Record shows Title VII standard used. | **Prong 1:** Wrong standard = constitutional violation. **Prong 2:** Clearly established that constitutional scrutiny cannot be replaced by Title VII (*Lukumi*). |
| **8. Policy was not neutral or generally applicable.** | "Undisputed as alleged; scope disputed." | Ninth Circuit **held** lack of general applicability. | **Prong 1:** Violation established. **Prong 2:** Law-of-the-case + long-standing precedent removes any ambiguity. |
| **9. Strict scrutiny applies.** | "Undisputed as to holding." | No factual dispute. | **Prong 2:** Officials are charged with knowledge of binding appellate law; cannot claim reasonable mistake. |

| Plaintiffs' Fact | Defendants' Response | Why Not a Genuine Dispute (Rule 56) | Why QI Fails (Both Prongs) |
|---|---|---|---|
| **10. Policy was not narrowly tailored.** | "Disputed—public health." | Justification ≠ tailoring. No evidence explaining tolerance of secular exceptions. | **Prong 1:** Failure of narrow tailoring. **Prong 2:** Clearly established that underinclusive policies fail (*Lukumi*). |
| **11. Less restrictive alternatives existed (testing, masking, etc.).** | "Disputed—infeasible." | No evidence of infeasibility. Bare assertions fail Rule 56(c). | **Prong 1:** Failure to use least restrictive means. **Prong 2:** Clearly established (*Holt*; *Roman Catholic Diocese*). |
| **12. Defendants cannot satisfy strict scrutiny as applied.** | "Disputed—liability." | Legal disagreement ≠ factual dispute. | **Prong 1:** Violation shown. **Prong 2:** Clearly established law makes violation obvious; QI unavailable. |

# ONE-PARAGRAPH BENCH FINDING

**Qualified immunity does not apply.** The Ninth Circuit has already held that Defendants' implementation of the mandate was not generally applicable and that strict scrutiny governs. Long before the events at issue, Supreme Court precedent clearly established that denying religious accommodation while tolerating secular exceptions violates the Free Exercise Clause (*Lukumi*, *Holt*, *Fulton*). Defendants identify no admissible evidence creating a genuine dispute of material fact, and no reasonable official could believe it lawful to exclude religious objectors while permitting unvaccinated secular actors to perform the same work. Accordingly, Defendants are not entitled to qualified immunity as a matter of law.