J. Chad Mitchell, WSBA #39689
Jesse L. Taylor, WSBA #51603
Vanessa Williams-Hall, WSBA #54308
Molly Gibbons, WSBA #58357
Monica Romero, WSBA # 58376
Hathaway Burden, WSBA #52970
Summit Law Group, PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104-2682
(206) 676-7000
*chadm@summitlaw.com*
*jesset@summitlaw.com*
*vanessaw@summitlaw.com*
*mollyg@summitlaw.com*
*hathawayb@summitlaw.com*
*monicar@summitlaw.com*

Attorneys for Defendants

The Hon. Thomas O. Rice

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

MICHAEL BACON, et al.,

Plaintiffs,

v.

NADINE WOODWARD, et al.,

Defendants,

CASE NO. 2:21-cv-00296 TOR

DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 1
CASE NO. 2:21-cv-00296 TOR

# I.    INTRODUCTION

In accordance with the Court's Order on Defendants' Motion to Strike, ECF No. 180, Defendants respectfully submit this sur-reply. Summary judgment is inappropriate because there are genuine issues of material fact. Accordingly, Plaintiffs' motion for summary judgment should be denied.

# II.    ARGUMENT

Defendants respond below to the new declarations.

## A.    Arnold Decl. (ECF No. 170)

There are four key arguments made from the Woodward deposition transcript attached to the Arnold Declaration, ECF No. 170.

### 1.    The City accepted Plaintiffs' religious exemptions.

Plaintiffs argue that the City cannot revisit Plaintiffs' religious sincerity because the City granted their religious exemptions. ECF No. 169 at 6-11. Plaintiffs cannot establish the existence of sincerely held religious beliefs by relying on the fact that their employer granted their requests for a religious exemption. ECF No. 159 at 6-10. At the summary judgment stage, Plaintiffs bear the burden of setting forth evidence establishing that their objections to the vaccine were religious in nature, sincerely held, and substantially burdened by the City's implementation of the Governor's Proclamation, which Plaintiffs fail to do. *Id.*

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**2.      Mayor Woodward did not discuss with others various ways the City could accommodate firefighters.**

Plaintiffs argue that the City did not consider, and Mayor Woodward did not discuss with other employers of firefighters (e.g., other mayors), how the City could accommodate its firefighters, including through testing, masking, social distancing, and natural immunity. ECF No. 169 at 12-13.

Mayor Woodward testified at her deposition that she relied on members of her team (e.g., human resources, legal, and the fire department) to analyze these various factors to make a recommendation to her regarding whether firefighters could be accommodated in their jobs of hire. Mitchell Decl., Ex. A, Woodward Deposition Tr. 17:8-20:24; 23:16-27:8; 45:17- 47:13; 91:13-92:1. The City's team implementing the Governor's Proclamation considered these factors (and others) in attempting to accommodate City firefighters:

- **Spokane Fire Department Medical Director, Dr. Edminster** considered regular testing using antibody or serology and determined this approach was less effective than requiring vaccinations to protect public health. He also noted that the CDC and FDA did not recommend this approach either. ECF No. 54-3 ¶ 14. Dr. Edminster opined that vaccination was superior to and less restrictive than masking and social distancing as EMTs routinely enter homes of the

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

vulnerable and ill. *Id.* ¶ 12. Regarding natural immunity, Dr. Edminster stated: "The best medical evidence suggests that natural immunity is less robust than vaccine immunity. Medical science is currently unable to predict how long natural immunity would last, and until its duration can be reliably established, it cannot be considered a vaccine substitute." *Id*. ¶¶ 13, 15, & Ex. 7.

- **Assistant Fire Chief Tom Williams (now the City's fire chief)** described how the City examined using masks, social distancing, and testing as potential reasonable accommodations and determined that the "increased threat to employee and public safety and health that is caused by allowing unvaccinated members to continue as EMTs/Paramedics" was too great. ECF No. 54-7 ¶¶ 8 – 24.

- **Deputy Fire Chief, Support Services, Jay Atwood** explained that when considering potential reasonable accommodations for job of hire, the City considered, *inter alia*, job descriptions, classification, and essential functions of EMT/Paramedic; OSHA vaccine requirements; DOH and CDC quarantine requirements for unvaccinated EMTs who have COVID; financial costs; number of COVID cases in the fire department; costs of COVID testing and

DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 4
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

masking, including logistics; time off for testing; and testing verification and oversight. ECF No. 54-11 ¶¶ 4-17 and Exs. 1 – 7.

- **Human Resources Director, Meghann Steinolfson** described the analysis the City did to try and accommodate the 52 exemption requests it received, including "the position's essential functions and unique work environment, the safety and health risks posed by COVID-19 to employees, their families, and our community, the financial cost of COVID-19 including workers compensation claims, increased leave usage, overtime, PPE, testing, and potential claims." ECF No. 54-5 ¶¶ 4-17 and Exs. 4 – 28.

- **City Attorney Michael Ormsby** analyzed the increased risk of potential liability to the City to determine whether the City could reasonably accommodate unvaccinated EMTs in their jobs of hire. ECF No. 54-9 ¶¶ 2-11 and Exs. 1-2.

Based on this information and analysis, "the City concluded that due to transmissibility of the Delta variant and high infections in the community, the City was not able to assume the cost and risk of having unvaccinated EMTs and Paramedics continue in their current positions and compromise the safety of the workplace and community members." ECF No. 161 ¶ 7.

DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 5
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**3.    Defendants took no steps to ensure unvaccinated firefighters did not enter the City.**

Plaintiffs argue that Defendants took no "reasonable or meaningful steps to 'ensure' that only vaccinated firefighters would enter the City." ECF No. 169 at 13.

As Chief Schaeffer previously explained, the best efforts the City used to ensure unvaccinated firefighters did not enter the City were as follows:

- Required neighboring jurisdictions, that were subject to Automatic Aid Response Agreements, and AMR to take responsibility for compliance with the Governor's Proclamation for their employees (ECF No. 161 ¶¶ 35 – 38, 40-41, 44, 49-51);

- Required Spokane County Fire District 8, Spokane County Fire District 9, Spokane Valley Fire District, and AMR to sign, the Contractor's Certification that they would use their "best faith efforts" or "reasonable efforts" to comply with the Governor's Proclamation for their employees (ECF No. 161 ¶¶ 38, 43, 45, 54 and Exs. 14, 18-19, 22);

- Worked with outlying jurisdictions to not send unvaccinated firefighters into the City (ECF No. 161 ¶¶ 39, 42, 45);

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

- Minimized its use of Mutual Aid requests from other jurisdictions while the Governor's Proclamation was in effect. ECF No. 161 ¶¶ 23-24.

While the City had no control over the accommodation decisions made by other employers, it did use these best efforts to ensure unvaccinated individuals were not responding to medical emergency calls in the City.

### 4. CAD did not take vaccination status into account.

Plaintiffs argue that CAD did not take vaccination status into account. ECF No. 169 at 17. That is correct. ECF No. 161 ¶¶ 33-34. And, as Chief Schaeffer explained, the Spokane Fire Department determined that continuing the Automatic Aid Response Agreements/CAD during the mandate was better in terms of health and safety to the public than opting out of the Automatic Aid Response Agreements. *Id*. ¶¶ 47-48.

## B. Thorman Decl. (ECF No. 173)

First, the data provided from CAD by Mr. Thorman does not delineate between vaccinated or unvaccinated firefighters. ECF No. 173 ¶ 15; Declaration of Williams in Support of Sur-reply ¶ 7. Second, it is almost impossible to know which of these calls included unvaccinated FFs, because you would need to know who was on the equipment dispatched and whether they were vaccinated. Williams Sur-reply Decl. ¶ 7. Third, during this same time frame, the City's firefighters

DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 7
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

handled 51,766 responses—significantly more than the 3,133 handled by non-City-employee firefighters, which means that no out-of-jurisdiction firefighters arrived on scene to 94% of the calls in the City. *Id*. ¶¶ 5-6. Potentially having unvaccinated City firefighters on 51,766 City responses was far more dangerous and concerning than having some small subset of the 6% of non-City responses be from unvaccinated firefighters. *Id*.; ECF No. 161 ¶¶ 47-48.

**C.    Dean Decl. (ECF No. 172)**

A similar analysis holds true for the data provided by District 9 regarding Mr. Dean. During this same timeframe, the City's firefighters handled significantly more responses—33,152—relative to the responses by non-City-employee firefighters—1,293—which means that no District 9 firefighters arrived on scene to 96% of the calls in the City. Williams Decl. ¶¶ 9-10.

Additionally, some of Mr. Dean's runs did not result in him providing emergency services in the City. *Id*. ¶¶ 11.

**D.    Fuller Decl. (ECF No. 174)**

Plaintiffs' argument here is the same as the one already addressed regarding the Arnold Declaration. *See supra* argument in Section A.1.

**E.    Cates Decl. (ECF No. 175)**

Chief Cates explains in his second declaration that, due to damage to District 9's station, the City of Spokane agreed that District 9 could temporarily use City

DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 8
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Station 18. ECF No. 175 ¶¶ 4-9. Chief Cates says that many firefighters from District 9 who were not vaccinated were stationed at City Station 18. *Id.* ¶ 11. If what Chief Cates says in his declaration is true, that is entirely different than what the City understood was going to happen when the City agreed to allow District 9 firefighters to use Station 18 while District 9's station was damaged: only vaccinated personnel from District 9 would be housed at Station 18. Williams Sur-reply Decl. Ex. B (May 17, 2022 email from Kyle Chase, SFD Logistics to, among others, Tom Williams, stating: "D9 will only be rehousing COVID vaccinated personnel at St. 18."). Additionally, it appears that District 9 did not keep (unvaccinated) Mr. Dean on Engine 99 when that apparatus and crew were moved to and temporarily housed at City Station 18. *See* ECF No. 175 ¶¶ 4-7 (Chief Cates noting that District 9's Engine 99 was stationed at City Station 18 because District 9's station was damaged); Williams Decl. Ex. B (Kyle Chase email communicating that on May 18, 2022, Engine 99 was "up and running" from City Station 18, which was to last for approximately 2-3 weeks); ECF No. 172 at Exhibit C at 13 (entries on May 19, 22, and 31 showing Mr. Dean associated with apparatus other than "E99" (Engine 99) during this same time frame that Engine 99 was operating from City Station 18).

DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 9
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## III.    CONCLUSION

Defendants respectfully request that the Plaintiffs' Partial Motion for Summary Judgment be denied.

DATED this 17th day of April 2026.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC

By *s/ J. Chad Mitchell*
J. Chad Mitchell, WSBA #39689
Jesse L. Taylor, WSBA #51603
Vanessa Williams-Hall, WSBA #54308
Molly Gibbons, WSBA #58357
Hathaway Burden, WSBA #52970
Monica Romero, WSBA # 58376
315 Fifth Avenue S., Suite 1000
Seattle, WA  98104-2682
(206) 676-7000
*chadm@summitlaw.com*
*jesset@summitlaw.com*
*vanessaw@summitlaw.com*
*mollyg@summitlaw.com*
*hathawayb@summitlaw.com*
*monicar@summitlaw.com*

DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 10
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nathan J. Arnold
Arnold Jacobowitz & Alvarado PLLC
720 Seneca Street, Suite 107, No. 393
Seattle, WA 98052
*nathan@AJALawyers.com*

Dennis McGlothin
Western Washington Law Group, PLLC
10485 NE 6th St., #2620
Bellevue, WA 98004
*docs@westwalaw.com*

**Attorneys for Plaintiffs**

DATED this 17th day of April, 2026.

*s/ De'Chanelle Ennis*
De'Chanelle Ennis

DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT - 11
CASE NO. 2:21-cv-00296 TOR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001