FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL BACON, et al.,<br><br>                    Plaintiffs,<br><br>    v.<br><br>NADINE WOODWARD, et al.,<br><br>                    Defendants. | NO. 2:21-CV-0296-TOR<br><br>ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiffs' Motion for Partial Summary Judgment (ECF No. 132). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiffs' Motion for Partial Summary Judgment (ECF No. 132) is DENIED.

## BACKGROUND

This case arises out of claims under 42 U.S.C. § 1983 for violations of the Free Exercise Clause and the Equal Protection Clause, as well as claims under Title VII, failure to accommodate under Washington Law Against Discrimination,

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

and breach of contract.  ECF No. 109 at 29-49.  It is alleged that Defendants' enforcement of Washington's vaccination mandate that required Washington State Health Care Providers ("HCPs") to be fully vaccinated against COVID-19 was a violation of Plaintiffs' First Amendment rights.  ECF No. 109.  Defendants failed to recognize Plaintiffs' religious beliefs that prevented them from receiving COVID-19 vaccines and Defendants failed to provide accommodations or other exemptions.  *Id.*

On August 9, 2021, the Washington State Governor, issued Proclamation 21-14 which was superseded on August 20, 2021, with the issuing of Proclamation 21-14.1 (the initial and amended versions referred to as the "Proclamation").  ECF No. 109 at 3-4.  This Proclamation was superseded numerous times on September 24, 2021, November 24, 2021, March 23, 2022, May 20, 2022, and on October 28, 2022.  ECF No. 109 at 4.  This final Proclamation, 21-24.6 was rescinded at 11:59 p.m. on October 31, 2022.  *Id.*

The Proclamation required "all credentialed and licensed Washington State" HCPs to be fully vaccinated by October 18, 2021, ("Mandate") or receive an exemption from compliance with the Mandate to continue their practice in providing health care services.  ECF No. 109 at 4.  Fully vaccinated under the Proclamation was defined as either receiving two injections of the Moderna or Pfizer vaccine or one injection of the Johnson and Johnson vaccine with an

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

appropriate waiting time.  ECF No. 109 at 4.

Plaintiffs are either current or former firefighters employed by the City of Spokane Fire Department.  ECF No. 133 at 1.  Plaintiffs are licensed Health Care Providers ("HCP").  *Id.*  Plaintiffs submitted requests for religious exemptions from the COVID-19 vaccination mandate.  ECF No. 133 at 2.  These applications required each employee to apply either on a health or religious basis with supporting documentation.  ECF No. 133 at 2.  Defendants granted religious exemptions for each Plaintiff.  *Id.*  Each Plaintiff was qualified for their job duties at the time they were separated from the public job, other than providing proof of full vaccination, as required under the Mandate.  ECF No. 133 at 2.

Unvaccinated Individuals were provided with options such as applying for a different job, leave, resignation, retirement, separation, or layoff.  ECF No. 161 at 4.  Some individuals such as Plaintiffs Tim Wheeler, Matt Norton, and Joe Howarth, were terminated after accommodation was denied.  ECF Nos. 141 at 1-2, 139 at 2, 136 at 1-2, 135 at 1-2.  Moreover, some individuals such as Plaintiffs Tim Wheeler and Joe Howarth then moved to a neighboring district where they were granted accommodation to complete the same or similar duties within the City under the mutual aid agreement for a different employer.  ECF Nos. 141 at 4-5, 136 at 1-6; 135.

The American Medical Response ("AMR") respond to "tens of thousands of

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

calls per year while providing emergency services in the City of Spokane." ECF No. 133 at 3. The AMR had a contract with the City for their employees who are HCPs to provide emergency health care services to individuals in the City. ECF No. 109 at 26. The AMR "shall put the interest of the patient first, e.g., if an unvaccinated crew with an approved accommodation is closer to a cardiac arrest or other time critical call, that unvaccinated crew will respond." ECF No. 133 at 5.

AMR Regional Director, Western Region, Paul Priest, sent an email on October 15, 2021, to Defendant SFD Chief Brian Schaeffer and Mike Lopez regarding the Proclamation and the Mandate. ECF No. 133 at 3-4. This email stated that there are 38 employees who had qualified for accommodation under the Proclamation and had been provided accommodations to maintain their safety and safety of the community. ECF No. 133 at 4. In the email, Priest states the impairment of their service to the community if these providers are not allowed to work and requested clarity on the City regarding the ability of HCPs to work with reasonable accommodations pursuant to the Proclamation. ECF No. 133 at 4.

Additionally, the City of Spokane ("the City") had a mutual aid agreement for HCPs to provide health care services in the City. ECF No. 109 at 26-27. This allowed neighboring districts and participants in the aid agreement to provide care units in the City to address calls as necessary. ECF Nos. 109 at 26-27; 160 at 6-7. Neighboring districts and providers were required to be in compliance with the

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

Mandate and the Proclamation.  ECF Nos. 133 at 6; 160 at 3, 6.

Previously, this Court granted Defendants' Motion for Judgment on the Pleadings and dismissed the federal claims with prejudice and state law clams without prejudice.  ECF No. 78.  However, Plaintiffs appealed and affirmed this Court's decision except to the as applied Free Exercise claim.  ECF No. 86-91.  Instead, the Ninth Circuit vacated the judgment on that federal claim and the state-law claims.  *Id.*

Now, Plaintiffs moved for Partial Summary Judgment on the issue of liability against Defendants Mayor Nadine Woodward, Spokane Fire Chief Brian Schaeffer, and the City of Spokane regarding the as-applied claims under the First Amendment Free Exercise Clause.  ECF No. 132 at 2.  Defendants oppose this Motion.  ECF No. 155.

## DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 56 provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56.  A material fact is one that "might affect the outcome of the suit."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "A material fact is 'genuine'…if the evidence is such that a reasonable jury could return a verdict for

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

the nonmoving party." *Id.*  The burden initially rests with the moving party; however, once that burden is met, it shifts to the non-moving party.  *Id.* at 257.

"[S]ummary judgment should be granted where the evidence is such that it 'would require a directed verdict for the moving party.'"  *Anderson*, 477 U.S. 242, 251 (1986) (quoting *Sartor v. Arkansas Gas Corp.,* 321 U.S. 620, 624 (1944)). Additionally, if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof" then the moving party is "entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56).

The Court "must view the evidence in the light most favorable to the nonmoving party."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  In other words, if the moving party provides direct evidence that conflicts with the non-moving party's direct evidence, the court "must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."  *T.W. Elec. Serv.,* 809 F.2d at 631.  Additionally, the Court shall state the reasons for granting or denying the motion on the record.  FED. R. CIV. P. 56.

**B. The Law of the Case Doctrine & General Applicability**

Under the law of the case doctrine, Plaintiffs argue that the holding in *Bacon v. Woodward*, 104 F.th 744, 751-53 (9th Cir. 2024) shows that Defendants

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

implementation of the COVID-19 vaccine mandate was not generally applicable and strict scrutiny governs. ECF No. 132 at 2.

> The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case. The doctrine is a judicial invention designed to aid in the efficient operation of court affairs. Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case. For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition.

*United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (quoting *Herrington v. County of Sonoma,* 12 F.3d 901, 904 (9th Cir. 1993)). However, there are exceptions, such as "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) (quoting *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998)).

First, Plaintiff alleges that the Ninth Circuit held in *Bacon v. Woodward*, 104 F.4th 744 (9th Cir. 2024) that strict scrutiny is applicable because "[s]pokane's implementation of the policy was not generally applicable." ECF No. 132 at 12. Defendants respond that the law of the case doctrine does not apply. ECF No. 155 at 4-6. Defendants state it does not apply because the Ninth Circuit reversed the

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 7

Court's dismissal of Plaintiffs' Free Exercise claim on the pleadings in this case. ECF No. 155 at 4. Defendants contend that the Court must consider Defendants' evidence in opposition rather than only the pleadings as the previous appellate decision did. ECF No. 155 at 4-5. Additionally, Defendants argue that the City's implementation of the vaccine mandate is subject to rational basis review and survives the same. ECF No. 155 at 6-13. In short, the Mandate was neutral and generally applicable. ECF No. 155 at 13-25.

In *Bacon,* the Ninth Circuit stated that "a law burdening religious exercise is subject to 'the most rigorous of scrutiny' unless it is both neutral and generally applicable." *Bacon*, 104 F.4th at 750–51 (quoting *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.,* 82 F.4th 664, 690 (9th Cir. 2023)). "[F]ailure to satisfy one requirement is a likely indication that the other has not been satisfied." *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah.*, 508 U.S. 520, 531–32 (1993).

A law can fail for general applicability in two ways. One is if a law " 'invite[s]' the government to consider the particular reasons for a person's conduct by providing 'a mechanism for individualized exemptions.'" *Fulton v. City of Philadelphia, Pennsylvania*, 593 U.S. 522, 533 (2021) (quoting *Emp. Div., Dep't of Hum. Res. of Oregon v. Smith*, 494 U.S. 872, 884 (1990)) (internal quotations omitted). The second way is if the law "prohibits religious conduct while

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8

permitting secular conduct that undermines the government's asserted interests in a similar way." *Fulton*, 593 U.S. at 534.

In *Bacon*, the Ninth Circuit held that the firefighters plausibly plead that the proclamation was not generally applicable as applied to the firefighters. *Bacon*, 104 F.4th at 751-52.  The Court stated

> The Complaint alleges that, once unvaccinated firefighters were terminated, Spokane would turn to firefighters from neighboring fire departments to fill the gaps left by the firefighters' departure even though those fire departments granted religious accommodations to their employees. In other words, Spokane implemented a vaccine policy from which it exempted certain firefighters based on a secular criterion—being a member of a neighboring department—while holding firefighters who objected to vaccination on purely religious grounds to a higher standard.

*Bacon v. Woodward*, 104 F.4th 744, 751 (9th Cir. 2024).  In short "[h]ad Spokane subjected unvaccinated out-of-department firefighters to the same standard, its implementation of the vaccine policy might well be generally applicable." *Bacon*, 104 F.4th at 752.

The Ninth Circuit determined there were facts that demonstrated the lack of general applicability.  The Court will not ignore opposing evidence; however, Defendants cannot ignore pleaded facts that established this if there is evidence to support it.  *See ex. Johnson v. Fliger*, 2026 WL 482669, at *6 (E.D. Cal. Feb. 20, 2026) (applying the law of the case denying consideration of the issue of redressability where the issue of standing was resolved).

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 9

Defendants argue that during the pandemic, the City did not issue mutual aid requests for EMS calls, use the mutual aid agreement or automatic aid response agreements to supplement part of its force that was not vaccinated.  ECF No. 155 at 22.  Defendants suggest that the surrounding out-of-department firefighters that were used for support in the City were vaccinated or in compliance with the Mandate.  ECF No. at 21.  Defendants contend that the City did not have the ability to control whether third parties accommodated individuals, however, the City went beyond the requirements of the Proclamation and required additional requirements for contractors to pursue the Proclamation goals.  ECF No. 155 at 23.

However, Defendants' arguments appear to miss the point of the Ninth Circuit's findings.  Defendants' argument is precisely part of the issue.  The City allowed unvaccinated individuals from a neighboring district (a secular reason) to complete the same emergency duties that unvaccinated individuals with religious exemptions as SFD employees were not allowed to complete.  The same individual could complete the same job and duties as an employee of a neighboring district but not for the SFD.  This shows that the law is not generally applied but instead the City is providing harsher limitations on its own employees rather than the neighboring districts.  Specifically, the City would not grant accommodation for religious exemptions but would allow neighboring firefighter employees with religious exemptions and accommodations but unvaccinated to engage in the same

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 10

duties in the City.  The fact that the neighboring unvaccinated individuals were compliant with the Proclamation misses the point that the City would not grant the same unvaccinated individuals any accommodation for the same or similar job. The only difference between these individuals was the employer of the individual.

Furthermore, while the City does not have control over the accommodation process of neighboring districts, it does have control of its own accommodation process and supplementation of emergency response units.  The City did not require the neighboring districts who supply support to prevent unvaccinated individuals to work on these calls nor did the City allow for accommodations, other than requiring reassignment, separation from the job, or vaccination, for religiously exempt individuals under its employment.  The standard was not generally applied.

Plaintiffs argues that the evidence including declarations proves that the out-of-department firefighters were not vaccinated.  ECF Nos. 169 at 3-4; 160 at 3-4. For example, Joe Howarth, previously worked at SFD from March 6, 2017, to October 18, 2021.  ECF No. 136 at 1-2.  He applied for religious exemption and was granted but denied accommodation. ECF No. 136 at 2.  He was then hired by Spokane County Fire District 9 ("D9") as a firefighter/paramedic.  ECF No. 136 at 2.  He was granted religious exemption and accommodation at D9.  *Id.*  Howarth states he responded to medical emergency calls in Spokane "performing the same

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 11

emergency medical services for which Spokane Fire Department prohibited me from performing." ECF No. 136 at 3.

Isaiah Dean, worked at the SFD from March 17, 2017, until October 18, 2021. ECF No. 135 at 1. His situation closely follows Joe Howarth. ECF No. 135 1-3. Dean provided emergency services in Spokane as an unvaccinated religiously exempt and accommodated employee of D9. ECF No. 135 at 1-3. A public records request shows that Dean responded to numerous emergency calls within Spokane between March 26, 2022, and October 31, 2022. ECF No. 172 at 11-20.

As a result, the Court ensured that Defendants' arguments were considered and that the Court considered the evidence based on the summary judgment standard. However, Defendants failed to provide new arguments that show *Bacon v. Woodward*, 104 F.th 744, 751-53 (9th Cir. 2024) should not apply to this case. The issue is the same and Plaintiffs provided sufficient evidence to support that the City allowed unvaccinated individuals from neighboring districts to practice medical emergency services as they did before being terminated from SFD. Moreover, Defendants did not provide any dispute of material fact. As the Ninth Circuit stated, the Proclamation was not generally applied. *Bacon v. Woodward*, 104 F.th 744, 751-53 (9th Cir. 2024).

### C. Neutrality

Next, Defendants argue that the Proclamation is neutral. ECF No. 155 at 13-

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 12

14.  Plaintiffs responds that underinclusivity renders the Proclamation as failing both neutrality and general applicability.  ECF No. 165 at 5.

A law is not neutral "when it proceeds in a manner intolerant of religious beliefs or restricts practices because of their religious nature."  *Fulton*, 593 U.S. at 533.  A law is not neutral if "it is specifically directed at religious practice", "discriminate[s] on its face, or if a religious exercise is otherwise its object."  *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 526 (2022) (quoting *Emp. Div., Dep't of Hum. Res. of Oregon v. Smith*, 494 U.S. 872, 878 (1990); *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah.*, 508 U.S. 520, 533 (1993)) (internal quotations).

"To determine the object of a law, we must begin with its text[.]"  *Lukumi*, 508 U.S. at 533.  Additionally, "the effect of a law in its real operation is strong evidence of its object", however, this does not automatically lead to "impermissible targeting."  *Lukumi*, 508 U.S. at 535.

Plaintiffs argue that a policy that is underinclusive results in a policy failing to be neutral and generally applicable.  Plaintiffs cite *Lukumi* and *Fulton* as support.  ECF No. 169 at 5; *Lukumi Babalu Aye, Inc. v. City of Hialeah.*, 508 U.S. 520 (1993); *Fulton v. City of Philadelphia, Pennsylvania*, 593 U.S. 522, 533 (2021).  However, the case law does not state that.  Instead, in *Lukumi*, the U.S. Supreme Court stated that "[n]eutrality and general applicability are interrelated,

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 13

and …. failure to satisfy one requirement is a likely indication that the other has not been satisfied." *Lukumi*, 508 U.S. at 531. Therefore, the finding of underinclusivity does not result in the finding of a policy failing neutrality. Plaintiffs did not effectively establish that the Proclamation was neutral.

However, because the law was not generally applied, the law is subject to strict scrutiny. *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 526 (2022) ("Failing either the neutrality or general applicability test is sufficient to trigger strict scrutiny.").

**D. Strict Scrutiny**

Plaintiffs argue that strict scrutiny governs, and Defendants cannot meet this requirement because the policy was not narrowly tailored and there were less restrictive alternatives available. ECF No. 132 at 12-16. Next, Plaintiffs argue that Defendants applied the wrong legal framework. ECF No. 132 at 16-20. However, Defendants contend that if it is deemed that strict scrutiny applies, summary judgment should still be denied because there are genuine issues of material fact regarding whether there were less restrictive means, and whether the mandate was underinclusive. ECF No. 155 at 25-33. Moreover, qualified immunity is applicable. ECF No. 155 at 33-36.

Strict scrutiny is met if the government policy "advances 'interests of the highest order' and is narrowly tailored to achieve those interests." *Fulton*, 593

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 14

U.S. 522, 541 (2021) (quoting *Lukumi*, 508 U.S. at 546). In other words, if "the government can achieve its interests in a manner that does not burden religion, it must do so." *Fulton*, 593 U.S. at 541.

"'The least-restrictive-means standard is exceptionally demanding,' and it requires the government to 'sho[w] that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting part[y].'" *Holt v. Hobbs*, 574 U.S. 352, 364–65 (2015) (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 728 (2014)). Moreover, "[I]f a less restrictive means is available for the Government to achieve its goals, the Government must use it." *Holt*, 574 U.S. at 364–65 (quoting *United States v. Playboy Entertainment Group, Inc.,* 529 U.S. 803, 815 (2000)).

Additionally, "a statute is not narrowly tailored if it is either underinclusive or overinclusive in scope." *IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1125 (9th Cir. 2020). The burden is on the government to prove that strict scrutiny is met. *Mahmoud v. Taylor*, 606 U.S. 522, 564 (2025).

The parties do not dispute that there is a compelling government interest. The compelling government interest is to stem COVID-19's spread. ECF No. 109 at 25.

a. Narrowly Tailored

Plaintiffs argue that the policy was not narrowly tailored because it was

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 15

underinclusive as the Ninth Circuit explained.  ECF No. 132 at 14.  Defendants responds that they treated their own employees the same as neighboring districts, by allowing those with religious exemptions and accommodations to continue to provide emergency care.  ECF No. 155 at 32-33.

"Underinclusivity creates a First Amendment concern when the State regulates one aspect of a problem while declining to regulate a different aspect of the problem that affects its stated interest *in a comparable way*."  *Williams-Yulee v. Fla. Bar*, 575 U.S. 433, 451 (2015).  The Ninth Circuit established that the application of the Mandate was underinclusive for the same reasons that that it was not generally applicable.  As a result, it was not narrowly tailored.

    b.  <u>Least Restrictive Means</u>

Plaintiffs argue that there were least restrictive means because the surrounding districts employed those means.  ECF No. 132 at 15.  This included allowing unvaccinated but accommodated individuals to continue to perform the same duties but with a neighboring district employer.

Defendants respond that summary judgment is improper because testing, masking, temperature checks, social distancing and natural immunity are not definitively the least restrictive means to pursue the government's goal.  ECF No. 155 at 26-27.  Defendants use expert, Dr. Lynch, to argue that vaccination was the best means to slow the spread of COVID-19.  ECF No. 155 at 27.  However, this is

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 16

necessary to prove once the government defendant "demonstrates that it has actually considered and rejected the efficacy of less restrictive measures before adopting the challenged practice." *Warsoldier v. Woodford*, 418 F.3d 989, 999 (9th Cir. 2005). Defendants do not allege that. Instead, Defendants claim that these accommodations were not effective in pursuing their purpose but still allowed for those accommodations to be used for neighboring providers within the City. In other words, the accommodations the neighboring districts provided were a lesser restrictive means than requiring vaccination, providing a job change, or termination.

Defendants allowed these means to be used by the neighboring districts and in the City but not within their own employee base. This undermines Defendants' arguments and exemplifies that Defendants used lesser means. *See Warsoldier v. Woodford*, 418 F.3d 989, 1000 (9th Cir. 2005) (stating that other prisons not employing the same short hair policies despite the same compelling interest undermines the defendant's argument that their short hair policy is the least restrictive means to ensure public safety and inmate health). Defendants did not employ the same means as neighboring districts.

Additionally, Defendants argue that the neighboring methods were not as effective. However, for that assertion to be consistent, Defendants would strictly restrict neighboring districts from allowing unvaccinated individuals to provide

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 17

emergency services in the City.  However, that is not what Defendants did.  In short, Defendants argue that neighboring district's employed means that were not effective but then still allowed these unvaccinated and accommodated individuals to provide emergency care in the City.  This is not a genuine dispute because it is simply a contradiction of Defendants' actions or statements.  As a result, Defendants do not establish a genuine dispute of material fact or meet their burden establishing that the least restrictive means were considered and employed.

### E. Qualified Immunity

Plaintiffs contend that qualified immunity is not available because Defendants violated Plaintiffs' Free Exercise Rights and the law was clearly established.  ECF No. 132 at 17.

If a plaintiff brings § 1983 claims against an individual officer, it must exhibit two things.  "(1) a federal right has been violated and (2) the right was clearly established at the time of the violation."  *Horton*, 915 F.3d at 599 (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).  To allege that a law or right was clearly established, it must be proven that "at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful."  *Villanueva v. California*, 986 F.3d 1158, 1165 (9th Cir. 2021) (citing *D.C. v. Wesby*, 583 U.S. 48, 63 (2008)).  "While there does not have to be a case directly on point, existing precedent must place the lawfulness of

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 18

the [conduct] beyond debate." *Villanueva*, 986 F.3d at 1165 (citing *D.C. v. Wesby*, 583 U.S. 48, 63 (2018)) (internal quotations omitted).

However, Defendants argue that summary judgment for qualified immunity against the individuals is improper because Plaintiffs failed to establish their burden for both elements. ECF No. 155 at 34-35. Summary judgment is improper because, as will be discussed, there is a genuine dispute of material fact regarding the sincerity of Plaintiffs' religious beliefs. Therefore, there is a genuine dispute of material fact regarding whether Defendants violated a constitutional right. *See S. E. C. v. Seaboard Corp.*, 677 F.2d 1301, 1308 (9th Cir. 1982) (stating that summary judgment is improper where claims or defenses have common issues).

"[M]unicipalities sued under § 1983, unlike individuals, are not entitled to immunity, qualified or otherwise, and so, unlike individuals, can never be immune from trial." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019). Regarding Defendant City of Spokane, this defense is not available.

**F. Plaintiffs' Burden of Proving Sincerely Held Religious Beliefs**

Defendants argue that Plaintiffs did not establish that Plaintiffs sincerely held religious beliefs or were substantially burdened by the City's implementation of the Proclamation. ECF No. 155 at 7-11. However, Plaintiffs preemptively argue that Defendants provided religious exemptions recognizing their religious beliefs and cannot retract. ECF No. 132 at 19-20. Additionally, Plaintiffs argue

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 19

that because underinclusivity is proven, this is based on comparative treatment not belief.

There are two requirements to allege a protection under the Free Exercise clause of the First Amendment. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994), *supplemented*, 65 F.3d 148 (9th Cir. 1995). One, "the claimant's proffered belief must be sincerely held; the First Amendment does not extend to so-called religions which ... are obviously shams and absurdities and whose members are patently devoid of religious sincerity." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994), *supplemented*, 65 F.3d 148 (9th Cir. 1995) (quoting *Callahan v. Woods,* 658 F.2d 679, 683 (9th Cir. 1981) (internal quotations omitted). Two, "the claim must be rooted in religious belief, not in purely secular philosophical concerns." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994), *supplemented*, 65 F.3d 148 (9th Cir. 1995). To determine "whether a claim is 'rooted in religious belief' requires analyzing whether the plaintiff's claim is related to his sincerely held religious belief." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994), *supplemented*, 65 F.3d 148 (9th Cir. 1995) (quoting *Callahan v. Woods*, 658 F.2d 679, 683–84 (9th Cir. 1981)). Sincerity is a question of fact. *United States v. Seeger*, 380 U.S. 163, 185 (1965).

Plaintiffs allege each of Plaintiffs' religious beliefs in their Amended Complaint. ECF No. 109. However, Plaintiffs' declarations simply state that they

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 20

applied for religious exemption and were granted religious exemption.  ECF Nos. 139 at 1-2; 135 at 1-2.  However, Defendants offered deposition evidence of Plaintiffs Thorman, Norman, Harvey, Brose, and Fuller, where they alleged their sincerely religious belief with the concern of use of fetal cells.  ECF Nos. 157 at 24, 62, 37, 77, 92-93.

In other cases where religious exemptions were granted but the grantor party then challenged the sincerity of the held belief of the claimant, the Court conducted their own analysis.  *See A.A. ex rel. Betenbaugh v. Needville Indep. Sch. Dist.*, 701 F. Supp. 2d 863, 872 (S.D. Tex. 2009), *aff'd*, 611 F.3d 248 (5th Cir. 2010).  For example, in *Fisher v. Dep't of Fin. Institutions*, 2025 WL 1434366, at *1 n.1 (W.D. Wash. May 19, 2025), the Court analyzed many cases under Title VII and WLAD whether specific claims were considered sincerely held or religious.  Moreover, the court noted that plaintiffs' religious exemption was not binding on the court's determination.  *Fisher v. Dep't of Fin. Institutions*, 2025 WL 1434366, at *1 n.1 (W.D. Wash. May 19, 2025).  As a result, the Court conducted its own analysis of plaintiff's allegations to demonstrate whether there was a dispute of material fact.  *Fisher v. Dep't of Fin. Institutions*, 2025 WL 1434366, at *1 (W.D. Wash. May 19, 2025).

Defendants claim that Plaintiffs did not meet the substantial burden that they alleged each Plaintiff had a sincerely religiously held belief or that the policy

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 21

substantially burdened their belief.  ECF No. 155 at 10-11.  Defendants argues that Plaintiffs religiously held beliefs are more secular in nature.  ECF No. 155 at 10.  Defendants furthers that Plaintiffs had not provided evidence that their beliefs are sincerely held or religious in nature.  ECF No. 155 at 10-11.

Plaintiffs do not provide evidence that they sincerely hold religious beliefs beyond the allegations in the Complaint.  While Plaintiffs allege their beliefs in the Complaint, the declarations are absent of any religious beliefs.  However, Defendants provide depositions from Plaintiffs stating their beliefs previously stated.  Accordingly, whether Plaintiffs' beliefs were sincerely held or religious in nature is not a question this Court can answer.  *See ex. Piccolo v. Mayo Clinic*, 2025 WL 821773, at *8 (D. Ariz. Mar. 13, 2025).  Plaintiffs did not establish support beyond the Complaint that Plaintiffs beliefs were sincerely held religious beliefs.  As a result, summary judgment is improper.

While Plaintiffs claim that Defendants should have brought this issue on appeal, Plaintiffs fails to cite authority for this.  ECF No. 169 at 7.  Plaintiffs continues that Defendants, as employers, were not permitted to question the sincerity of Plaintiffs beliefs.  ECF No. 169 at 8-11.  While this may be true, it does not change that the determination of credibility and factual determinations of Plaintiffs' religious beliefs are not for the court to determine.

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 22

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Partial Summary Judgment (ECF No. 132) is

   **DENIED.**

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED May 15, 2026.



THOMAS O. RICE
United States District Judge

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 23