FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL BACON, et al.,<br>Plaintiffs,<br>v.<br>NADINE WOODWARD, et al.,<br>Defendants. | NO. 2:21-CV-0296-TOR<br><br>ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Defendants' Motion for Reconsideration (ECF No. 189). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion for Reconsideration (ECF No. 189) is DENIED.

**BACKGROUND**

This case arises out of claims under 42 U.S.C. § 1983 for violations of the Free Exercise Clause and the Equal Protection Clause, as well as claims under Title VII, failure to accommodate under Washington Law Against Discrimination,

and breach of contract. ECF No. 109 at 29-49. Plaintiffs moved for Partial Summary Judgment on the issue of liability against Defendants Mayor Nadine Woodward, Spokane Fire Chief Brian Schaeffer, and the City of Spokane regarding the as-applied claims under the First Amendment Free Exercise Clause. ECF No. 132 at 2. The Court denied the Motion in part due to failing to provide sufficient facts that each individual sincerely held a religious belief. ECF No. 188.

On May 29, 2026, Defendants filed a Motion for Reconsideration of the Court's Order on Plaintiffs' Motion for Partial Summary Judgment. ECF No. 189. On July 31, 2026, Defendants filed a Notice of New Authority. ECF No. 237.

## DISCUSSION

Federal Rule of Civil Procedure 59(e) governs the rules regarding a motion for reconsideration to amend or alter a judgment. Additionally, under Federal Rule of Civil Procedure 54, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment[.]" Fed. R. Civ. P. 54. Here, the Court has not issued a final order.

Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "as a rule courts should be loathe to do so in the absence of extraordinary circumstances." *Christianson v.*

*Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Therefore, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Although, unique circumstances may warrant reconsideration, too. *Sch. Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d at 1263.

Defendants argue that Plaintiffs' claims were not supported or contradicted by Defendants' evidence. ECF No. 189 at 4-11. Additionally, Defendants contend that there is an important distinction between emergency aid individuals providing care occasionally versus performing the job in the City every day and Plaintiffs did not submit evidence to support this. ECF No. 189 at 5. As a result, Defendants state the law of the case doctrine should not apply. ECF No. 189 at 6.

Additionally, Defendants filed a Notice of New Authority citing *Vale v. City of Seattle*, 2026 WL 2137824 (W.D. Wash. July 24, 2026), a Western Washington District Court case. ECF No. 237. This court considers evidence that the city did not use automatic aid responses or agreements or replace its unvaccinated employees from neighboring cities. ECF No. 237 at 13. Additionally, this court considered Plaintiffs' evidence of public events and blank vaccine cards to support its claim of under inclusivity in its vaccine mandate. ECF No. 237 at 13-15.

A district court case is not binding on another district court. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). Moreover, the evidence is distinguishable from the evidence and facts of this case. Many of the arguments in *Vale* are not at issue in this case.

The Court considered the evidence and arguments and found that they were supported. Accordingly, Defendants have not identified an intervening change in the law, submitted any new evidence, or demonstrated the Court committed clear error that was manifestly unjust. Therefore, the Court denies Defendants' Motion for Reconsideration.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Reconsideration (ECF No. 189) is **DENIED.**

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED August 24, 2026.

THOMAS O. RICE
United States District Judge